**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SOUTHERN NUCLEAR OPERATING COMPANY; ALABAMA POWER COMPANY; and GEORGIA POWER COMPANY,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No. 98-614 C** |
| **v.** | ) | |
| | ) | **Senior Judge Merow** |
| **THE UNITED STATES OF AMERICA** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' PROPOSED PRETRIAL SCHEDULE**

On April 7, 2004, this Court ordered Alabama Power Company, Georgia Power Company, and Southern Nuclear Operating Company (collectively "Southern Plaintiffs") and the Government to confer regarding a schedule for pre-trial proceedings and to submit, on or before May 7, 2004, a proposed schedule for pre-trial proceedings as required by the Court's Scheduling Order of November 8, 2002. Such proposed schedules supercede those proposed in the Joint Status Report filed by the parties on January 10, 2003, which were rendered obsolete by the stay entered on April 16, 2003.

This action was filed on July 29, 1998. Although the Government has not answered the Complaint as of the time of this filing, the Court has resolved a variety of motions for partial summary judgment, including the entry of partial summary judgment for Southern Plaintiffs on liability and the denial of motions for

partial summary judgment on the acceptance rate filed by both the Government and Southern Plaintiffs, all of which was accomplished by Order of April 7, 2004. In so doing, the Court has narrowed the issues for trial in this case to the quantum of damages suffered by Southern Plaintiffs as a result of the Government's partial breach of contract.

Southern Plaintiffs and the Government have participated in joint coordinated discovery with the other utility company plaintiffs in spent nuclear fuel cases on the so-called "acceptance rate" issues. The Government and the plaintiff utilities, including the Southern Plaintiffs, responded to each others' interrogatories and exchanged documents. Along with other plaintiff utilities, the Southern Plaintiffs took several depositions of Government witnesses. Some discovery on schedule issues may still have to be taken in this case to determine the Government's specific positions relative to the acceptance rate as it pertains to Southern Plaintiffs' damages and to update previously provided discovery. The Government chose not to take depositions of the plaintiff utilities relative to the acceptance rate issue during those proceedings, but did conduct substantial document discovery. Thus, the matters to which additional pre-trial proceedings would be addressed would appear to be limited to the incremental costs that Southern Plaintiffs have incurred and will incur in the future as a proximate result of the Government's failure to perform the contracts between the parties.

In an effort to comply with the Court's direction to counsel to confer for the purpose of reaching agreement on a proposed schedule, Southern Plaintiffs provided their proposed schedule to the Government on April 30, 2004, and contacted counsel for the Government telephonically on May 6, 2004 to determine if the Government is in agreement with Southern Plaintiffs' proposed schedule. The Government has indicated it does not agree to Southern Plaintiffs' proposal and has suggested instead a schedule that would require Southern Plaintiffs to disclose expert witness reports prior to the Government's response to Southern Plaintiffs' disclosure of damages. The Government's proposed schedule would also provide for fact and expert witness discovery to run simultaneously. The Government's proposition is inconsistent with the process described in the Court's November 8, 2002 Order and would not serve to identify the issues in dispute, and therefore narrow the scope of discovery, before expert witness discovery commences. Therefore, Southern Plaintiffs and the Government's could not reach agreement on a proposed schedule. Accordingly, the Southern Plaintiffs respectfully propose that the sequence and schedule presented in the Joint Status Report be updated consistent with the Court's Order of November 8, 2002, as set forth below.

1. Southern Plaintiffs' responses to the Government's interrogatories and requests for production of documents filed in the coordinated

discovery proceedings satisfy its obligations under RCFC 26(a)(1)(A) and (B) with regard to schedule issues.

2. Any remaining fact discovery on schedule issues shall be completed prior to the submission of Southern Plaintiffs' remaining RCFC 26(a)(1) disclosures, see paragraph 3 below.

3. **August 2, 2004:** Southern Plaintiffs' damages disclosures, see RCFC 26(a)(1)(c), containing the information required by paragraphs (a) and (b) of the November 8, 2002 Order.

4. **October 29, 2004:** Government's report in response to the Southern Plaintiffs' damages disclosure, containing the information required by paragraph (c) of the November 8, 2002 Order.

5. **October 29, 2004-December 31, 2004:** Fact discovery, including fact discovery on contested damages items, completed.

6. **January 31, 2005:** Southern Plaintiffs' experts reports due.

7. **March 2, 2005:** Government's experts reports due.

8. **April 1, 2005:** Completion of expert discovery.

9. **May 1, 2005:** Exchange of Appendix A paragraph 13(a) and (b) materials and information.

10. **May 31, 2005:** Southern Plaintiffs' Appendix A paragraph 14(a) submission.

11. **June 30, 2005:** Government's Appendix A paragraph 14(b) submission.

12. **July 29, 2005:** Pretrial Conference.

13. **August 30, 2005:** Trial.

Respectfully Submitted,

s/ M. Stanford Blanton
M. Stanford Blanton
BALCH & BINGHAM LLP
1710 6TH Avenue South
Birmingham, AL 35203
Phone: (205) 251-8100
Fax: (205) 226-8798

OF COUNSEL:

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Phone: (202) 942-5000
Fax: (202) 942-5999

Ed R. Haden
K.C. Hairston
BALCH & BINGHAM LLP
1710 6TH Avenue South
Birmingham, AL 35203
Phone: (205) 251-8100
Fax: (205) 226-8798

**CERTIFICATE OF FILING**

I hereby certify that on this 7th day of May, 2004, I caused a copy of the foregoing Plaintiffs' Proposed Pretrial Schedule to be filed electronically with the Court. Pursuant to the Court's General Order No. 2003-42, Part V., the Notice of Electronic Filing generated by the Court's Electronic Filing System at the time the foregoing was filed was automatically sent to all participants who are registered to use the Electronic Filing System. Pursuant to the Court's General Order No. 2003-42, Part V., electronic notification constitutes service under RCFC 5 and proof of service under RCFC 5.1. According to the Electronic Filing System, the following lead counsel for the opposing party in this case is registered on the Electronic Filing System:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division -- Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-6288

Attorney for Defendant

s/ M. Stanford Blanton