IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY; ALABAMA POWER COMPANY; and GEORGIA POWER COMPANY, Plaintiffs, | |
| v. | No. 98-614C (Senior Judge Merow) |
| THE UNITED STATES, Defendant. | |

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

For its answer to the first amended complaint that plaintiffs, Southern Nuclear Operating Company, Alabama Power Company and Georgia Power Company, filed on October 8, 2002, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first and second sentences of paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 1 for lack of information or knowledge sufficient to form a belief as to their truth.

2. The allegations contained in the first and second sentences of paragraph 2 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 2 to the extent supported by the Standard

Contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 2.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Denies the allegations contained in the first through third sentences of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth sentence of paragraph 9 to the extent supported by the licenses cited, which are the best evidence of their contents; otherwise denies the allegations contained in the fourth sentence of paragraph 9. Denies the allegations contained in the fifth sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the sixth sentence of paragraph 9 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the sixth sentence of paragraph 9. Denies the allegations contained in the seventh sentence of paragraph 9, which is surrounded by parenthesis, for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits.

11. The allegations contained in the first sentence of paragraph 11 are conclusions of law and plaintiff's

characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the licenses cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 11.

12. The allegations contained in the first and second sentences of paragraph 12 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 12. Denies the allegations contained in the fourth sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth; avers that plaintiff does not define the terms "safe," "isolated," or "disposal facilities."

13. Denies the allegations contained in paragraph 13 to the extent that they indicate that DOE, alone and without negotiation with the nuclear industry, developed the Standard Contract published at 10 C.F.R. § 961.11; admits that the Department of Energy and nuclear utility representatives developed the Standard Contract; admits the remaining allegations contained in paragraph 13 to the extent supported by the standard contract cited, which

is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in the first sentence of paragraph 14 to the extent supported by the standard contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14. Denies the allegations contained in the second sentence of paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. The allegation contained in the first sentence of paragraph 17 that certain fees were paid "[i]n accordance with the terms of the Standard Contract" is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied; denies the remaining allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits the allegations contained in paragraph 18 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in the first sentence of paragraph 19 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 19 to the extent supported by the preliminary determination cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19. The allegations contained in the third sentence of paragraph 19 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. Admits the allegations contained in paragraph 24 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24; avers that the "earlier acknowledgments" referred to in paragraph 24 are not cited or otherwise identified.

25. Admits the allegations contained in paragraph 25 to the extent supported by the petition for review and the court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the petition and the court decision cited,

which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. The allegations contained in the first sentence of paragraph 29 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 29 that DOE has not yet begun the disposal of SNF under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates that it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21,793, 21,794 (May 3, 1995)); otherwise denies the allegations contained in paragraph 29. The allegations contained in the third through fifth sentences of paragraph 29 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegation contained in the first sentence of paragraph 30 that there is "an ample surplus of funds available for contract performance" is plaintiff's characterization of this

action to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied; admits the remaining allegations contained in the first sentence of paragraph 30 to the extent supported by the records of Waste Fund expenditures and Waste Fund receipts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 30. Denies the allegations contained in second sentence of paragraph 30; avers that the storage and transportation of foreign reactor fuel has no bearing for comparison purposes with the storage of commercial spent nuclear fuel. The allegations contained in the third sentence of paragraph 30 are plaintiff's characterization of this action to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 are conclusions of law and plaintiff's characterization of this

action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. Defendant's response to paragraphs 1 through 36 of the complaint are incorporated by reference.

38. The allegations contained in paragraph 38 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. The allegations contained in paragraph 39 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. Denies.

42. Denies.

43. Defendant's response to paragraphs 1 through 42 of the complaint are incorporated by reference.

44. The allegations contained in paragraph 44 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. Denies.

48. Denies.

49. Defendant's response to paragraphs 1 through 48 of the complaint are incorporated by reference.

50. The allegations contained in paragraph 50 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. Denies.

54. Defendant's response to paragraphs 1 through 53 of the complaint are incorporated by reference.

55. The allegations contained in paragraph 55 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

58. Denies.

59. Denies that plaintiff is entitled to the relief set forth in the prayer for relief in paragraph 59, or to any relief whatsoever.

60. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

May 7, 2004 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of May 2004, a copy of foregoing "DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Marian E. Sullivan