IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY; ALABAMA POWER COMPANY; and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED PRE-TRIAL SCHEDULE

Pursuant to the Court's April 7, 2004 order, defendant respectfully files its proposed pre-trial schedule and requests that it be adopted by the Court. The parties have conferred about the pre-trial schedule but were unable to agree upon the dates for the activities to be undertaken in discovery because of a difference in understanding regarding how to incorporate the requirements for an audit set forth in the Court's November 8, 2002 order. Defendant agrees to the dates for the pre-trial submissions and trial proposed by plaintiffs, Southern Nuclear Operating Company, Alabama Power Company and Georgia Power Company ("Southern Nuclear").

Defendant proposes the following pre-trial schedule:

| | |
|---|---|
| September 1, 2004 | Exchange of initial disclosures, pursuant to RCFC 26(a)(1); start of discovery. |
| October 15, 2004 | Southern Plaintiffs' expert reports due. |
| January 31, 2005 | Government's expert reports due. |

| | |
|---|---|
| April 1, 2005 | Close of discovery. |
| May 1, 2005 | Meeting of counsel and exchange of information regarding witnesses and exhibits (App. A, ¶ 13(a) and (b). |
| May 31, 2005 | Plaintiffs' Memorandum of Contentions of Fact and Law (App. A, ¶ 14(a)). |
| June 30, 2005 | Defendant's Memorandum of Contentions of Fact and Law (App. A, ¶ 14(b)). |
| July 29, 2005 | Pre-trial Conference. |
| August 30, 2005 | Trial. |

Based upon discussions with counsel for Southern Nuclear, the difference between the parties' positions regarding the schedule the Court should adopt centers around the timing of the audit activities required by the Court's November 8, 2002 order and other fact and expert discovery. Southern Nuclear believes that the Court's order requires the audit activities to be conducted prior to any other discovery. The Government believes that the requirements of the Court's order can and should be fulfilled during the course of, and in conjunction with, other discovery activities. Defendant has agreed to the schedule for pre-trial submissions and trial proposed by Southern Nuclear.

The Court's November 8, 2002 order requires that any damages amounts based upon records maintained by Southern Nuclear "be set forth on separate schedules or summaries and so provided and disclosed to opposing counsel pursuant to RCFC 26(a)(1)(C) or

during the damages discovery period." Order, dated November 8, 2002, para (a). Defendant proposes that this disclosure by Southern Nuclear occur with the initial disclosures on or about September 1, 2004. The Court's November 8, 2002 order then requires that any supporting material to these schedules and summaries be produced or made available for audit. Order, para. (b). Defendant proposes that this production of supporting documents and audit occur during the course of discovery, which will begin on September 1, 2004 and end on April 1, 2005. Finally, the Court's November 8, 2002 order requires that the Government provide plaintiffs' with a statement "admitting or denying the accuracy or admissibility of each schedule or summary . . . and set forth the results of the examination or audit of the source material." Order, para. (c). The Government expects that this statement will take the form of one or more expert reports prepared by those responsible for performing the audit of plaintiffs' damages claims. This report or reports would be produced on January 31, 2005, and Southern Nuclear would be able to conduct any necessary discovery between that date and the close of discovery on April 1, 2005.

Southern Nuclear proposes that the production of the schedules and summaries, the audit of those schedules and summaries and the report of the Government's audit team be provided prior to and separate from any fact discovery that may

be necessary. In addition, Southern Nuclear proposes that the Government be required to audit its claim for damages prior to the submission of its expert report. The Government believes that this sequence of events is illogical because any audit will overlap with discovery into the bases for the experts' damages calculations. Moreover, the audit may trigger the need for additional discovery, either of fact or expert witnesses. Accordingly, a schedule that allows the audit to occur at the same time discovery is continuing will allow for the full audit of Southern Nuclear's claims and investigation of any other related matters.

Southern Nuclear also proposes that any remaining fact discovery regarding "schedule issues" that were the subject of the coordinated proceedings take place prior to the exchange of initial disclosures for damages. Pursuant to an order issued by Judge Sypolt in the coordinated discovery proceedings, the Government may still conduct depositions of Southern Nuclear's personnel regarding schedule issues. All other discovery concerning the "schedule issues" should be complete. Rather than conduct separate rounds of depositions, the Government suggests that it simply conduct its "schedule" depositions at the same time it conducts any "damages" depositions that may be necessary. In addition, due to the expected involvement of Government counsel in the trial in Yankee Atomic Electric Co. v. United

States, No. 98-126C, scheduled to begin July 12, 2004, Government counsel will be unable to undertake any effort to develop this case further until the beginning of September 2004. Accordingly, the Government proposes that discovery begin on September 1, 2004, with the exchange of initial disclosures.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

May 7, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of May 2004, a copy of foregoing "DEFENDANT'S PROPOSED PRE-TRIAL SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Marian E. Sullivan