# In the United States Court of Federal Claims

No. 98-614C
(Filed June 21, 2004)

******************************
SOUTHERN NUCLEAR *
OPERATING COMPANY, *
ALABAMA POWER COMPANY, *
GEORGIA POWER COMPANY, *
Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
Defendant. *
******************************

## ORDER

The pre-trial schedule positions submitted by the parties have been reviewed and it is noted that there exists disagreement with respect to the point at which the "audit" activity required by the November 8, 2002 Order can most efficiently be undertaken.

The purpose for the scheduling and verification of items and figures to be introduced in evidence, during the pre-trial process, is to obviate most so-called "book and records" evidence at trial. Items and figures that are needed by either party for trial evidence are subject to this procedure. For example, should plaintiffs' asserted damages include labor costs based on amounts recorded in books and records, computer tapes, etc., the costs claimed are to be scheduled, together with supporting source information. Defendant, by means of a person(s) qualified to present testimony, is to examine or audit the source, with the assistance of a qualified person(s), provided by plaintiff, who will have knowledge of the record systems(s) involved, and report the results of its examination or audit by noting agreement or disagreement that the source provided supports the items or figures scheduled. Should defendant wish to submit alternative items and figures obtained through discovery or otherwise, defendant is also required to follow the same procedure and obtain a report from plaintiff reflecting the results of plaintiffs' source examination or audit. It is obviously in the interests of both parties to save time and money by

cooperating in the verification procedure for those items and figures which either party proposes to be introduced in evidence. This procedure is somewhat akin to the practice long followed with good success in Court of Claims litigation. *See L. Rosenman Corp. v. United States*, 203 Ct. Cl. 727, 728 (1974). It is not intended that verification that a cited source supports a specified item or figure also means that the item or figure so verified is recoverable as damages. A verification will obviate the need for a party to introduce the supporting source material and resulting testimony. Trial evidence will be needed only for items and figures not verified after examination or audit during pretrial.

Accordingly, it is assumed that plaintiff is generally aware of the items and figures from its records that it will wish to introduce in evidence. It is assumed that defendant may also be aware of items and figures from records, public or otherwise, that it may wish to introduce in evidence. It was contemplated that the exchange of such schedules could occur throughout the pre-trial period as the need arises. The end result, however, will be exhibits (schedules) introduced, or to be made the subject of stipulations, which fully disclose verified items and figures together with any contested items and figures which will be the subject of trial evidence.

Considering that plaintiffs will proceed first at trial, it is concluded that plaintiffs shall so proceed in pretrial and initiate the audit process by providing defendant's counsel at the beginning of fact discovery, with a schedule(s) of the items and figures from plaintiffs' records which are to be utilized to support its claimed damages. This may be supplemented to an extent consistent with fully accomplishing the verification process during the pretrial period. Any schedule(s) submitted by defendant are subject to this same restriction. If counsel cannot agree on a schedule submission cut-off date in this respect, as pre-trial goes forward, court assistance in this regard shall be promptly requested.

Accordingly, the following pre-trial schedule, other than for the "audit" process, is established:

1. September 1, 2004
   Fact Discovery shall commence.[1/]

---

[1/] As noted above, plaintiff shall also commence the separate "audit" process by submitting its (continued...)

2. December 31, 2004
   Fact discovery shall be completed.

3. January 31, 2005
   Plaintiffs' expert reports submitted.

4. February 29, 2005
   Defendant's expert reports submitted.

5. April 1, 2005
   Completion of expert discovery.

6. Remaining schedule in accord with the parties' proposed pre-trial schedule, with trial to commence August 29, 2005.

s/ James F. Merow
James F. Merow
Senior Judge

[1/](...continued)
schedule(s) pursuant to the November 8, 2002 Order, on or before September 1, 2004.