**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**ELECTRONIC FILING**
**September 1, 2004**

| | |
|---|---|
| SOUTHERN NUCLEAR OPERATING COMPANY; ALABAMA POWER COMPANY; and GEORGIA POWER COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Civil Action No. 98-614C<br>Senior Judge Merow<br><br>Southern Nuclear Operating Company, Alabama Power Company, and Georgia Power Company's Motion for an Order Regarding Subsequent Damages Actions |

**SOUTHERN NUCLEAR OPERATING COMPANY, ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY'S MOTION FOR AN ORDER REGARDING SUBSEQUENT DAMAGES ACTIONS AND REQUEST FOR EXPEDITED CONSIDERATION**

## Introduction

Plaintiffs Southern Nuclear Operating Company ("SNC"), Alabama Power Company ("APC"), and Georgia Power Company ("GPC") (collectively "Southern"), respectfully move this Court for an Order reserving their right to bring subsequent actions for certain future damages caused by the Department of Energy's ("DOE") failure to commence disposal of Spent Nuclear Fuel ("SNF") before 2010. In particular, Southern seeks an Order that will permit it to recoup in this action all damages incurred or to be incurred through December 31, 2020, attributable to the government's partial breach of contract due to its admitted failure to commence SNF acceptance through at least 2010, but that also will allow Southern, pursuant to Section 26 of the Restatement of Judgments, to reserve to a later-filed action its right to recoup:

(a) future damages that Southern incurs subsequent to December 31, 2020, as a result of the partial breach of contract caused by the government's failure to commence SNF acceptance prior to 2010; and (b) future damages that Southern will incur as a result of any additional partial breaches of contract that would result from the government's failure to commence SNF acceptance in 2010 or thereafter. Southern also requests that the Court expedite its consideration of this Motion, holding a telephonic hearing if necessary, so that the parties may avoid unnecessary discovery if Southern's request regarding reservation of certain future damages is granted.

## **Background**

Southern seeks to recover damages resulting from DOE's breach of its unconditional obligation pursuant to the Standard Contract and the Nuclear Waste Policy Act, 42 U.S.C. § 10101, et seq., to commence SNF acceptance by January 31, 1998. This Court previously has concluded that the government will not begin performance as required under the Standard Contracts until at least 2010. See Yankee Atomic Elec. Co. v. United States, 2004 WL 1535688 at *1, n.2 ("Here breach is established and defendant admits it will not commence performance until 2010.") ("Yankee"). Such nonperformance through December 31, 2009, constitutes a partial breach of each of the Standard Contracts, including those entered by Southern. See Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1342 (Fed. Cir. 2000) ("The breach involved all the utilities that had signed the contract--the entire nuclear electric industry.") In this action, Southern is currently seeking to recover both its past and future damages flowing from the government's failure to comply with its contractual obligations through at least the year 2010.

This case involves six nuclear reactors owned in whole or in part by GPC (Edwin I. Hatch Nuclear Plant, Units 1 and 2, and Alvin W. Vogtle Electric Generating Plant, Units 1 and 2) and APC (Joseph M. Farley Nuclear Plant, Units 1 and 2). In 1983, GPC and APC, respectively, executed Standard Contracts covering each of these reactors. Beginning in the early 1990s, it became apparent that DOE likely would not be able to begin SNF disposal by the January 31, 1998, deadline mandated by the NWPA and the Standard Contract. Southern thus commenced efforts to mitigate the damages that it would suffer as a result of the government's anticipated breach of contract. Since 1995, Southern has incurred damages as a result of DOE's stated intention not to commence SNF acceptance until 2010 at the earliest, and will be forced to continue to incur damages resulting from the government's partial breach of contract for well into the future.

In accordance with this Court's Orders of November 8, 2002, April 7, 2004, and June 21, 2004, Southern for delivery today has served its initial disclosures pursuant to Rule 26(a)(1)(C) of the Court of Federal Claims Rules ("RCFC"). As explained in those disclosures, Southern's damages from the government's partial breach of contract consist both of costs already incurred in the development of alternative on-site storage space (including re-racking of spent fuel pools and the design, construction, and operation and maintenance of Independent Spent Fuel Storage Installations ("ISFSIs")), additional cask purchases, Southern's prior pursuit of alternative storage facilities (such as the Private Fuel Storage Initiative), and other costs flowing from the government's past and anticipated failure to dispose of SNF between January 31, 1998, and December 31, 2009. Southern will support such damages with existing business records and budget information, as well as expert reports and testimony.

