IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY; ALABAMA POWER COMPANY; and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE RCFC 30(B)(6) DEPOSITION AND MOTION FOR EXPEDITED CONSIDERATION

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (“RCFC”), defendant, the United States, respectfully requests that the Court quash the RCFC 30(b)(6) deposition notice issued by plaintiffs, Southern Nuclear Operating Company, Alabama Power Company and Georgia Power Company ("Southern Nuclear"), and issue a protective order precluding these depositions. Southern Nuclear seeks to depose representatives of the Department of Energy concerning matters about which decisions still have not been made, about which there has been extensive deposition or trial testimony, or about which Southern Nuclear itself has represented it will not challenge at trial. Further, pursuant to the Government's pending motion for summary judgment regarding the scope of damages to be litigated at trial commencing on August 29, 2005, these depositions are unnecessary. Although counsel for the Government and Southern Nuclear have conferred in good faith to attempt to resolve this dispute

regarding the requested deposition, the parties have not been able to resolve it. A. 1-8.[1] Defendant also respectfully requests expedited consideration of this motion by the Court.

## ARGUMENT

### I. SOUTHERN NUCLEAR SEEKS DISCOVERY CONCERNING MATTERS THAT ARE BEYOND THE SCOPE OF DAMAGES THAT SHOULD BE LITIGATED AT TRIAL

#### A. Discovery Should Be Limited To Matters Necessary To Establish Damages That Southern Nuclear Has Incurred To Date

With its deposition notice, Southern Nuclear seeks to depose a representative of the Department of Energy ("DOE") upon five topics, pursuant to RCFC 30(b)(6). A. 10-12. These topics primarily seek information regarding DOE's future plans for waste acceptance, although topic 5 seeks information regarding what DOE would have done in 1998 if it had performed. Because these topics are beyond the scope of matters that should be decided by the Court at trial to begin on August 29, 2005, the Government seeks entry of a protective order to preclude the depositions.[2]

This Court possesses broad discretion pursuant to RCFC 26(c) to control the discovery process. Rule 26 expressly empowers the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." RCFC 26(c). The Court may act to limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the

[1] "A. __." refers to the appendix to this motion.

[2] The Government recognizes that the Government's motion for a protective order necessarily requires the Court to decide the parties pending motions regarding the scope of damages to be litigated at trial.

needs of the case, the amount in controversy, the parties' resources the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." RCFC 26(b)(1)(iii). Moreover, "[t]he discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to injunction of Rule 1 that they 'be construed to secure the just, speedy and inexpensive determination of every action.'" Herbert v. Lando, 441 U.S. 153, 177 (1979). In view of these rules, "judges should not hesitate to exercise appropriate control over the discovery process." Id. Because Southern Nuclear seeks discovery into matters beyond what the Court should decide in trial beginning August 29, 2005, the discovery is unnecessary and the Court should preclude Southern Nuclear from conducting the depositions.

With topics one and two, Southern Nuclear seeks to discover the Government's plans "for accepting delivery of spent nuclear fuel storage in dry casks on Southern's reactor sites" and "for accepting delivery of spent nuclear fuel stored in dry casks away from reactor independent spent fuel storage installations." A. 10-11. This information pertains to DOE's future performance. As the Government demonstrated in our pending motion for summary judgment regarding pre-breach and future damages, the Court's consideration of Southern Nuclear's damages should be limited to those incurred as of the date of the filing of Southern Nuclear's complaint, or, at the latest, the date of trial. Southern Nuclear must seek in a future action any costs it incurs in the future from DOE's failure to begin waste acceptance in 1998 or in any subsequent year.

The uncertainty regarding DOE's future plans also provides a reason for limiting discovery to that necessary for Southern Nuclear to prove its damages. Because the date of and nature of DOE's performance remains uncertain, limiting discovery and the potential damages

award to those damages actually incurred eliminates the possibility that the Court will award either too much or too little in damages when DOE's actions do not comport with its current plans.

