IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY; ALABAMA POWER COMPANY; and GEORGIA POWER COMPANY, | |
| Plaintiffs, | |
| v. | No. 98-614C<br>(Senior Judge Merow) |
| THE UNITED STATES, | |
| Defendant. | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE RCFC 30(B)(6) DEPOSITION AND MOTION FOR EXPEDITED CONSIDERATION

Defendant respectfully provides this reply to the opposition to defendant's motion for a protective order filed by plaintiffs, Southern Nuclear Operating Company, Alabama Power Company and Georgia Power Company ("Southern Nuclear"). In light of the Court's ruling upon the parties motions regarding the scope of trial in this case, depositions upon one of the topics in Southern Nuclear's motion are unnecessary. Southern Nuclear, in its opposition, has failed to provide proper justification for additional burdensome depositions that have already been the subject of extensive deposition and trial testimony. Finally, Southern Nuclear failed to explain how the speculative testimony it hopes to elicit regarding events that have not occurred will lead to the discovery of admissible evidence.

I. Pursuant To The Court's Ruling Regarding The Scope Of Trial, Depositions Regarding Whether DOE Will Begin Performance In 2010 Are Not To Be Taken

By order dated December 20, 2004, the Court determined that "any DOE delay in its obligation to dispose of plaintiffs' HLW or SNF occurring after 2010 shall comprise a separate cause of action accruing then, and not comprising part of the current litigation." Order,

December 20, 2004, at 3. With this ruling, the Court granted Southern Nuclear's motion to limit the consideration of damages to those arising for breaches of the Standard Contract through December 31, 2009. Because of this ruling, the issue of whether DOE will actually perform beginning in 2010 is not at issue in the current litigation and Southern Nuclear does not need to depose a Government representative about "the Government's plans for commencement of operations at the Yucca Mountain repository, including but not limited to schedule milestones, prior and current budget requests, and funding requirements." (Topic 3). Southern Nuclear acknowledges, in its opposition, that it could forego certain of the requested discovery if the Court were to rule favorably upon its motion regarding the scope of damages. Pl. Br. at 3. The Court, having so ruled, should preclude any discovery into matters concerning DOE's ability to begin performance in 2010.

## II. Southern Nuclear Has Failed To Identify Why It Should Be Allowed Another Deposition Upon Topics That Have Already Been The Subject Of Extensive Testimony

Southern Nuclear seeks to depose a DOE representative on DOE's plans for accepting waste from Southern Nuclear's reactor sites (topic 1) and the basis for the spent nuclear fuel acceptance rate utilized in the 2004 ACR/APR (topic 4). Because the information Southern Nuclear seeks has already been the subject of extensive deposition and trial testimony to which Southern Nuclear has access, Southern Nuclear should not be allowed further depositions absent identification of the specific new information that Southern Nuclear requires.

In its opposition, Southern Nuclear asserts that the deposition and trial testimony is outdated and that it should be allowed to take current testimony. However, the testimony that Southern Nuclear cites concerns DOE's plans for submitting a license application and beginning

performance in 2010. Pl. Br. at 7-8. As explained above, the issue of whether DOE will begin performance in 2010 is not at issue in this case because the damages arising from the failure to meet that date are to be the subject of another proceeding. Southern Nuclear has not explained why the previous deposition testimony and trial testimony regarding the acceptance of fuel taken as recently as August 2004 at trial in Yankee Atomic Electric Co. v. United States, No. 98-126C, is not sufficient.

With regard to topic 4, Southern Nuclear argues that it seeks to learn the basis for the rates set forth in the 2004 ACR/APR to determine whether those rates would have been "reasonable had the government started performance in 1998." Pl. Br. at 6. While the 2004 ACR/APR had not been issued at the time of the coordinated discovery proceedings, the issue of what rates would have been used certainly was the subject of extensive discovery. The fact that DOE has issued a new document in its planning for performance in 2010 should not justify the reopening of the extensive depositions and discovery that has already been undertaken.

While the Government understands Southern Nuclear's interest in "updating" previous deposition testimony, Southern Nuclear should be required to identify specifically what further testimony is necessary and not covered adequately by previous testimony before the depositions are allowed to continue. Without such a limitation, Southern Nuclear and all of the plaintiffs in the spent nuclear fuel cases will be able to depose Government witnesses repeatedly without any consideration of the burden imposed by such depositions.[1] If the Court does allow a deposition

[1] Since the Government filed its motion for a protective order, a dispute regarding the number of depositions that the Government will conduct has arisen between the parties. Southern Nuclear, in correspondence from counsel dated December 29, 2004, proposes that the Government be allowed 13 depositions and states that, absent agreement to the limit of 13 depositions, it will oppose the taking of more than 10 depositions as allowed by the Court's rules.

to proceed on these topics, the Government requests that the deposition or depositions be coordinated with other currently pending cases so that the Government witness or witnesses not be subject to repeated depositions.

III. The Speculative Nature Of The Testimony Sought Should Preclude Depositions On Topics Two And Five

The Government also objects to topics two and five because they seek speculative testimony regarding events that may not happen – acceptance of fuel from dry storage facilities away from reactors – or that did not happen – decisions about the transportation equipment that DOE would have used if it had performed in 1998. This testimony would be speculative and inadmissible at trial and, therefore, should not be allowed. In response to the Government's arguments, Southern Nuclear argues that a different standard applies to discovery than the admissibility at trial, but does not explain how this speculative fact testimony will lead to the discovery of admissible evidence. Pl. Br. at 9. While true that the standard for discovery is necessarily broader than that for the standard for the admission of evidence at trial, the discovery sought still must be "reasonably calculated to lead to the discovery of admissible evidence." RCFC 26(b)(1). The speculative fact testimony that Southern Nuclear seeks to elicit with topics two and five is not "reasonably calculated" to lead to admissible evidence. Instead, any

RCFC 30(a)(2)(A). Southern Nuclear has already been party to 13 depositions in the coordinated discovery proceedings. Moreover, because the Government will not object to the use of depositions taken in other cases as allowed by the Court's rules, Southern Nuclear has access and potential use of the depositions of a total of 58 Government witnesses. If Southern Nuclear is going to object to the Government conducting the necessary number of depositions, then Southern Nuclear should not be allowed to take any more depositions pursuant to the pending RCFC 30(b)(6) notice or otherwise. Discussions between the parties on this matter are continuing, but the Government wishes to advise the Court of this emerging dispute as it considers the burden to the Government of allowing further depositions.

testimony that Southern Nuclear elicits regarding how DOE may have performed in 1998 or whether DOE will accept from dry storage facilities that may never be built will remain speculative at the time of trial, and therefore inadmissible.

## CONCLUSION

For the foregoing reasons and the reasons set forth in our opening brief, defendant respectfully requests that the Court quash the RCFC 30(b)(6) notice issued by Southern Nuclear and issue a protective order to preclude the deposition or depositions necessitated by that notice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

JOHN C. EKMAN
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

January 5, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 5th day of January 2005, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE RCFC 30(B)(6) DEPOSITION AND MOTION FOR EXPEDITED CONSIDERATION," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Marian E. Sullivan