IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY, ALABAMA POWER COMPANY, and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF DAVID ZABRANSKY AND CHRISTOPHER KOUTS

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court quash the deposition notices issued by plaintiffs, Southern Nuclear Operating Company, Alabama Power Company and Georgia Power Company ("Southern Nuclear"), for the depositions of Department of Energy ("DOE") employees David Zabransky and Christopher Kouts, and issue a protective order precluding these depositions. Each of these employees has been subject to numerous depositions in connection with the spent nuclear fuel ("SNF") cases, as well as to cross-examination at trial, and this deposition and trial testimony is available to Southern Nuclear. As a result, barring a showing that the information sought by Southern Nuclear is not available from prior testimony, any additional and, likely, duplicative depositions should not be permitted. Although counsel for the Government and Southern Nuclear have conferred in good faith to resolve this dispute regarding the requested depositions, the parties have not been able to resolve it. A.001-A.006.[1]

[1] "A. __." refers to the appendix to this motion.

ARGUMENT

The Court's rules of procedure give it "broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation." Vivid Technologies, Inc. v. Am. Science & Eng'g, Inc., 200 F.3d 795, 803-04 (Fed. Cir. 1999) (citing Fed. R. Civ. P. 16(b), (c); 26(b); 42(b)); see Olivieri v. Rodriguez, 122 F.3d 406, 409 (7th Cir. 1997) ("[a] district judge's discretion in supervising pretrial discovery is broad"), cert. denied 522 U.S. 1110 (1998). "Pretrial discovery is time-consuming and expensive; it protracts and complicates litigation and judges are to be commended rather than criticized for keeping tight reins on it." Olivieri, 122 F.3d at 409. Public officials "should not have to spent their time giving depositions in cases . . . unless there is some reason to believe that the deposition will produce or lead to admissible evidence." Id. at 409-10. Rule 26(b)(2) of the Federal Rules of Civil Procedure, which the Court has adopted, "empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (quoting Fed. R. Civ. P. 26(b)(2)); see Herbert v. Lando, 441 U.S. 153, 177 (1979) (discovery provisions should "be construed to secure the just, *speedy* and *inexpensive* determination of every action.") (emphasis in original); Manual for Complex Litigation §§ 21.422 & 21.451 (1995) (encouraging parties and courts to devise methods "to facilitate the orderly and cost-effective acquisition of relevant information and materials," with a balancing of "efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial" and avoidance of cumulative depositions).

Here, because Southern Nuclear seeks the depositions of DOE employees who have been subject to repeated and duplicative questioning in depositions and at trial, the discovery sought by Southern Nuclear is unreasonably cumulative and unduly burdensome and this Court should preclude Southern Nuclear from proceeding with the noticed depositions. With its deposition notices, Southern Nuclear seeks to depose two DOE employees who have been subject to repeated deposition and trial examination in these SNF cases. A.007-A.010. Mr. Zabransky has been deposed over 11 days in connection with the coordinated discovery and several individual cases. He also provided trial testimony in Yankee Atomic Electric Co. v. United States, 98-126C (Fed. Cl.), before this Court. Mr. Kouts has been deposed over four days and has provided trial testimony in both the Yankee case and in Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.). As a result, both witnesses have been questioned extensively concerning DOE's SNF program and the plaintiffs' claims and Government's defenses in these SNF cases.

Tellingly, and in spite of requests by the Government for this information, Southern Nuclear has refused to identify the topics that it expects to cover with these witnesses. A.003. However, barring the identification by Southern Nuclear of issues not previously covered in these depositions and at trial, and a limitation of any depositions to such identified topics, the depositions of these individuals should not be allowed to proceed.[2] It is unduly burdensome and unfair for plaintiffs in these cases to expect these DOE witnesses again and again to interrupt their demanding schedules dealing with Yucca Mountain issues to sit for depositions. Since a

---

[2] In connection with the attempted resolution of this dispute, the Government identified one issue upon which Mssrs. Zabransky and Kouts have not been deposed. While the Government believes that the issue is not relevant to this Court's consideration of DOE's performance obligations in 1998, the Government has stated its willingness to produce these witnesses concerning DOE's 2004 Annual Capacity Report. A.005.

large number of plaintiffs have yet to begin their own damages discovery in these cases, the Government has significant, additional concerns that these witnesses will be deposed in every case and by every plaintiff. To prevent such unrestricted, cumulative, and burdensome discovery, limitations should be imposed by this Court upon any additional depositions.

Moreover, there is no need for such unrestricted and duplicative discovery because the extensive deposition and trial testimony by every DOE employee – including these two witnesses – has been made available to Southern Nuclear. As demonstrated in the Yankee trial, the plaintiffs' attorneys in the SNF cases have made liberal use of depositions and trial testimony conducted by other attorneys in other SNF cases. Southern Nuclear likewise is free to use such prior testimony as permitted by the Court's rules. Given the availability of prior deposition and trial testimony, Southern Nuclear should be required, at a minimum, to review this previous testimony and identify what areas of inquiry it should be allowed to explore further in new depositions.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court quash the deposition notices issued by Southern Nuclear and issue a protective order to preclude the depositions of Mssrs. Zabransky and Kouts.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

STEPHEN P. FINN
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

February 10, 2005

CERTIFICATE OF FILING

I hereby certify that on this 10th day of February 2005, a copy of the foregoing "DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF DAVID ZABRANSKY AND CHRISTOPHER KOUTS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John C. Ekman