# APPENDIX

## INDEX TO APPENDIX

1. Letter from John C. Ekman to M. Stanford Blanton, dated January 28, 2005 . . . . . . . . . . A.001-A.002

2. Letter from M. Stanford Blanton to John C. Ekman, dated February 3, 2005 . . . . . . . . . . A.003

3. Letter from John C. Ekman to M. Stanford Blanton, dated February 7, 2005 . . . . . . . . . . A.004-A.006

4. Notice of Deposition of Christopher Kouts, dated January 26, 2005 . . . . . . . . . . A.007-A.008

5. Notice of Deposition of David Zabransky, dated January 26, 2005 . . . . . . . . . . A.009-A.010

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JEkman
154-98-614

Telephone:
(202) 353-0897

*Washington, D.C. 20530*

January 28, 2005

VIA FACSIMILE AND UNITED STATES MAIL

M. Stanford Blanton
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203

Re: *Southern Nuclear Operating Co. v. United States*, Fed. Cl. No. 98-614C

Dear Mr. Blanton:

We are writing in response to your notices of deposition for David Zabransky and Christopher Kouts. As you may know, Mr. Zabransky has been deposed over 11 days and provided testimony at the Yankee trial. Likewise, Mr. Kouts has been deposed over four days and provided testimony at the Yankee and Indiana Michigan trials. Since your clients were parties to the coordinated discovery, you had the opportunity to depose both of these Government employees.

Prior to producing these witnesses, we need an explanation concerning the issues to be covered in the depositions, as it is improper to re-depose these witnesses upon issues that have been or could have been covered in prior depositions or that are irrelevant to this litigation.

While we will be reasonable in discussing further depositions for Mssrs. Kouts and Zabransky to the extent that new or unique issues are raised in this litigation, at this time we are unable to identify any such new or unique issues here that would require additional deposition discovery from these witnesses. The purpose of the coordinated discovery was to limit the time that Government witnesses needed to sit for depositions and to avoid unnecessary and costly repetition. The attempts that we have seen by every plaintiff - including,

now, Southern Nuclear - to depose these individuals in each case defeats the entire purpose of the coordinated discovery.

Please contact me as soon as possible to discuss this matter. If no resolution is possible, we will need to take appropriate action to place the issue before the Court.

Sincerely,

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch

BSB

BALCH & BINGHAM LLP

Alabama • Georgia • Mississippi • Washington, DC

M. Stanford Blanton
(205) 226-3417

Attorneys and Counselors
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, AL 35203-2015
(205) 251-8100
(205) 226-8798 Fax
www.balch.com

(205) 488-5879 (direct fax)
sblanton@balch.com

February 3, 2005

BY FACSIMILE (202) 307-2503
AND U.S. MAIL

John C. Ekman
Trial Attorney
U. S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street N.W.
8th Floor
Washington, D.C. 20530

Re: Southern Nuclear Operating Co. v. U.S., 98614C in the Court of Federal Claims

Dear John:

This is in response to your letter of January 28, 2005. Contrary to the assertion in your letter, Mr. Kouts was not deposed in the coordinated discovery proceedings, and discovery in our case had not begun when he was deposed in other cases, so we could not participate in those depositions. Moreover, Mr. Zabransky's deposition in the coordinated proceeding was limited to schedule issues (as that term was defined for purposes of those coordinated proceedings) and covered only the time period prior to April of 2002. Significant events have occurred in the DOE program since that time, which related directly to the Government's defenses in this matter, and we are entitled to depose Mr. Zabransky about those areas. Similarly, we do not believe that our ability to take discovery in our case should be limited by the trial tactics of other counsel.

You can be assured we have no interest in replowing old ground with either Mr. Zabransky or Mr. Kouts. Beyond that, however, we do not believe we are required to describe for you in advance the areas of inquiry we may pursue.

Please confirm that Messrs. Kouts and Zabransky will be available to be deposed on February 21, 2005 in accordance with the January 26, 2005 notices.

Sincerely,

M. Stanford Blanton

MSB:dc

COPY

A.003

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JEkman
154-98-614

Telephone:
(202) 353-0897

*Washington, D.C. 20530*

February 7, 2005

VIA FACSIMILE AND UNITED STATES MAIL

M. Stanford Blanton
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203

Re: *Southern Nuclear Operating Co. v. United States*, Fed. Cl. No. 98-614C

Dear Mr. Blanton:

We are writing in response to your February 3, 2005 letter concerning the depositions of David Zabransky and Christopher Kouts. Although we are willing to discuss producing Mssrs. Zabransky and Kouts for depositions, we cannot do so solely based upon your representation that you "have no interest in replowing old ground" with either witness.

