# In the United States Court of Federal Claims

No. 98-614C

(Filed February 14, 2005)

******************************
SOUTHERN NUCLEAR OPERATING COMPANY, ALABAMA POWER COMPANY, GEORGIA POWER COMPANY,
Plaintiffs,

v.

THE UNITED STATES,
Defendant.
******************************

## ORDER

This Order addresses defendant's pending Motion for a Protective Order to Preclude a Requested RCFC 30(b)(6) Deposition.

Plaintiffs' Rule 30(b)(6) Notice of Deposition seeks testimony from defendant on five subjects:

> 1. The Government's plans for accepting delivery of spent nuclear fuel stored in dry casks on Southern's reactor sites . . . .
>
> 2. The Government's plans for accepting delivery of spent nuclear fuel stored in dry casks on away from reactor independent spent fuel storage installations.
>
> 3. The Government's plan for the commencement of operations at the Yucca Mountain repository, including but not limited to schedule milestones, actual and projected performance against such milestones, prior and current budget requests, and funding requirements.
>
> 4. The basis for the spent nuclear fuel acceptance rate utilized in the DOE's 2004 Annual Priority Ranking and Annual Capacity Report.

5. The physical characteristics of equipment, including canisters, casks and overpacks, that would-have-been used, had the Government begun performance in 1998.

Defendant, in its reply asserts that the Order, filed December 20, 2004, obviates a need for discovery testimony on subject number three. Assuming this to be essentially correct, four subjects remain for consideration.

With respect to subjects numbers one and two, discovery and testimony to date, available to all parties, has covered in some detail what plans have existed for DOE's acceptance of spent nuclear fuel ("SNF"), in general, from utilities. This available information should not have to be now regurgitated by means of a RCFC 30(b)(6) deposition. However, there may exist specific evidence of a plan(s) for accepting delivery of plaintiffs' SNF stored in dry casks on Southern's reactor sites or from an away from reactor site(s). Such information could be a proper subject for a RCFC 30(b)(6) deposition, particularly as to a plan(s) addressed to acceptance of such SNF not located in a SNF pool. If damages claimed by plaintiffs include sums covering on-site and off-site dry cask storage costs, a RCFC 30(b)(6) deposition covering any DOE plan(s) for accepting such SNF would not be subject to a protective order.

Subject Matter No. 4 comprises a subject, rate of acceptance for all utilities, which has engendered extensive discovery and testimony to date available to plaintiffs. A deposition on this subject will likely not produce additional productive information. However, it is noted that defendant has recently agreed to discovery sought as to the 2004 Annual Priority Ranking and Annual Capacity Report, so the protective order issue on this subject is moot.

Subject Matter No. 5, limited to factual information as to the actual equipment that was under consideration for use by DOE to accept and transport SNF, commencing no later than January 31, 1998, comprises a proper subject for a RCFC 30(b)(6) deposition. No speculation by the witness is required. DOE personnel may have current recollection(s) as to the equipment previously considered or contemplated and DOE or DOE contractor records may well provide this information.

Accordingly, it is **ORDERED** that defendant's Motion for a Protective Order, filed December 3, 2004, is **GRANTED** to the extent plaintiffs' stated RCFC 30(b)(6)

deposition subject matters exceed the limitations or qualifications expressed above and is, otherwise, **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge