**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SOUTHERN NUCLEAR OPERATING COMPANY, INC., ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 98-614C (Senior Judge Merow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF DAVID ZABRANSKY AND CHRISTOPHER KOUTS

Plaintiffs Alabama Power Company, Georgia Power Company, and Southern Nuclear Operating Company, Inc. (collectively, "Southern") respectfully oppose the Government's Motion for Protective Order to Preclude Depositions of David Zabransky and Christopher Kouts (Docket No. 267). Southern has never deposed Mr. Kouts, and substantial new developments have occurred since Mr. Zabransky's 2002 deposition in the coordinated discovery proceedings and since the testimony of Messrs. Zabransky and Kouts in the Yankee trial last Summer. The requested depositions are not cumulative, duplicative, or unduly burdensome and are calculated to produce timely, relevant, and material evidence for the upcoming trial of this case.

## ARGUMENT

The Government's motion for protective order is misplaced. Rule 26(c) of the Rules of the Court of Federal Claims provides merely that "for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Southern does not intend to focus its questioning of Messrs. Zabransky and Kouts on matters previously addressed in their prior depositions and trial

testimony. Rather, Southern intends to depose these individuals regarding events that have taken place since their last testimony that may affect the 2010 start date for operations at the Yucca Mountain repository. While Southern's damages claim in this case is based on the Government's breach through 2010, the date the Government will open the repository is pertinent to the reasonableness of Southern's mitigation efforts.[1] In addition, Southern intends to depose Messrs. Zabransky and Kouts on topics specific to the Department of Energy's plans for accepting spent nuclear fuel ("SNF") from Southern's three reactor sites. Because neither Southern nor, to the best of Southern's knowledge and belief, any other nuclear utility company, has had the opportunity to depose Messrs. Zabransky and Kouts regarding these subjects, the Government cannot show good cause for protecting them from "annoyance, embarrassment, oppression, or undue burden or expense."

Mr. Zabransky is the Contracting Officer in charge of the standard contracts for the SNF program at the Office of Civilian Radioactive Waste Management ("OCRWM") for the Department of Energy ("DOE"). In April 2002, Mr. Zabransky gave a deposition during the coordinated discovery proceedings in the SNF litigation. However, that deposition was limited to schedule issues that were included in the coordinated discovery process. Moreover, since it occurred in 2002, this deposition obviously did not cover events that have occurred in 2003, 2004, and 2005. Mr. Zabransky testified as to SNF issues at the trials of <u>Indiana Michigan Power Co. v. United States</u>, No. 98-486, which terminated on March 16, 2004, and <u>Yankee Atomic Power Co. v. United States</u>, No. 98-126, which terminated on August 31, 2004. That

[1] In other words, an issue in this case is whether it was (and is) reasonable for Southern in planning for its spent nuclear fuel storage needs to assume that the Government would not commence waste acceptance until later than 2010. Recent developments about which Messrs. Zabransky and Kouts could not have previously been questioned confirm that Southern's spent fuel storage assumptions have been both reasonable and prudent.

testimony obviously focused on issues pertinent to the plants involved in those cases. Additionally, it did not address events that have occurred since August 2004.

Mr. Kouts is the director of the Office of Systems Analysis and Strategy Development for OCRWM. He gave no deposition during the coordinated discovery period. Mr. Kouts testified in the Indiana Michigan trial on March 10, 2004, and in the Yankee trial on August 2 and 31, 2004.

Since the end of the Yankee trial, several events have occurred that confirm that the start of operations at the Yucca Mountain repository will be further delayed beyond 2010. For example,

1. DOE did not submit a license application in December 2004 as had been planned. See Kouts at Aug. 31, 2004 Yankee Trial Tr. 7794:10-7794:12 ("The current intent of the Department is to submit the license application by the end of this year [2004] . . . ."). App. A.
2. In December 2004, DOE terminated the Delivery Commitment Schedule ("DCS") process that it had restarted in July 2004 (in time for the Yankee trial). App. B.
3. On February 8, 2005, Dr. Margaret Chu, Director of OCRWM, announced publicly that that the operational date for the Yucca Mountain repository had slipped from 2010 to at least 2012. See Steve Tetrault, Yucca Mountain: Project's Deadline Falls Back; Repository's Opening to Slip at least Two Years, LAS VEGAS REVIEW-JOURNAL, Feb. 8, 2005, at 1B. App. C. Prior to this announcement, the United States Court of Appeals for the District of Columbia Circuit had held that the environmental standard for use in planning and constructing the Yucca Mountain repository was invalid. See Nuclear Energy Institute v. Environmental Protection Agency, No. 01-

1258, 2004 U.S. App. LEXIS 22663 (D.C. Cir. July 9, 2004). Furthermore, on February 11, 2005, three days after announcing that DOE would miss the 2010 deadline, it was announced that Dr. Chu was resigning as director of OCRWM effective on or about February 25, 2005. See DOE Press Release (Feb. 11, 2005). App. D.

Because no other testimony of which Southern is aware addresses the above developments, deposing Messrs. Zabransky and Kouts on these subjects will not be cumulative or duplicative. Moreover, the testimony would be relevant to this case because the further delay in the start date confirms the reasonableness of Southern's SNF storage-related decisions. Indeed, given the inconsistency between DOE's earlier position that performance will begin in 2010 and Dr. Chu's statement (six months after the Yankee trial) that performance will begin in 2012 at the earliest, depositions to clarify DOE's position are necessary.

In addition, Southern has not had the opportunity to depose either Messrs. Zabransky or Kouts on DOE's 2004 Acceptance Priority Ranking and Annual Capacity Report ("APR/ACR"), which has since been withdrawn. App. E. Further, Messrs. Kouts and Zabransky should be subject to questioning about any Southern-specific issues regarding DOE's performance, the DCS process, or the 2004 APR/ACR. Because Mr. Zabransky's 2002 deposition and his and Mr. Kouts's testimony in the Indiana Michigan and Yankee trials did not address such Southern-specific issues, such testimony would not be cumulative, duplicative, or unduly burdensome.

Finally, on February 25, 2005, the Government designated Messrs. Zabransky and Kouts as their representatives for the purpose of depositions under Rule 30(b)(6) of the Rules of the Court of Federal Claims. App. F. This designation further lessens the burden on the

Government of making Messrs. Zabransky and Kouts available for a deposition and may even render the Government's motion moot.

Accordingly, the Government cannot show good cause for preventing these depositions, and it is only appropriate that Southern have the opportunity to depose Messrs. Zabransky and Kouts. While it is not inconceivable that Southern would pose some questions that were previously asked for the purpose of establishing foundation or context, Southern intends to focus its examination of Messrs. Zabransky and Kouts on subjects about which they have not previously testified.

**CONCLUSION**

For the foregoing reasons, the Government's Motion for Protective Order as to the depositions of both Messrs. Zabransky and Kouts should be denied.

Respectfully submitted,

Dated: February 28, 2005

s/ M. Stanford Blanton
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 226-3417
Facsimile: (205) 226-8798

COUNSEL OF RECORD FOR PLAINTIFFS

**Of Counsel:**

Ed R. Haden
K. C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Telephone: (202) 942-5777
Facsimile: (202) 942-5999

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February 2005, a copy of the foregoing "PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF DAVID ZABRANSKY AND CHRISTOPHER KOUTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ M. Stanford Blanton