# APPENDICES

# TO

# PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXTEND PRE-TRIAL SCHEDULE

# APPENDIX A

# TO

# PLAINTIFFS' RESPONSE TO

# DEFENDANT'S MOTION TO

# EXTEND PRE-TRIAL SCHEDULE

B&B

BALCH & BINGHAM LLP

Alabama • Georgia • Mississippi • Washington, DC

Attorneys and Counselors
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, AL 35203-2015
(205) 251-8100
(205) 226-8798 Fax
www.balch.com

M. Stanford Blanton
(205) 226-3417

(205) 488-5879 (direct fax)
sblanton@balch.com

August 31, 2004

**BY FACSIMILE (202) 307-2503**

Marian E. Sullivan, Esq.
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

**Re:** ***Southern Nuclear Operating Company, Inc. v. United States***
**Court of Federal Claims -- Case No. 98-614C**
**Initial Disclosures on Damages**

Dear Ms. Sullivan:

In accordance with the Court's Orders of November 8, 2002, April, 7, 2002, and June 21, 2004, Southern Nuclear Operating Company ("SNC"), Alabama Power Company ("APC"), and Georgia Power Company ("GPC") (collectively "Southern") hereby serve their initial disclosures pursuant to Rule 26(a)(1)(C) of the Court of Federal Claims Rules ("RCFC"). Enclosed herewith are: (1) the initial disclosures; and (2) the instructions to the binders containing Southern's damages information. The binders, contained in four boxes, and a CD containing images of the contents of the binders in Summation format, were shipped to you separately by Federal Express yesterday.

As reflected in the enclosed initial disclosures and the previously shipped binders, Southern's damages consist of costs already incurred in the development of alternative on-site storage space (including re-racking of spent fuel pools and the design, licensing, construction, operation, and maintenance of Independent Spent Fuel Storage Installations ("ISFSIs")), additional cask purchases, Southern's prior pursuit of alternative storage facilities (such as the Private Fuel Storage Initiative), and other costs resulting from the government's past and anticipated failure to dispose of spent nuclear fuel ("SNF") between January 31, 1998, and December 31, 2009. The binders, contain copies of Southern's business records in support of SNF damages regarding six nuclear reactors owned in whole or in part by GPC (Edwin I. Hatch Nuclear Plant, Units 1 and 2, and Alvin W. Vogtle Electric Generating Plant, Units 1 and 2); and APC (Joseph M. Farley Nuclear Plant, Units 1 and 2).

These disclosures contain information on damages arising from the government's partial breach of the Standard Contracts to the extent that: (a) such damages are comprised of costs that have been incurred through the end of 2003, or will be incurred in 2004 and beyond; and (b) are reflected in budgets prepared in the regular course of business and/or are maintained in the records of SNC, APC or GPC. Southern's initial disclosures do not currently include: (a) summaries of damages that will arise from any additional partial breaches that would occur in the event that the government does not commence SNF acceptance in 2010 or thereafter; (b) costs that Southern will incur subsequent to December 31, 2020, as a result of the government's admitted partial breach of contract (through December 31, 2009); and (c) future costs (e.g., damages that are incurred after December 31, 2003, as a result of the government's partial breach of contract by its failure to commence SNF acceptance under the Standard Contracts at any time prior to 2010, except to the extent that such future costs have been budgeted in the ordinary course of business. Damages that will be incurred subsequent to December 31, 2003, as a result of the government's partial breach of contract that are not reflected in the current business records of SNC, APC, and GPC, will be tabulated and supported in Southern's expert witness reports that Southern will serve in accordance with the schedule established by the Court.

Southern will provide additional information to supplement and update the binders as such information becomes available. If we can be of any further assistance, please do not hesitate to call.

Sincerely,

M. Stanford Blanton
Counsel for Southern Nuclear Operating Company,
Alabama Power Company, and Georgia Power Company

MSB:EH:vk
Enclosures
cc: Ronald A. Schechter
Jeffrey L. Handwerker

# APPENDIX B

# TO

# PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXTEND PRE-TRIAL SCHEDULE

BSB

BALCH & BINGHAM LLP

Alabama • Georgia • Mississippi • Washington, DC

M. Stanford Blanton
(205) 226-3417

Attorneys and Counselors
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, AL 35203-2015
(205) 251-8100
(205) 226-8798 Fax
www.balch.com

(205) 488-5879 (direct fax)
sblanton@balch.com

February 15, 2005

BY FACSIMILE (202) 307-2503
AND U.S. MAIL

John C. Ekman
Trial Attorney
U. S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street N.W.
8th Floor
Washington, D.C. 20530

Dear John:

In accordance with the Court's ruling on the Government's motion for protective order, we will take the deposition of the Government on the subjects indicated by the Court to be allowable areas of inquiry. Please let us know when, prior to the end of this month, the Government's designated witnesses are available to be deposed.

