IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY, ALABAMA POWER COMPANY, and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO ENLARGE DEADLINE TO COMPLETE DISCOVERY AND SUBMIT EXPERT REPORTS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

STEPHEN FINN
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

March 8, 2005

# TABLE OF CONTENTS

PAGE

SUMMARY OF ARGUMENT . . . . . 1

ARGUMENT . . . . . 3

I. SOUTHERN NUCLEAR'S JANUARY 31, 2005, EXPERT DISCLOSURES VIOLATED THE COURT'S PRETRIAL ORDERS . . . . . 3

II. SOUTHERN NUCLEAR'S REMAINING ARGUMENTS ARE UNAVAILING . . . . . 5

A. Southern Nuclear Errs In Relying Upon The Indiana Michigan Case . . . . 6

B. The Assertion Of Government Delay Is Irrelevant And Untrue . . . . . 8

C. Any Delay Resulting From Southern Nuclear's Intentional Conduct Is The Responsibility Of Southern Nuclear, Not The Government . . . . . 10

CONCLUSION . . . . . 11

INDEX TO APPENDIX

PAGE

List of Support Binders produced in connection with August 12, 2003, plaintiff's expert damages report in Indiana Michigan . . . . . . . . . . . . . . . . . . . . . . . . A.046-A.047

List of Support Binders produced in connection with November 25, 2003, plaintiff's expert damages report in Indiana Michigan . . . . . . . . . . . . . . . . . . . . . . . . A.048-A.049

Redacted Summary of Total Damages from August 12, 2003, expert damages model in Indiana Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.050

Redacted Summary of Total Damages from November 25, 2003, expert damages model in Indiana Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.051

List of Support Binders produced in connection with Southern Nuclear's January 31, 2005 expert damages report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.052-A.053

Notice of Deposition of Brent Auer, dated February 17, 2004 . . . . . . . . . . . . . . . . . A.054-A.055

Letter from Marian E. Sullivan to M. Stanford Blanton, dated September 17, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.056-A.057

Letter from Marian E. Sullivan to M. Stanford Blanton, dated October 29, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.058-A.059

Letter from M. Stanford Blanton to Marian E. Sullivan, dated November 5, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.060

Letter from M. Stanford Blanton to Marian E. Sullivan, dated November 22, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.061-A.062

Letter from John C. Ekman to M. Stanford Blanton, dated February 28, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.063-A.064

Letter from M. Stanford Blanton to John C. Ekman, dated January 26, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.065

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY, ALABAMA POWER COMPANY, and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO ENLARGE DEADLINE TO COMPLETE DISCOVERY AND SUBMIT EXPERT REPORTS

The Government respectfully files this reply to the "amended" response of Southern Nuclear Operating Company ("Southern Nuclear"), dated March 1, 2005, in opposition to the Government's motion to enlarge the deadline to complete discovery and submit expert reports.

SUMMARY OF ARGUMENT

Southern Nuclear's response to the Government's enlargement motion establishes that Southern Nuclear has ignored the operative orders upon which the Government's enlargement motion was based because its conduct, when examined in light of those orders, is indefensible. The Government's motion relies upon the April 7, 2004, November 8, 2002, and June 21, 2004, pretrial orders entered by this Court to establish that Southern Nuclear failed timely to produce its damages claims and supporting schedules and documents. See Motion at 7-8. However, Southern Nuclear's response contains no reference to the April 7, 2004, order that required it to disclose "all specific damage sums claimed and all record support for the claimed sums" prior to the commencement of discovery. See A.004-A.005.[1] Likewise, Southern Nuclear completely

---

[1] Citations to A.001-A.045 refer to the appendix attached to the Government's enlargement motion. Citations to A.046-A.065 refer to the appendix attached to this reply.

ignores the Court's November 8, 2002, order that detailed significant, specific information that Southern Nuclear was required – yet failed – timely to disclose. See A.001-A.003. Further, while Southern Nuclear states that it has "fully complied" with the June 21, 2004, scheduling order, its response references only the dates in the schedule itself (Response at 2) and ignores the relevant requirement that Southern Nuclear "shall so proceed in pretrial and initiate the audit process by providing defendant's counsel at the beginning of fact discovery, with a schedule(s) of items and figures from plaintiffs' records which are to be utilized to support its claimed damages." See A.006-A.008. Southern Nuclear's failure to apply the relevant orders upon which the Government relies demonstrates that the enlargement should be granted here.

