IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY, ALABAMA POWER COMPANY, and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF DAVID ZABRANSKY AND CHRISTOPHER KOUTS

Defendant, the United States, respectfully submits this reply to the response of plaintiffs, Southern Nuclear Operating Company, Alabama Power Company, and Georgia Power Company ("Southern Nuclear"), to the Government's motion for a protective order to preclude the depositions of Department of Energy ("DOE") employees David Zabransky and Christopher Kouts. Southern Nuclear's response not only fails to establish its need for these two depositions, it affirmatively demonstrates that neither deposition is required. Indeed, this Court already has resolved the issues that Southern Nuclear raises, and upon which it seeks deposition discovery, in prior orders. The Government's motion for protective order should be granted.

ARGUMENT

I. THE START DATE OF REPOSITORY OPERATIONS IS IRRELEVANT TO SOUTHERN NUCLEAR'S CLAIMS AND THE GOVERNMENT'S DEFENSES

In its response, Southern Nuclear identifies three topics upon which it seeks to depose Messrs. Zabransky and Kouts. First, Southern Nuclear seeks to depose Messrs. Zabransky and Kouts upon the status of the 2010 start date for repository operations. Response at 2. Southern Nuclear claims that this topic is discoverable because the start date for DOE repository

operations is significant to any determination of whether "it was (and is) reasonable for Southern in planning for its spent nuclear fuel storage needs to assume that the Government would not commence waste operations until later than 2010." Id. Second, Southern Nuclear seeks to depose Messrs. Zabransky and Kouts upon DOE's "plans for accepting spent nuclear fuel ("SNF") from Southern's three reactor sites." Id. Finally, Southern Nuclear identifies its desire to seek testimony relating to the 2004 Annual Priority Ranking and Annual Capacity Report ("APR/ACR").[1] Based upon the Court's orders in this case, upon the Government's defenses to Southern Nuclear's claims, and upon the numerous depositions and the trial testimony available from these two witnesses, none of these topics should be the subject of individual depositions of these two witnesses.

With regard to Southern Nuclear's request for information concerning the 2010 start date, this Court, by order dated February 14, 2005, granted the Government's motion for protective order concerning Southern Nuclear's RCFC 30(b)(6) deposition notice upon the issue of DOE's plans for the commencement of repository operations. See Order, dated February 14, 2005. As a result, a protective order should issue to preclude individual depositions of DOE witnesses concerning this same issue. In arguing that it is entitled to depositions concerning the status of the 2010 repository start date, Southern Nuclear admits that its damages are based upon breaches through 2010. Response at 2. As a result, whether DOE will commence repository operations in

---

[1] The plaintiff in South Carolina Electric & Gas Co. v. United States, No. 04-101-C (Fed. Cl.), issued a RCFC 30(b)(6) deposition notice that seeks information similar to that requested by Southern Nuclear in its RCFC 30(b)(6) notice. Specifically, both Southern Nuclear and SCE&G seek testimony concerning the 2004 Annual Priority Ranking and Annual Capacity Report. In an attempt to limit duplicative testimony, the Government intends to coordinate these depositions so that only a single deposition upon this issue is required.

2010 or whether it will commit additional breaches after that date is irrelevant to the damages sought in this case. If DOE fails to begin SNF acceptance in 2010, Southern Nuclear may sue for damages caused by subsequent partial breaches. However, since the date of commencement of operations is irrelevant to Southern Nuclear's claims, depositions upon this topic should be precluded.

Southern Nuclear attempts to make the issue of 2010 acceptance relevant to this case by arguing that it goes to the "reasonableness of Southern's mitigation efforts." Id. However, the "reasonableness of Southern's mitigation efforts" must be based upon knowledge and information possessed by Southern Nuclear at the time it made its decisions, not based upon when DOE now believes it will perform under the Standard Contract. See Columbia First Bank FSB v. United States, 54 Fed. Cl. 693, 699 (2002) (citing Koby v. United States, 53 Fed. Cl. 493, 497 (2002)). As a result, the issue of whether DOE will perform by 2010, or at some later date, based upon information available today is irrelevant to any mitigation analysis. Moreover, Southern Nuclear's argument fails to recognize that a significant issue in this case is causation, not mitigation, and that its damages will rise and fall primarily upon a causation analysis.

