# In the United States Court of Federal Claims

No. 98-614C
(Filed April 8, 2005)

******************************
SOUTHERN NUCLEAR *
OPERATING COMPANY, *
ALABAMA POWER COMPANY, *
GEORGIA POWER COMPANY, *
*
Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
******************************

## ORDER

Plaintiffs have noticed the depositions of David Zabransky and Christopher Kouts. Based on the availability of their past depositions or trial testimony in other cases concerning the spent nuclear fuel ("SNF") issues involved in this litigation, defendant moves for a protective order precluding the depositions sought. However, Mr. Zabransky and Mr. Kouts have been designated by defendant to respond to a RCFC 30(b)(6) notice from plaintiff as to several matters involved in this litigation which deposition is scheduled in the near future. To coordinate the individual and the RCFC 30(b)(6) depositions, a ruling is required on the protective order sought.

The parties appear to agree that Mr. Zabransky and Mr. Kouts should not be subjected to questions fully responded to in prior depositions or testimony. Plaintiffs note a possible need to cite prior response material for foundation or context purposes but indicates this would be very limited. There exists a dispute concerning the relevance of any questions addressed to when the Department of Energy now plans to commence SNF disposal given the time frame for the damages to be determined in this litigation keyed to 2010. However, to the extent Mr. Zabransky or Mr. Kouts has

personal knowledge of any current plan's start date, the subject matter has sufficient relevance to support discovery. This area of inquiry may well be covered in their RCFC 30(b)(6) depositions.

Accordingly, it is **ORDERED**:

(1) That the protective order to preclude the individual depositions of Mr. Zabransky and Mr. Kouts shall be **GRANTED** to the extent that questions shall not be addressed to matters where there exists a reasonably complete response in prior depositions or testimony by the deponent, and where the deposition or testimony is available to plaintiffs, except that prior depositions or testimony may be referenced for foundation, context, or clarification purposes when needed to obtain responses to questions addressed to new subjects;

(2) That except to the extent **GRANTED** in (1) defendant's motion for a protective order addressed to individual depositions of Mr. Zabransky and Mr. Kouts shall, otherwise, be **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge