IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING COMPANY; ALABAMA POWER COMPANY; and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C (Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR A BRIEF ENLARGEMENT OF TIME TO COMPLETE EXPERT DISCOVERY AND PRODUCE RESPONSIVE EXPERT REPORTS

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests a brief nine-day enlargement of time, to and including Friday, June 10, 2005, for the Government to complete expert discovery and produce its responsive expert reports. The current deadline for the completion of all discovery and for the production of the Government's responsive expert reports is set for June 1, 2005. Based upon the schedule for the completion of depositions set forth below, counsel for plaintiffs, K.C. Hairston, has represented that plaintiffs do not oppose this motion.

The instant motion is necessitated by an illness suffered by lead counsel in this case that resulted in a delay in taking and completing depositions of plaintiffs' damages experts, Kenneth Metcalfe and Richard Sieracki. In preparation for the completion of its responsive expert reports, the Government has vigorously pursued fact and expert discovery. Since the entry of the Court's order scheduling the close of discovery for June 1, 2005, the Government has completed its fact depositions of Southern Nuclear personnel and one of three expert depositions. Depositions of plaintiffs' two damages experts were scheduled to take place from May 24-26, 2005.

On May 23, 2005, lead counsel for the Government – the attorney responsible for taking the expert depositions – fell ill and was unable to proceed with the scheduled deposition of Mr. Metcalfe on Tuesday, May 24, 2005. By late Tuesday afternoon, and based upon the state of counsel's health, it became apparent that Mr. Metcalfe's deposition could not proceed the following day either. While we believed that Mr. Metcalfe's deposition could proceed on May 26, 2005, the schedules of plaintiffs' counsel would not permit the completion of that deposition on Friday, May 27. Given the uncertain condition of lead counsel for the Government, we did not want to keep plaintiffs' counsel in town for a potential Thursday deposition that, in any event, could not be completed the following day. Further, based upon Mr. Metcalfe's busy schedule, we were informed that his deposition could not take place the week of May 30, 2005. The Government has agreed to depose Mr. Metcalfe on Tuesday, June 7, 2005, and Mr. Sieracki on June 8, 2005.

The requested enlargement will not affect any of the other deadlines set by the Court for pretrial activities. However, to the extent that the plaintiffs require additional time in which to analyze and depose the Government's experts, the Government would not oppose the granting of such an enlargement if requested by the plaintiffs.

For the foregoing reasons, we respectfully request that the Court grant this request for a nine-day enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

STEPHEN FINN
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

May 26, 2005

CERTIFICATE OF FILING

I hereby certify that on this 26th day of May, 2005, a copy of foregoing "DEFENDANT'S MOTION FOR A BRIEF ENLARGEMENT OF TIME TO COMPLETE EXPERT DISCOVERY AND PRODUCE RESPONSIVE EXPERT REPORTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John C. Ekman