IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING COMPANY; ALABAMA POWER COMPANY; and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C (Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ORDER REGARDING THE TIMING OF REVIEW OF THE GOVERNMENT'S RESPONSIVE EXPERT REPORTS BY PLAINTIFFS' EXPERT WITNESSES

Defendant, the United States, respectfully moves this Court for the entry of an order barring plaintiffs' damages experts, Kenneth Metcalfe and Richard Sieracki, from reviewing or discussing, in any way, the Government's responsive expert reports or the content of those expert reports until the completion of Mr. Sieracki's deposition, currently scheduled for May 13, 2005. Counsel for plaintiffs, K.C. Hairston, has represented that plaintiffs do not oppose this motion.

The instant motion results from an illness suffered by lead counsel in this case that resulted in a delay in taking and completing depositions of plaintiffs' damages experts, as well as subsequent scheduling difficulties associated with the deposition of Mr. Sieracki. Currently, and based upon an enlargement motion filed by the Government and granted by the Court on May 26, 2005, the Government's expert reports are due on June 10, 2005. In making our enlargement motion, we anticipated that the depositions of plaintiffs' damages experts would be completed by June 10, 2005. However, Mr. Sieracki, whose deposition originally was scheduled for May 26, 2005, is not available for a deposition until Monday, May 13, 2005, after our responsive expert reports are due.

In an effort to eliminate the need for an additional enlargement, and based upon the Government's desire to complete the expert depositions prior to any expert review or analysis of our responsive expert reports, we have agreed to produce our responsive expert reports on June 10, 2005, provided that this Court enters an order precluding plaintiffs' damages experts from reviewing or discussing, in any way, the Government's expert reports or the substance of those reports prior to the completion of Mr. Sieracki's deposition. The Government intends this order to bar any review of the responsive expert reports by plaintiffs' damages experts, as well as any communications between plaintiffs' counsel and the damages experts concerning the content of the responsive expert reports.

For the Court's information, the Government has agreed to travel to Chicago to take Mr. Sieracki's deposition, thereby precluding the need for Mr. Sieracki to make a second trip to Washington, D.C. The deposition of Mr. Metcalfe will take place before June 10, 2005. His deposition is scheduled to begin the afternoon of June 6, 2005, and conclude on June 7, 2005.

For the foregoing reasons, we respectfully request that the Court grant this request for an order barring plaintiffs' damages experts, Kenneth Metcalfe and Richard Sieracki, from reviewing or discussing, in any way, the Government's responsive expert reports or the content of those reports until the completion of Mr. Sieracki's deposition.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

STEPHEN FINN
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

June 1, 2005

CERTIFICATE OF FILING

I hereby certify that on this 1st day of June, 2005, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ORDER REGARDING THE TIMING OF REVIEW OF THE GOVERNMENT'S RESPONSIVE EXPERT REPORTS BY PLAINTIFFS' EXPERT WITNESSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John C. Ekman