# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **SOUTHERN NUCLEAR OPERATING CO., INC., ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 98-614C (Senior Judge Merow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' MOTION FOR PRE-TRIAL CONFERENCE

Plaintiffs, Alabama Power Company, Georgia Power Company, and Southern Nuclear Operating Company, hereby move for the Court to schedule a Pre-trial Conference in the above-referenced action. This action was filed on July 29, 1998, judgment on liability for partial breach of contract has been entered for the Plaintiffs, fact and expert discovery regarding damages is complete, and a trial on damages is scheduled to commence on October 17, 2005. Counsel for Plaintiffs and Defendant have communicated regarding a number of measures which might serve to streamline the evidence in the trial on damages and/or otherwise make the trial of this matter more efficient and less burdensome on the Court, the witnesses, and the parties. Thus far no agreement on these issues has been reached and Plaintiffs believe that the Court's guidance may be helpful in this regard. Plaintiffs request that the following issues be addressed in a Pre-trial conference:

1. **The use of the Trial Transcript in the case of *Yankee Atomic Power Company, et. al. v. United States,* No. 98-126C.** In 2004, this Court heard evidence in the so-called *Yankee* litigation regarding the issue of what rate of acceptance of spent nuclear fuel ("SNF") should form the basis for the damages due the *Yankee* plaintiffs. As regards the industry aggregate rate

of acceptance of spent nuclear fuel ("SNF") that DOE should have implemented in accordance with its contracts with Plaintiffs, the evidence and witnesses will be very similar to that presented in the *Yankee* litigation. Indeed, the Government has argued, and the Court has ordered, that discovery could not be taken in this case regarding matters about which Government witnesses testified in the *Yankee* case. In addition, the Government has indicated that it intends to offer in this case the testimony from the *Yankee* trial of at least one of its witnesses in that case. Similarly, Plaintiffs intend to offer evidence from current and former employees of the United States Department of Energy that is essentially the same testimony as that presented in the *Yankee* trial regarding acceptance rate. Plaintiffs believe that the trial of this matter may be greatly simplified if either party may offer testimony given in the *Yankee* trial on the issue of acceptance rate.

2. **The issues remaining in dispute regarding Plaintiffs' damages.** In accordance with this Court's Orders of April 7, 2004, and June 21, 2004, Plaintiffs provided to the Government the books and records evidence supporting their damages beginning on September 1, 2004. In accordance with the Court's order, the Government was to audit those books and records and provide Plaintiffs with a response to the audit. The Government has not provided a formal response to the audit other than in the form of the report of its Expert Witness Larry Johnson, which challenges certain specifically identified costs as "unsupported." In addition, Mr. Johnson's report challenges certain of Plaintiffs' claimed damages as either "non-incremental" or "unreasonable." A significant portion of Plaintiffs' damages claim, however, is not challenged in the report of Mr. Johnson or in any of the reports of the Government's other expert witnesses, subject to the question of what SNF acceptance rate should be used to calculate

damages. Plaintiffs believe that a Pre-trial conference may be useful in identifying with specificity the damages in dispute, and in narrowing the evidence to those disputed issues.

3. **Place of Trial.** With the exception of expert witnesses, all of Plaintiffs' witnesses reside in Birmingham, Alabama. All of Plaintiffs' documentary evidence is housed in the corporate headquarters of Southern Nuclear Operating Company in Birmingham. Plaintiffs believe that the trial of this matter will be less burdensome on its witnesses, and may be made more efficient, less time-consuming and less costly, if at least Plaintiffs' case were to be presented in the Hugo Black United States Courthouse in Birmingham, Alabama. Plaintiffs recognize that the Court may have scheduling or other issues of which Plaintiffs are not aware that may impact on Plaintiffs' request. Plaintiffs believe, however, that a discussion of this issue in a Pre-trial Conference is appropriate.

Counsel for Plaintiffs has attempted to contact Counsel for the Government regarding this request for a Pre-trial Conference and in order to raise the issue regarding the place of trial, but has not been able to reach him.

Wherefore, premises considered, Plaintiffs request that the court schedule a Pre-trial Conference to address the matters set forth above, and such other matters as the Court deem advisable.

Respectfully submitted,

Dated: August 25, 2005

/s M. Stanford Blanton

M. Stanford Blanton
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Phone: 205-226-3417
Fax: 205-226-8798

COUNSEL OF RECORD FOR PLAINTIFFS

Of Counsel:

Ed R. Haden
K. C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Phone: (205) 251-8100
FAX: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Phone: (202) 942-5777
FAX:(202) 942-5999

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2005, a copy of the foregoing "PLAINTIFFS' MOTION FOR PRE-TRIAL CONFERENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s M. Stanford Blanton____
Of Counsel