# In the United States Court of Federal Claims

No. 98-614C
(Filed September 16, 2005)

| | |
|---|---|
| SOUTHERN NUCLEAR OPERATING COMPANY, ALABAMA POWER COMPANY, GEORGIA POWER COMPANY, | * |
| Plaintiffs, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

**ORDER**

The Court held an initial pretrial conference at 1:30 p.m. on Thursday, September 15, 2005 to discuss procedural issues and any impact of *Indiana Michigan*, __ F.3d.__, 2005 WL 2173563 (Sept. 9, 2005) on the upcoming trial, including the time period for which partial breach damage evidence will be offered in this litigation. 2005 WL 2173563 at *5.

In response to the Court's Order and questioning in the light of *Indiana Michigan*, counsel expressed their views as to the applicable time period for which damages can be addressed in this action. Plaintiffs' counsel offered December 31, 2004 as a cut-off date for presentation of its damage evidence for trial. The government has the issue under study and may take a more limited view as to the recovery period, but did not object to plaintiffs' proposed December 31, 2004 cut-off date for the presentation of evidence.

As the parties have been preparing to litigate damages accruing somewhat beyond December 31, 2004, they expressed no problem with presentation of evidence as to the damages claimed through that date. Their expert reports are compatible with

a December 31, 2004 cut-off. Given the pretrial preparation, fairness and judicial efficiency favor, if not compel, presentation of evidence concerning damage incurred[1/] as of that date.

Concerning compliance with the Court's audit procedure orders, the government represented that, while reserving the right to dispute causation, objections to plaintiffs' damages from an accounting aspect are contained in the expert report(s). Accordingly, except for those items for which the government has so provided notice to plaintiffs, the accounting realities of amounts incurred and paid are established and will be treated as such at trial. The parties are working toward resolving the remaining disputed accounting items and will endeavor, in good faith, to resolve them by **September 30, 2005.**

Also, counsel admirably reached agreement upon schedules for exchange of demonstratives and disclosure of the order of witnesses.

Accordingly, it is hereby **ORDERED:**

(1) Demonstrative exhibits shall be provided to the opposing party forty-eight hours prior to their use at trial;

(2) The order of witnesses shall be provided to the opposing party seven calendar days in advance of that testimony;

(3) Deposition designations shall be provided to the opposing party seven calendar days prior to the commencement of the propounding party's case-in-chief. All counter-designations shall be provided after the conclusion of the trial;

(4) Trial transcripts from the consolidated trial in *Yankee Atomic Power Company v. United States*, No. 98-126C shall be treated as depositions for the purpose of designations with notice(s) given as provided above;

(5) The scope of the trial proceedings in this matter will comprise damage evidence up to and including December 31, 2004;

---

[1/] As the Court noted at the pretrial conference, when a damage item is "incurred" in this context, and/or what particular cut-off date(s) for recovery may be sanctioned by *Indiana Michigan* await further exposition and determination.

(6) Evidence reflecting the results of the government's audit of plaintiffs' damages shall be presented at trial in a manner that will show items not contested for accounting purposes as set forth above;

(7) Should counsel agree that the final pretrial conference scheduled for October 11, 2005 at 10:00 a.m., at the National Courts Building, 717 Madison Place, NW, Washington, DC 20005, is not necessary, they shall so inform Judicial Assistant Linda Eddins at (202) 357-6613 and that conference will be cancelled.

s/ James F. Merow
James F. Merow
Senior Judge