Southern's initial disclosures presently do not include damages that will arise from any partial breach of contract that would result in the event that DOE continues to fail to comply with its contractual obligations after December 31, 2009.. Nor do Southern's initial disclosures presently include any damages caused by the government's partial breach of contract through December 31, 2009, that Southern will incur subsequent to December 31, 2020.

## Argument

### A. Plaintiff is Entitled to Prove and Recover All Damages Resulting from Defendant's Partial Breach of Contract

As this Court has held, Southern is entitled to prove at trial and recover all damages resulting from defendant's partial breach of contract, including past and future damages caused by the partial breach. See Yankee, 2004 WL 1535688 (Fed. Cl., June 28, 2004).[1] Such damages are fully recoverable under well-established principles applied by the Federal Circuit and this Court. "The most basic principle of contract remedies is that damages should put the plaintiffs 'in as good a position pecuniarily as [they] would have been in if the contract had been completely performed.'" Home Sav. of America, F.S.B. v. United States, 57 Fed. Cl. 694, 723 n.47 (Ct. Cl. 2003) (citations omitted); accord Yankee at *7 ("Contract damages are 'to place the injured party in as good a position as he or she would have been had the breaching party fully performed.'") (citing Hughes Communications Galaxy, Inc. v. United States, 271 F.3d 1060, 1066 (Fed. Cir. 2002)).

[1] In other SNF cases, including the Yankee cases, the government sought to limit damages recoverable from its admitted partial breach of contract through at least December 31, 2009, to those damages incurred between the initial date of the partial breach (January 31, 1998) and the date of the trial in that case. For the reasons articulated in this Court's June 28, 2004, decision in Yankee, the government's arguments are totally misplaced. Southern (like other utilities) is entitled under established law to recover any damages, whether incurred pre-breach, between the date of the partial breach and the date of trial, or post-trial, that are required to restore Southern to the position it would have occupied in the absence of the partial breach of contract.

This Court has already held that the government's partial breach of contract extends until at least December 31, 2009,, and therefore that Southern may recover now all damages that it can prove flow from the government's failure to perform through at least that date. Yankee at *2 ("As at the earliest, DOE will not be prepared to commence performance until 2010, evidence of damages established with reasonable certainty based on the failure to perform until that time whether they are incurred or projected, so long as they are reasonably certain and caused by prior breaches will not be precluded."). The government, acting through the Department of Energy, has recently reiterated its commitment to commence SNF acceptance from nuclear plants in 2010 and to do so at a rate ramping to 3000 MTU per year. See Annual Priority Ranking & Annual Capacity Report at 2 (DOE, July 2004). Consistent with that representation and with this Court's prior decision in Yankee, Southern intends to prove in this action all of its past and future damages flowing from the government's partial breach of contract through December 31, 2009,, except to the extent that this Court now reserves Southern's ability to claim future damages suffered after December 31, 2020, as requested in Section B below.

**B. Southern is Entitled to an Order Reserving its Right To Recover Certain Future Damages Flowing from the Government's Partial Breach of Contract in a Subsequent Action**

As the Court is aware, the government's partial breach of contract through at least 2010 has repercussions that reach well into the future. Southern is entitled to recover all damages that flow from this partial breach of contract in this action. However, Southern believes that discovery and trial in this case will be more efficient if the Court defers until a subsequent litigation Southern's right to recover: (a) future damages that Southern incurs subsequent to December 31, 2020, as a result of the partial breach of contract caused by the government's failure to commence SNF acceptance prior to 2010; and (b) future damages that Southern will

incur as a result of any additional partial breaches of contract that would result from a government failure to commence SNF acceptance in 2010 or thereafter.