B. Pursuant To Southern Nuclear's Pending Motion, Discovery Into DOE's Ability To Meet The 2010 Date Or Plans For Accepting Waste In 2010 Is Unnecessary

Southern Nuclear also seeks deposition testimony concerning "the Government's plan for the commencement of operations at the Yucca Mountain repository, including but not limited to schedule milestones, actual and projected performance against such milestones, prior and current budget requests, and funding requirements." A. 11 (Topic 3). However, Southern Nuclear, in its briefing upon the pending motions regarding the scope of damages to be litigated, clearly stated that "[a]lthough Southern does not concede in this litigation that the Government will commence performance in 2010, . . . it does not seek damages in this case for any breach beyond December 31, 2009." Plaintiffs' Reply To Defendant's Response To Plaintiff's Motion For An Order Regarding Subsequent Damages Actions And Plaintiffs' Response To Defendant's Cross-Motion For Partial Summary Judgment Regarding Pre-Breach And Future Damages, filed October 18, 2004, at 22. Moreover, with its motion, Southern Nuclear seeks an order from the Court to pursue in a separate proceeding any damages arising from DOE's failure to perform by 2010. Plaintiffs' Motion For An Order Regarding Subsequent Damages Actions And Request for Expedited Consideration, filed September 1, 2004, at 2. Pursuant to Southern Nuclear's pending motion, the date for commencement of operations at Yucca Mountain is not at issue at trial. Therefore, Southern Nuclear should be precluded from conducting a deposition regarding DOE's

plans to begin performance when it has acknowledged that any damages arising after this date are properly the subject of a separate proceeding.

Similarly, Southern Nuclear seeks to depose a DOE representative upon "[t]he basis for the spent nuclear fuel acceptance rate utilized in DOE's 2004 Annual Priority Ranking and Annual Capacity Report." A. 11. This topic also goes to DOE's plans for waste acceptance beginning in 2010. Because Southern Nuclear seeks to defer until later any damages arising from breaches occurring after 2010, the acceptance rates that DOE plans to use in 2010, and the basis for those rates is relevant to measuring the damages that Southern Nuclear has incurred to date arising from DOE's failure to perform beginning in 1998 or will incur before 2010.[3]

## II. SOUTHERN NUCLEAR SEEKS DISCOVERY CONCERNING MATTERS THAT HAVE ALREADY BEEN THE SUBJECT OF EXTENSIVE DISCOVERY AND TRIAL TESTIMONY

Southern Nuclear also should be precluded from the depositions it seeks to take because the topics are duplicative of testimony that has already been provided in depositions in other cases and at trial before the Court. The Court possesses discretion to limit discovery to the extent that it "is unreasonably cumulative or . . . is unduly burdensome or expensive." RCFC 26(b)(1)(i),(iii). Courts "should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." State of Florida v. United States, 32 Fed. Cl. 668, 670 (1995) (quoting Fed. R. Civ. P. 26(c)). "[J]udges should not hesitate to exercise appropriate control over the discovery process." Id. Further, "a court may be as inventive as the necessities of a particular

---

[3] To the extent that the Court allows a deposition to be taken on this topic, the Government requests that the deposition be coordinated among all of the pending cases to preclude additional duplicative depositions on this topic.

case require in order to achieve the benign purposes of the rule." 8 C. Wright, A. Miller, & R. Marcus, Federal Practice & Procedure § 2036, at 489 (2d ed. 1994); see St. Matthew Publishing, Inc. v. United States, 41 Fed. Cl. 142, 144 (1998) ("a motion for a protective order to limit the scope of discovery is directed to the broad discretion of the court").

Mr. Christopher Kouts has testified extensively at trial in Indiana Michigan Power Co. v. United States, No. 98-486C, about DOE's plans and schedules for beginning repository operations at Yucca Mountain, including DOE's plans for submitting a license application to the NRC, the time periods allowed for the NRC's review of that application, and DOE's plans for staged deployment of facilities. Trial Transcript 1929-2052 (March 10, 2004).[4] Mr. Kouts was also deposed upon these topics in Indiana Michigan and Commonwealth Edison Company v. United States, 98-621C, on January 30, 2004, February 19, 2004 and March 12, 2004.

Similarly, Mr. Kouts and Mr. Zabransky testified at trial in Yankee Atomic Electric Co. v. United States, No. 98-126C, about DOE's plans to accept canistered fuel. Mr. Kouts testified about the facilities being designed at Yucca Mountain to handle canistered fuel from the utilities, Tr. 7749-7848 (Aug. 31, 2004), and Mr. Zabransky testified that the final decision regarding whether DOE will be able to accept canistered fuel and the schedule and at what facilities will all be finalized as part of the licensing process. Tr. 4126-4131 (Aug. 5, 2004). Significantly, in the coordinated discovery proceedings, counsel for Southern Nuclear had an opportunity to ask and did ask Mr. Zabransky in deposition about DOE's plans are for accepting casks and canisters from utilities. See, e.g., Deposition of Mr. Zabransky, Apr. 18, 2002, 284:9-287:12. In addition,

[4] This topic was not an extensive part of Mr. Kouts' testimony at trial in Yankee Atomic, although Mr. Kouts did answer questions in cross-examination, because Yankee Atomic limited its damages to those to be incurred up to 2010.