As you know, Mssrs. Zabransky and Kouts have been deposed repeatedly in this litigation, and it is unfair to expect them again and again to interrupt their demanding schedules dealing with Yucca Mountain issues to sit for depositions. We have made available to you the extensive depositions that both individuals have given. Because a large number of plaintiffs have yet to begin their own damages discovery in these cases, we are concerned about statements, like that in your February 3, 2005 letter, that every plaintiff should be entitled to take fresh depositions of Mssrs. Zabransky and Kouts, as well as other witnesses. Under the discovery rules, and particularly in light of the circumstances of these cases, we cannot simply permit repeated depositions of any individuals by each plaintiff, absent a showing that the information is not already available.

Based upon our analysis of potential issues upon which Mssrs. Zabransky and Kouts have not been deposed, we are willing to produce these witnesses concerning the 2004 Annual Capacity Report. However, we cannot identify any other topics germane to your claims or to the Government's defense upon which significant deposition and trial testimony has not been elicited.

We disagree with your contention that you are not required to describe, in advance, the areas of inquiry you wish to pursue with these witnesses. Indeed, any motion for protective order based upon the extensive discovery to which these witnesses already have been subject will require you to identify the reasons that the prior testimony is insufficient here. In any event, while resolution of this dispute is possible, it is not possible without information concerning the topics you wish to pursue.

Finally, though you may not be "limited by the trial tactics of other counsel," we are entitled to know why the prior extensive testimony elicited by other counsel is insufficient. We fully anticipate that you will seek to use the earlier testimony - both deposition and trial - elicited by "other counsel" outside of the coordinated discovery at the trial of this matter. This is consistent with what attorneys have done in the other cases and highlights the reasons why these two witnesses should not be subject to repeated questioning upon identical topics.

We are preparing a motion for protective order, but would be happy to discuss a resolution of this matter short of filing that motion.

Finally, we have been receiving certain facsimiles from your office sent to a fax machine located upon the 10th floor of our building. Any facsimiles sent to that machine are not received in a timely manner. Please direct all future correspondence to (202) 307-2503.

Sincerely,

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SOUTHERN NUCLEAR OPERATING CO. INC., ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY, | ) |
| Plaintiffs, | ) |
| v. | ) No. 98-614C (Senior Judge Merow) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## NOTICE OF DEPOSITION

Please take notice that plaintiffs, Southern Nuclear Operating Co. Inc., Alabama Power Company, and Georgia Power Company (collectively "Southern"), will take the deposition of Christopher Kouts upon oral examination before an officer authorized by law to administer oaths, for the purpose of discovery, or for the purpose of trial, or for both purposes, commencing February 21, 2005, at Arnold & Porter, 555 Twelfth Street, N.W., Washington, D.C. 20004-1202, commencing at 9:00 a.m. until 6:00 p.m., or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Dated: January 26, 2005

M. Stanford Blanton
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 226-3417
Facsimile: (205) 226-8798

## COUNSEL OF RECORD FOR PLAINTIFFS

**Of Counsel**:

Ed R. Haden
K. C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Telephone: (202) 942-5777
Facsimile: (202) 942-5999

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING CO. INC., ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | No. 98-614C |
| v. | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION

Please take notice that plaintiffs, Southern Nuclear Operating Co. Inc., Alabama Power Company, and Georgia Power Company (collectively "Southern"), will take the deposition of David Zabransky upon oral examination before an officer authorized by law to administer oaths, for the purpose of discovery, or for the purpose of trial, or for both purposes, commencing February 21, 2005, at Arnold & Porter, 555 Twelfth Street, N.W., Washington, D.C. 20004-1202, commencing at 9:00 a.m. until 6:00 p.m., or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Dated: January 26, 2005

M. Stanford Blanton

Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 226-3417
Facsimile: (205) 226-8798

## COUNSEL OF RECORD FOR PLAINTIFFS

**Of Counsel**:

Ed R. Haden
K. C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Telephone: (202) 942-5777
Facsimile: (202) 942-5999