Sincerely,

M. Stanford Blanton

MSB:dc

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL
154-98-614

Telephone:
(202) 305-7562

*Washington, D.C. 20530*

February 25, 2005

VIA TELECOPY AND FIRST CLASS MAIL

M. Stanford Blanton
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203

Re: *Southern Nuclear Operating Company, et al. v. United States*, No. 98-614 (Fed. Cl.)

Dear Mr. Blanton:

As Mr. Ekman informed your associate, Mr. K.C. Hairston, yesterday, the witnesses who are expected to testify in response to the plaintiffs' recent RCFC 30(b)(6) notice, as limited by the Court of Federal Claims' order dated February 14, 2005, can make themselves available to be deposed on March 9, 10, or 11, 2005. If these dates are not convenient for you, please let us know, and we will attempt to identify additional dates that the two witnesses, David Zabransky and Christopher Kouts, can make themselves available.

Very truly yours,

Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division

# APPENDIX C

# TO

# PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXTEND PRE-TRIAL SCHEDULE

B&B

BALCH & BINGHAM LLP

Alabama • Georgia • Mississippi • Washington, DC

M. Stanford Blanton
(205) 226-3417

Attorneys and Counselors
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, AL 35203-2015
(205) 251-8100
(205) 226-8798 Fax
www.balch.com

(205) 488-5879 (direct fax)
sblanton@balch.com

December 29, 2004

**VIA FEDERAL EXPRESS and FACSIMILE**

Marian E. Sullivan
Trial Attorney
U. S. Department of Justice
Civil Division
Commercial Litigation
1100 L Street N.W.
Washington, D.C. 20530

John C. Ekman
Trial Attorney
U. S. Department of Justice
Civil Division
Commercial Litigation
1100 L. Street N.W.
Washington, D.C. 20530

Re: Southern Nuclear Operating Co. v. U. S., No. 98-614C, Court of Federal Claims

Dear Marian and John:

This is in response to Marian's letter of December 21, 2004, and John's letters of December 20, 2004 and December 23, 2004.

As to the depositions requested in Marian's letter, we have reviewed the Government's notice of deposition under RCFC 30(b)(6) and will designate a witness, or witnesses, after the first of the year. As we noted in our correspondence of December 2, 2004, we have not waived the limit on the number of depositions set forth in the RCFC and, as a result, the depositions requested in Marian's letter exceed the maximum number allowed. Further, we do not believe it is appropriate for the Government to insist on an open-ended number of depositions, as is suggested by Marian's letter. We will consent to a total of 13 fact witness depositions, with the 30(b)(6) counting as one unless the designee is another named deponent, if that is acceptable to the Government. Otherwise, we will object to offering more fact witnesses for deposition than are allowed by the rules of the Court.

Marian E. Sullivan
John C. Ekman
December 29, 2004
Page 2

As to John's letter of December 20, our agreement to extend the period for the completion of fact discovery is based expressly on the understanding that the extension will not affect the August, 2005 trial date. Further, in an effort to cooperate with the Government in its audit of our costs, we would also consent to an audit procedure whereby the Government responds to alleged inadequacies in Southern Nuclear's accounting systems or procedures, allocations, and to the reasonableness of categories of costs included in Southern's damages disclosures by January 14, 2005, with challenges to the factual support for expenses claimed to come not later than February 29, 2005. To be clear, we do not agree that the proper subjects of expert testimony are limited to the items or categories of items to be delivered on January 14th, but we believe this process provides a reasonable basis for the completion of the expert reports. To the extent the Government raises issues that are properly the subject of expert testimony subsequent to January 14, 2005, Southern Nuclear reserves the right to update its expert report or to present expert rebuttal testimony on the subjects raised.

Finally, as we made clear in our letter of September 1, 2004 accompanying our damages disclosures, Plaintiffs' future damages will be the subject of expert testimony and will be disclosed in our expert witness reports, due January 31, 2005. The categories of future damages set forth in the expert witness reports should be similar if not identical to the categories of past damages disclosed in our September 1, 2004 submission. We do not agree that the Government's ability to complete fact discovery is compromised by the schedule for discovery of expert witness testimony.

Sincerely,

M. Stanford Blanton

MSB:dc