In addition to its total failure to apply this Court's material pretrial orders, Southern Nuclear fails to contradict any of the Government's factual assertions concerning the material revisions that Southern Nuclear made to its damages model and claim and produced only on January 31, 2005. Southern Nuclear does not dispute that its January 31, 2005, expert damages model fundamentally altered the underlying methodology and presentation of its August 31, 2004, damages claim. Southern Nuclear does not dispute that, instead of the original 13 expert-derived schedules detailing its August 31 claim, its January 31 claim includes more than 250 new, expert-derived schedules. Southern Nuclear does not dispute that its expert report is supported by 17 new binders, including a 90-page damages model that it never previously produced to the Government.[2] Finally, Southern Nuclear does not dispute that its January 31 claim includes at least $66 million in new past and future damages, including categories of

---

[2] Southern Nuclear also does not dispute that, on January 31, 2005, it produced more than 4,000 pages of supporting material, including as many as 3,000 pages that it never previously provided to the Government.

damages that were not present in the initial disclosure, as well as previously undisclosed offsets totaling a present value of nearly $34 million.

Instead of challenging the underlying factual and legal bases for the Government's motion, Southern Nuclear merely argues that it has fully complied with the dates set forth in the June 21, 2004 order. Response at 2. In addition, Southern Nuclear opposes any enlargement upon the factually specious comparison of its conduct with that of the plaintiff in the Indiana Michigan litigation. Id. at 5. Finally, Southern Nuclear resorts to well-worn complaints that the Government is intentionally delaying the litigation (id. at 3-4) and that any delay will prejudice Southern Nuclear. Id. at 1. All of these arguments fail examination.

## ARGUMENT

### I. SOUTHERN NUCLEAR'S JANUARY 31, 2005, EXPERT DISCLOSURES VIOLATED THE COURT'S PRETRIAL ORDERS

Because of Southern Nuclear's glaring failure to contradict any of the legal and factual premises for the Government's enlargement motion, the Court should grant the short four-month enlargement that we seek.

First, Southern Nuclear's failure to contradict any of the Government's factual assertions unequivocally demonstrates that, prior to the commencement of discovery, Southern Nuclear failed to "disclose to defendant all specific damage sums claimed and all record support for the claimed sums in the form of schedules," as required by this Court's April 7, 2004, and June 21, 2004, orders. A.004-A.005 (emphasis added); A.006-A.008. The following facts, among others in the Government's motion, are uncontradicted. Prior to the commencement of discovery, Southern Nuclear failed to produce more than 250 supporting schedules, including a complicated

90-page damages model. Southern Nuclear failed to produce 17 binders and nearly 3,000 pages of information that detail and support its damages claim. Southern Nuclear also failed to identify more than $66 million in damages and $34 million in offsets. Instead, Southern Nuclear waited until January 31, 2005 – four weeks before the Government's responsive expert reports were due and the audit was to be completed – before producing this massive amount of information to the Government. Southern Nuclear simply has not complied with this Court's pretrial orders, and the requested enlargement should be granted.[3]

Second, Southern Nuclear's contention that it has abided by the June 21, 2004, order is false. In arguing compliance with one of the three material orders, Southern Nuclear fails to apply the disclosure requirements set forth in that order to its conduct in this case. Specifically, this Court ordered the disclosure of Southern Nuclear's damages claim prior to the commencement of discovery on September 1, 2004, to allow for the audit process and discovery to proceed from those disclosures. See A.006-A.008. Supplementation only is allowed "to an extent consistent with fully accomplishing the verification process during the pretrial period." Id. (emphasis added). The identification of $66 million in new claims and $34 million in new offsets four weeks before the Government was required to complete discovery and its audit, as well as to produce its own expert reports, is inconsistent with this Court's order. It is undeniable

[3] Southern Nuclear's argument that the current motion "is nothing but a backdoor attempt to reorder discovery . . . that the Court previously rejected" (Response at 6), demonstrates a fundamental misunderstanding of this Court's orders. The Court required the complete disclosure of all claims prior to the start of fact discovery so that discovery could proceed in an orderly and efficient manner. Southern Nuclear cannot deprive the Government of fact discovery by withholding $100 million in claims and offsets from disclosure until the service of its expert reports and then arguing against any enlargement upon the grounds that the Court did not envision fact discovery into its substantially revised claims after the expert report deadline.

that the Government and its auditors could not review, analyze, and audit $100 million in new claims and offsets over a four-week period, while simultaneously completing discovery and preparing responsive expert reports.

Finally, the disclosure of additional damages requires additional fact discovery. Three fact witnesses – DeWade Pittman, Jim Wade, and Tom McCallum – are referenced more than 280 times throughout the previously-undisclosed expert damages model, and the identification of entirely new damages categories may require additional fact discovery. Southern Nuclear should not be rewarded for its absolute failure to abide both by the letter and spirit of this Court's operative pretrial orders. The requested four-month enlargement should be granted.