## II. THE COURT HAS ORDERED THE GOVERNMENT TO PRODUCE A RCFC 30(b)(6) WITNESS CONCERNING DOE'S ACCEPTANCE OF SNF FROM SOUTHERN NUCLEAR'S THREE REACTOR SITES

Southern Nuclear's second identified topic of questioning – DOE's plans for accepting SNF from Southern Nuclear's reactor sites – was resolved by the Court's February 14, 2005, order. In that order, the Court ordered the Government to produce a witness concerning "plan(s) for accepting delivery of plaintiffs' SNF stored in dry casks on Southern's reactor sites or from an away from reactor site(s)." Order, dated February 14, 2005. Based upon that order, the

Government expects to produce Mr. Zabransky to testify concerning that specific issue. Since the Government is producing a RCFC 30(b)(6) witness upon that issue, and since Southern Nuclear has failed to make any showing that the RCFC 30(b)(6) deposition it sought and obtained is insufficient, any further depositions should be precluded by the Court.

## III. THE GOVERNMENT HAS AGREED TO PRODUCE A RCFC 30(b)(6) WITNESS CONCERNING THE 2004 APR/ACR

Southern Nuclear appears to identify, once again, its need to depose Messrs. Zabransky and Kouts concerning the 2004 APR/ACR. However, as this Court recognized in its February 14, 2005, order, the Government has agreed to produce a RCFC 30(b)(6) witness in response to Southern Nuclear's notice upon this issue.[2] Since the RCFC 30(b)(6) deposition that Southern Nuclear noticed will be conducted upon this issue, no further individual depositions upon this issues should be required. In any event, Southern Nuclear has failed to identify any reason why the RCFC 30(b)(6) deposition <u>that it noticed</u> is insufficient. Barring such a showing, any individual depositions concerning this issue should be rejected.[3]

---

[2] Mr. Kouts will be the Government's designee upon the 2004 APR/ACR.

[3] The fact that Messrs. Zabransky and Kouts are being produced as witnesses in response to Southern Nuclear's RCFC 30(b)(6) notice does not "lessen the burden" upon the Government in producing these witnesses in their individual capacities as well. <u>See</u> <u>Response</u> at 4. Southern Nuclear should not be allowed to go beyond the topic areas covered by the Court's February 14, 2005, order simply because these witnesses each will be produced upon certain discrete topics. The fact that the these witnesses have the most knowledge concerning the issue areas covered by the Court's order does not mitigate the burden upon these witnesses to respond to otherwise irrelevant and duplicative matters. Southern Nuclear should be limited in its questions to the topic areas to which each witness is designated in response to this Court's February 14, 2005, order.

## IV. SOUTHERN NUCLEAR ADMITS THAT IT MAY SEEK DUPLICATIVE DISCOVERY

Southern Nuclear's admission at the conclusion of its response that "it is not inconceivable that Southern would pose some questions that were previously asked for the purpose of establishing foundation or context" (Response at 5) highlights the Government's concerns in allowing additional depositions of these extensively-questioned DOE employees. Instead of reading the voluminous deposition and trial transcripts for these witnesses for "foundation or context," Southern Nuclear expressly reserves the right to retread old ground. Moreover, areas of questioning that constitute "foundation or context" are indefinable, highly subjective, and potentially unlimited. This Court should enter a protective order precluding the depositions of Messrs. Zabransky and Kouts, thereby limiting any additional testimony from these witnesses to topic areas responsive to Southern Nuclear's RCFC 30(b)(6) notice, as limited by this Court's February 14, 2005, order, upon which they are designated.

## CONCLUSION

Southern Nuclear has failed to identify any issues not already covered by this Court's prior orders that require the individual depositions of Messrs. Zabransky and Kouts. For the foregoing reasons and for those set forth in the Government's motion, defendant respectfully requests that the Court quash the deposition notices that Southern Nuclear served and issue a protective order to preclude the depositions of Messrs. Zabransky and Kouts.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

STEPHEN P. FINN
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

March 9, 2005

CERTIFICATE OF FILING

I hereby certify that on this 9th day of March 2005, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS OF DAVID ZABRANSKY AND CHRISTOPHER KOUTS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John C. Ekman