Ample authority supports this Court's ability to enter an order preserving a party's right to pursue a second action to recover damages relating to a partial breach of contract that was at issue in a prior litigation. For example, section 26 of the Restatement (Second) of Judgments provides:

> "§ 26. Exceptions to the General Rule Concerning Splitting
>
> (1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> … (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action;"

Restatement (Second) Judgements § 26; see also Tennessee Valley Authority v. United States, 60 Fed. Cl. 665, 679 (Fed. Cl. 2004) (ordering that "TVA shall retain the right to bring subsequent actions for damages it sustains after the period encompassed by [the] trial."). Thus, notwithstanding the general rule against claim splitting, this Court is clearly authorized to reserve certain of Southern's future damages claims. Id.; see also TVA, 60 Fed. Cl. at 677-79. The portion of its future damages claims that Southern requests this Court to reserve are those damages flowing from the government's partial breach of contract through 2010 that Southern will incur subsequent to December 31, 2020. The 2020 end date marks a natural dividing point due to the nature of the damages Southern has and will incur and intends to prove in this case. For partial breaches through December 31, 2009,, Southern seeks primarily to establish damages relating to its establishment and maintenance of alternative SNF storage capacity (both wet and

dry) and to its pursuit of alternate storage sites. During the period extending through December 31, 2020, Southern anticipates it will have completed purchases of storage casks and the loading of casks into ISFSIs. Starting January 1, 2021, however, Southern's future damages resulting from the partial breach of contract through December 31, 2009, are expected principally to relate to the transfer of SNF to DOE and the decommissioning of Southern's reactor sites.

This Court should reserve Southern's claim for these post-2020 future damages because, although capable of proof now, the requested Order would streamline discovery and the trial in this action and would allow Southern to pursue these future damages in a subsequent case closer in time to the date when the damages are actually incurred. In particular, the extent of the costs that Southern will incur post-2020 in connection with decommissioning is dependent on when (if ever) and at what rate DOE commences performance under the Standard Contract. Therefore, those damages will be more readily established once the date on which the government actually commences performance is known.[2] For these reasons, the Court should expressly reserve its right to maintain a second action for partial breach of contract relating to the government's failure to commence SNF acceptance.

**C. Expedited Review of this Motion Is Appropriate To Gain the Full Benefit of Order Requested and Limit Unnecessary Discovery**

Fact discovery is scheduled to commence today and to continue until December 31, 2004. Expert discovery on damages is scheduled to occur in the first quarter of 2005, with trial scheduled to begin on August 29, 2005. How the Court resolves this Motion will affect the

---

[2] Southern further requests that this Court retain jurisdiction to hear claims for such future damages that flow from the government's partial breach of contract through December 31, 2009 that are incurred subsequent to December 31, 2020, and toll the statute of limitations on reserved claims related to the government's partial breach of contract through December 31, 2009 until such time. Cf. TVA at 678, n.17 (reserving whether to retain jurisdiction to hear similar claims). Southern also requests an Order that tolls the statute of limitations for any additional claims that Southern should decide to pursue in the event that the government fails to commence SNF acceptance in 2010 and thereafter.

scope of the required discovery in this action.[3] Both parties will benefit from knowing the Court's position on the future damages issues presented here as soon as possible. Accordingly, Southern respectfully requests that the Court expedite its consideration of this Motion.

**Conclusion**

For the reasons set forth above, Southern respectfully requests that this Court enter an Order declaring that Southern shall retain the right to bring subsequent actions for: (a) future damages that Southern incurs subsequent to December 31, 2020 as a result of the partial breach of contract caused by the government's failure to commence SNF acceptance prior to 2010; and (b) future damages that Southern will incur as a result of any additional partial breaches of contract that would result from the government's failure to commence SNF acceptance in 2010 or thereafter. Southern also respectfully requests that the Court afford this Motion expedited consideration.

DATED: September 1, 2004

Respectfully submitted,

/s M. Stanford Blanton

BALCH & BINGHAM LLP
1710 Sixth Avenue South
Birmingham, AL 35203
(205) 251-8100

[3] If the Court denies this Motion, Southern intends to support its entitlement to all of its future damages flowing from the government's partial breach of contract in this proceeding.

OF COUNSEL:
Ed R. Haden
KC Hairston, Esq.
BALCH & BINGHAM LLP
1710 Sixth Avenue South
Birmingham, AL 35203
(205) 251-8100

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Motion for an Order Regarding Subsequent Damages Actions and Request for Expedited Consideration to be served by electronic filing upon:

Marian E. Sullivan
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-6288

Dated this 1st day of September, 2004.

/s M. Stanford Blanton