Mr. Zabransky and Mr. Pollog also testified about the acceptance of canistered fuel during their depositions in Yankee Atomic, and Commonwealth Edison Co. v. United States, No. 98-621C, on May 15, 2002, January 29, 2004, February 4, 2004, February 26, 2004 and February 27, 2004.

Southern Nuclear's attempt to obtain discovery upon matters that have already been the subject of extensive testimony is unduly burdensome. In addition to providing trial testimony, Mr. Pollog and Mr. Zabransky have both sat for deposition for more than 10 days thus far. Because of their roles in the waste acceptance process, these individuals would likely be the deponents for most of the topics upon Southern Nuclear's list. Moreover, a total of 58 Government witnesses have sat for a total of 152 days of deposition in the spent nuclear fuel cases thus far. The Government has not sought to limit the use of deposition testimony from one case to another. Accordingly, Southern Nuclear is free to use deposition testimony as permitted by the Court's rules. Given the availability of prior deposition testimony, Southern Nuclear should be required, at a minimum, to review this previous testimony and identify what areas of inquiry it should be allowed to explore further in deposition.

## III. SOUTHERN NUCLEAR'S DEPOSITION NOTICE REQUIRES SPECULATIVE TESTIMONY FROM A FACT WITNESS

Topics two and five present an additional problem. With these topics, Southern Nuclear asks a representative of the Department of Energy to speculate regarding the Department's plans for events that either did not occur or that may never occur. It is improper to seek wholly speculative testimony from a fact witness because such testimony lacks a proper evidentiary foundation. Fed. R. Evid. 701 (barring opinion testimony from lay witnesses); see also United States v. Burlington Resources Oil and Gas Co., 2000 WL 1058972 (S.D. Tex. May 18, 2000)

(under Federal Rules of Evidence, "a speculative opinion by a lay witness, that is, testimony concerning what the witness would have done if presented with a particular factual scenario, is generally considered inadmissible.") (citing Washington v. Dept. of Transportation, 8 F.3d 296, 300 (5th Cir.1993)); Kloepfer v. Honda Motor Co., Ltd., 898 F.2d 1452, 1459 (10th Cir.1990) (citing Federal Rule of Evidence 701 and Messenger v. Bucyrus-Erie Co., 507 F.Supp. 41, 42-43 (W.D. Pa.1980)).

Specifically, topic two seeks testimony regarding the "Government's plans for accepting delivery of spent nuclear fuel stored in dry casks away from reactor independent spent fuel storage installations." A. 11. The Government believes that Southern Nuclear's request is referencing a facility such as Private Fuel Storage, which would accept spent fuel for storage from nuclear utilities while awaiting acceptance by DOE. However, this facility has not been licensed and, as the Court found in Indiana Michigan, it continues to have problems with NRC licensing. Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639, 659 (2004), appeal pending, No. 04-5122 (Fed. Cir.). Indeed, the Court found the entire venture to be speculative. Id. Accordingly, any testimony about DOE's "plans" to accept fuel from such a facility would be speculative.

Similarly, topic five seeks testimony regarding "[t]he physical characteristics of equipment, including canisters, casks and overpacks, that would-have-been used, had the Government begun performance in 1998." A. 12. This request is problematic because DOE did not select the transportation equipment that it would use had the Government begun performance in 1998. Southern Nuclear apparently wants a witness to speculate regarding what DOE might have done in 1998. While testimony of individual witnesses regarding what DOE was

considering and the status of DOE's efforts to determine its transportation plans has already been the subject of fact witness testimony in depositions taken in the coordinated discovery proceedings and the Yankee cases, see, e.g., Deposition of Victor Trebules, April 18, 2002, Deposition of Lake Barrett, May 15, 2002, Deposition of Jeffrey Williams, June 11, 2002, it is inappropriate for a DOE representative to make statements regarding what DOE "would have done" in 1998 when no decision was actually made. The testimony lacks the proper foundation for fact witness testimony.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court quash the RCFC 30(b)(6) notice issued by Southern Nuclear and issue a protective order to preclude the deposition.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

JOHN C. EKMAN
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

December 3, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of December 2004, a copy of the foregoing "DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE RCFC 30(B)(6) DEPOSITION AND MOTION FOR EXPEDITED CONSIDERATION," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Marian E. Sullivan