## II. SOUTHERN NUCLEAR'S REMAINING ARGUMENTS ARE UNAVAILING

Instead of defending the substance of its disclosures under the Court's three pretrial orders or contradicting the factual bases underlying the enlargement motion, Southern Nuclear defaults to three irrelevant or inapplicable arguments. First, Southern Nuclear argues that its "overall damages analysis follow[s] the same methodology that the Government previously reviewed and analyzed in great detail in the Indiana Michigan case." Response at 5. Southern Nuclear therefore contends that any enlargement is improper because "it took the Government only three months . . . to prepare for trial from the date it received Indiana Michigan's updated damages claim." Id. Second, Southern Nuclear defaults to the well-worn argument of Government delay. Finally, Southern Nuclear falls back upon an argument of prejudice based upon the length of time this case has been before the Court of Claims. Id. at 1. Each of these arguments fail critical analysis.

A. Southern Nuclear Errs In Relying Upon The *Indiana Michigan* Case

The Government does not dispute that the damages model produced in this case follows a similar methodology to the model litigated in Indiana Michigan. However, any comparison of these two cases – and of the disclosures made by the plaintiffs in these two cases – demonstrates why an enlargement is appropriate here.

First, the substance of Indiana Michigan's initial damages disclosures and the scope of the limited "updated claim" (as Southern Nuclear calls it) that Indiana Michigan produced three months later belie comparison to the fundamental substantive and methodological changes that Southern Nuclear made to its claims between its first and second submissions. Unlike the perfunctory and, now, obsolete initial disclosure that Southern Nuclear provided, Indiana Michigan's initial disclosure included a 102-page expert damages model and 19 supporting binders containing the expert-derived schedules, expert-written marginalia, and supporting documentation. See A.046-A.047. On November 25, 2003, Indiana Michigan revised its damages model and four of the previously-produced 19 binders while adding two new binders containing a supporting contract. See A.048-A.049.[4] Unlike here, Indiana Michigan's revised claim did not involve the wholesale abrogation of its original damages model. Indeed, between the August 12 and November 25 submissions, Indiana Michigan's damages claim changed from \$103.9 million (2003 present value) to \$107.7 million (2004 present value). Compare A.050 (from the August 12 damages model) with A.051 (from the November 25 damages model).

[4] The binders produced in Indiana Michigan on August 12, 2003, included binders relating to cost of capital, escalation factors, labor rates, discharge and acceptance rates, and would-have-been costs. See A.046-A.047. Binders containing this information were not produced by Southern Nuclear until January 31, 2005. See A.052-A.053.

Thereafter, the Government had more than six weeks to analyze the revised information prior to the production of its expert reports. Even after its reports were produced, the Government was allowed to take fact depositions based upon the revisions that Indiana Michigan had made to its damages model, with the last deposition taking place less than two weeks before the March 1, 2004, trial. A.054-A.055.

Here, Southern Nuclear failed to produce its expert damages model and supporting binders and schedules until January 31, 2005. See A.052-A.053. While the Government had five months to review, analyze, and respond to Indiana Michigan's expert binders, Southern Nuclear's disclosures provided four weeks for the same analysis. Moreover, the revisions between Southern Nuclear's initial and final disclosures far exceed in amount and scope the revisions that Indiana Michigan made. Among other things, Southern Nuclear's $100 million in revised damages and offsets is many times the quantum of damages added to Indiana Michigan's claims by its revised model.

Second, any analysis of Southern Nuclear's claim and damages model is more complicated than the analysis in Indiana Michigan. Indiana Michigan involved a single two reactor facility with a single wet pool and a claim for a future dry storage facility. Southern Nuclear's damages model implicates three facilities with six reactors and six wet pools, as well as one constructed dry storage facility, one continuing construction project, and one projected dry storage project. Any assertion that the Government simply can rely upon its experience in Indiana Michigan to make presumptions about Southern Nuclear's costs misstates the factual issues here that add complexity to any analysis. Even if the models were similar, the damages claimed – and the basis therefor – are unique and depend upon different evidentiary support. The

Government cannot draw upon its knowledge of the Indiana Michigan damages model to expedite the analysis of Southern Nuclear's damages model here.

B. The Assertion Of Government Delay Is Irrelevant And Untrue

As an initial matter, any analysis of the Government's enlargement motion begins and ends with the question of whether Southern Nuclear's January 31, 2005, expert disclosures were consistent with this Court's pretrial orders. Any alleged Government delay in taking fact discovery is irrelevant to a resolution of that question. However, Southern Nuclear's self-serving assertions of Government delay are unsupported. The Government received the now obsolete damages disclosures on August 31, 2004. A.052. On September 17, 2004, the Government served its first requests for production of documents. A.056-A.057. Within 60 days of receiving the initial claim, the Government provided its first set of audit requests to Southern Nuclear.[5] A.058-A.059. On October 20, 2004, Southern Nuclear produced more than 15,000 pages of documents responsive to the Government's first requests for production. See A.060. On November 22, 2004, Southern Nuclear produced its first update to its original damages claim. A.061-A.062.

The Government took its first fact deposition on December 13 and 14, 2004, after it had been able to digest some of the materials that Southern Nuclear had produced, and, based upon the agreed-upon modifications to the discovery schedule, scheduled all remaining depositions to

---

[5] Contrary to Southern Nuclear's assertion of full compliance, numerous audit requests remain outstanding. However, as we set forth in our enlargement motion, this audit has proceeded with the cooperation of Southern Nuclear and its attorneys. As the Court is aware, auditing a claim of this size requires significant time and the production of significant supporting material. We do not contend that the present failure of Southern Nuclear to respond to all outstanding audit requests is intentional.

conclude before February 28, 2005. In fact, of the five remaining fact depositions that the Government currently believes are necessary, two did not take place in February because of illnesses suffered by Southern Nuclear's witness and the Government's attorney. A.063-A.064. The remaining three fact depositions that were not completed in February were those of Mssrs. Pittman, Wade, and McCallum, the employees cited more than 280 times as sources for the revised January 31, 2005, damages claims.[6] Any assertion of Government delay is unfounded.

Finally, the agreed-upon extension in the discovery deadline was not conditioned upon a guarantee that the Government would not seek an extension in the trial date. At the time of the extension in discovery, the Government was not aware that the damages claim which it was auditing and against which it was taking discovery was substantively incomplete. In any event, the extension in fact discovery did "not affect the August, 2005 trial date" as set forth in Appendix C of Southern Nuclear's response. Had Southern Nuclear timely submitted a written expert report concerning the $111 million in damages previously identified, all fact discovery potentially could have been completed prior to February 28, 2005. The reason that the trial date now must be moved is because of the substantial and material revisions that Southern Nuclear made to its damages claim on January 31, 2005, and the time needed to review, analyze, audit, and respond to those revised claims. The four-month enlargement was necessitated by Southern Nuclear's failure to abide by this Court's pretrial orders, not by well-worn allegations of Government delay.

---

[6] Southern Nuclear noticed the depositions of Mssrs. Zabransky and Kouts on January 26, 2005, after the close of the discovery period set forth in the Court's June 21, 2004, order. A.065.

C. Any Delay Resulting From Southern Nuclear's Intentional Conduct Is The Responsibility Of Southern Nuclear, Not The Government

Southern Nuclear attempts to defeat the Government's motion based upon an argument that this case is seven years old and that any further delays will prejudice Southern Nuclear. Response at 1. Southern Nuclear's appeal is unavailing. Given that the case is seven years old – and, particularly, given that the April 7, 2004, order pre-dated the damages disclosures by nearly five months – there is no legitimate explanation for Southern Nuclear's failure to identify substantially all of its damages on August 31, 2004.[7] Moreover, Southern Nuclear could have proceeded to trial upon its initial $111 million claim. This is particularly true given that the claim that Southern Nuclear brought presumes a return to this Court at a later date to obtain additional incurred damages. However, Southern Nuclear elected substantially to modify its methodology and increase its damages claim, leaving the Government with only four weeks within which to analyze, audit, and respond to the entirety of the massive new claim. Though we dispute that a four-month delay will prejudice Southern Nuclear, any prejudice is of Southern Nuclear's own making.[8] In any event, the Government should not be prejudiced in its ability to defend these substantially revised claims based upon Southern Nuclear's intentional delay in identifying the damages that it will seek at trial.[9]

---

[7] Southern Nuclear also failed to disclose its revised damages at any time prior to January 31, 2005.

[8] In our motion, we noted that an enlargement of four months likely would not require a proportional enlargement in the trial date. The length of any enlargement in the trial date is dependent upon the amount of time that Southern Nuclear believes it will need to analyze the Government's expert reports and complete expert discovery.

[9] As set forth in our motion, we requested the identification of Southern Nuclear's future damages prior to the production of its expert reports. Those requests were rejected.

CONCLUSION

Based upon the foregoing and upon the arguments set forth in the Government's motion, the Government respectfully requests that this Court enlarge the deadline for the Government to complete fact and expert discovery, to audit Southern Nuclear's revised damages claim, and to submit its responsive expert reports to June 29, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

STEPHEN FINN
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

March 8, 2005

CERTIFICATE OF FILING

I hereby certify that on this 8th day of March 2005, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF MOTION TO ENLARGE DEADLINE TO COMPLETE DISCOVERY AND SUBMIT EXPERT REPORTS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John C. Ekman