IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SOUTHERN NUCLEAR OPERATING COMPANY; ALABAMA POWER COMPANY; and GEORGIA POWER COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Civil Action No. 98-614C<br>Senior Judge Merow |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT UNDER RCFC 15(a) AND (d) TO UPDATE THE FIRST AMENDED COMPLAINT FOR POST-FILING DAMAGES AND TO ALLOW POST-2004 DAMAGES TO BE CLAIMED IN A SEPARATE COMPLAINT**

Plaintiffs Southern Nuclear Operating Company ("SNC"), Alabama Power Company ("APC"), and Georgia Power Company ("GPC") (collectively "Southern"), respectfully move this Court for leave to amend and supplement the First Amended Complaint under Rules 15(a) and (d) of the RCFC, respectively, to update it for damages incurred after the filing of the original Complaint and to reserve their right to bring subsequent actions for certain future damages caused by the continuing failure of the Department of Energy ("DOE" or the "Government") to commence disposal of Spent Nuclear Fuel ("SNF"). Southern's Amended and Supplemental Complaint is attached as Appendix A. In support thereof, Southern shows as follows:

**Background**

On July 29, 1998, Southern filed its original Complaint against the Government, alleging, among other claims, a continuing partial breach of contract arising from the Government's failure to remove SNF from Southern's nuclear plant sites as required by the Contracts for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste between Southern and the Government (the "Contracts"). (Compl. at ¶¶ 19, 40.) On October 4, 2002, Southern filed its First Amended Complaint that, among other things, included as an exhibit a copy of a Contract between Southern and the Government that had been inadvertently omitted from the original Complaint and, in addition, reiterated the continuing partial breach of contract claim and the continuing damages being suffered by Southern. (First Amend. Compl. at ¶¶ 14, 19, 40.)

In 2004, Southern and the Government filed competing motions directed to the issue of the recovery of prospective damages by Southern in this action. Southern's motion sought to recover such damages to the extent that they were the proximate result of the Government's failure to remove SNF from Southern's reactor sites through 2010 while the Government sought to limit recovery of damages to the date the original Complaint was filed, the date of trial, or a specified "date certain in advance of trial." (Def.'s Resp. to Pls.' Mot. for an Order Regarding Subsequent Damages, Dkt. No. 247, at pp. 25-31.) On December 20, 2004, this Court issued an Order stating, in pertinent part, that evidence of damages relating to the Government's partial breach through December 31, 2009, could be presented in this trial, and damages relating to any further partial breaches after December 31, 2009, could be presented in a subsequent action. (Dec. 20, 2004 Order, Dkt. No. 262, at p. 3.)

On September 9, 2005, the United States Court of Appeals for the Federal Circuit issued an opinion in *Indiana Michigan Power Co. v. United States*, No. 04-5122, at *11, which limited

recovery of prospective damages in a partial breach case, but held that plaintiffs can obtain recovery for damages "as they are incurred."

On September 15, 2005, this Court held a pre-trial conference to discuss, among other things, the impact of the Federal Circuit's opinion in *Indiana Michigan* on this case. At the pre-trial conference, the parties agreed that, in light of the *Indiana Michigan* decision, this trial should be limited to damages incurred through December 31, 2004. Counsel for the Government also suggested, however, that the *Indiana Michigan* decision limited damages to those incurred through the date the original Complaint was filed, and that, accordingly, Southern could recover post-July 29, 1998 damages only by filing a new complaint and consolidating it with the present action. Moreover, the Government reserved the right to assert that a new complaint would capture only those damages incurred within the six years prior to its filing, *i.e.*, back to September of 1999. The Government also suggested that Southern's First Amendment to the Complaint, filed in 2002, would not cover damages incurred during the period from July 29, 1998 through 2002 because it related back to the date of the original Complaint.

On September 16, 2005, this Court ordered, among other things, that "The scope of the trial proceedings in this matter will comprise damage evidence up to and including December 31, 2004." (Sept. 16, 2005 Order, Dkt. No. 304, at 2.) The Court noted: "The government has the issue under study and may take a more limited view as to the recovery period, but did not object to plaintiffs' proposed December 31, 2004 cut-off date for the presentation of evidence." (*Id.* at 1.)

## Discussion

Southern files this motion both to make clear its disagreement with the Government's position regarding the scope of *Indiana Michigan* expressed in the pre-trial conference and to eliminate any room for argument about whether any of its damages are properly before this Court. First, the Federal Circuit's decision in *Indiana Michigan* did not change the well-settled rule that a plaintiff alleging continuing damages from the defendant's partial breach can claim damages "as they are incurred," *Indiana Michigan*, No. 04-5122 at *11, subsequent to the filing of the complaint because such damages are neither "future" nor "speculative." Second, to avoid the necessity of the Court having to even address this issue, Southern files this Motion for Leave to File an Amended and Supplemental Complaint. Under well-settled law embraced by the federal courts generally, and by the Federal Circuit in particular, a supplemental complaint relates back to the date of filing of the original complaint and captures all post-complaint damages without regard to any statute of limitations. Finally, to reserve Southern's right to bring a subsequent action for post-December 31, 2004 damages, Southern has moved the Court to enter an order pursuant to the Restatement (Second) of Judgments § 26(1)(b), as expressly adopted by the Federal Circuit in *Indiana Michigan*.

### I. *Indiana Michigan* Does Not Bar Plaintiffs Alleging a Partial Breach of Contract From Claiming Damages Incurred Up To The Date of Trial.

Southern's damages through at least December 31, 2004 are properly before this Court based on its original and First Amended Complaints. In *Indiana Michigan*, the Federal Circuit stated:

> The trial court did not err in concluding that a claim for partial breach precludes an award of future damages. For this proposition it also cited Coughlin [v. Blair, 41 Cal.2d 587, 598, 262 P.2d 305, 311 (1953)]: **"If the breach is**

> **partial only, the injured party may recover damages for nonperformance only to the time of trial and may not recover damages for anticipated future nonperformance."** Indiana Michigan, 60 Fed. Cl. at 642 (emphasis added). **Because of its highly speculative nature, a claimant may not recover, at the time of the first suit for partial breach, prospective damages for anticipated future nonperformance resulting from the same partial breach**. See San Carlos Irrigation Dist. [v. United States], 111 F.3d [1557,] 1563 [(Fed. Cir. 1997)]. . . see also 9 Arthur L. Corbin, Corbin on Contracts § 956 (Interim ed. 1993) ("It has been thought that where there has been no repudiation [e.g., no total breach], **the plaintiff can recover damages for his injury only to the date of the writ**—that he must treat the breach as only 'partial'[.]" (emphasis added)).
>
> . . . .
>
> Indiana Michigan can, however, obtain recovery of post-breach damages **as they are incurred**.

*Indiana Michigan*, No. 04-5122, at *10-*11 (bold and first and second underline emphases added).

As Judge Hodges stated in his *Indiana Michigan* decision and the California Supreme Court stated in *Coughlin*, the general rule is that a plaintiff may claim damages for a continuing partial breach up to the date of trial (at least) because by the time of trial, those damages are no longer "speculative," and the partial breach is no longer "anticipated" or "future." In both its original Complaint and its First Amended Complaint, Southern expressly pleaded that the Government's partial breach "continues" and that Southern "will continue to suffer substantial damages." (Orig. Compl. at ¶¶ 32, 40) (First Amend. Compl. at ¶¶ 32, 40.) Nothing in the Court of Appeals decision in *Indiana Michigan* alters the basic rules of notice pleading or requires hyper-technical and repetitive pleadings to cover events and damages subsequent to the filing of the original complaint. *See Cornwall v. U.S. Constr. Mfg., Inc.*, 800 F.2d 250, 251 (Fed. Cir. 1986) ("the 'principal function of procedural rules should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the courts.' . . . [T]he purpose of pleading is to facilitate a proper decision on the merits.") (citation omitted);

*Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1249 (Fed. Cir. 2003) (noting that requiring a plaintiff to amend its claims "would contravene the notice pleading standard, and would add needless steps to the already complex process. . . .") (internal quotation and citations omitted).[1] In Southern's case, the damages it incurred through December 31, 2004, are not future, anticipated, or speculative, but past, known, and definite. While Southern cannot recover in this action damages that it has not sustained, Southern "can recover only such damages as [it] has sustained." *Indiana Michigan*, No. 04-5122, at *11. Indeed, to apply the bar on future damages to damages that have already been incurred and are certain would extend the rule beyond its reason.

Consistent with the policy against allowing future – yet-to-be incurred – damages for a partial breach claim, the Federal Circuit's quotation from *Corbin on Contracts* in *Indiana Michigan*, *supra*, confirms that plaintiffs may claim damages "to the date of the writ" – the "written judicial order to perform a specified act, or giving authority to have it done . . . ." *Black's Law Dictionary* 1608 (6th ed. 1990). Unlike old English common law pleading, *see id.*, in current American practice, the "writ" (*e.g.*, mandamus or certiorari) is issued by the court after reviewing all of the evidence. Southern has submitted to the Government evidence of damages that it has in fact incurred through December 31, 2004, and this Court has yet to issue a judgment on those damages.[2]

---

[1] Similarly, the Government's "Catch 22" argument that the First Amended Complaint, because of the doctrine of relation back, cannot cover events occurring between the filing of the original complaint and the amendment has been rejected in a variety of contexts. *See* paragraph II. C, *infra*; *see, e.g.*, *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1056-1057 (9th Cir. 1981), *cert. denied*, 459 U.S. 825 (1982).

[2] Indeed, under *Corbin*, a plaintiff in Southern's position could recover damages beyond the date of trial, at least through the date of judgment – which is the date of the writ.

The discussion of the principles of merger and bar between two actions discussed in *Indiana Michigan*, No. 04-5122, at *11-*13, are not germane to the issue of the quantum of damages which should be tried in this single action.[3] Because Southern is seeking an order under Restatement § 26(1)(b) allowing Southern to claim damages incurred after the date certain that this Court has set for the presentation of damages evidence in this case — December 31, 2004 – there is no need for any subsequent action to reach back to the date of Southern's original Complaint under § 26(1)(e).

## II. Rule 15(a) and (d) Allow Southern to Amend and Supplement Its Complaint To Update It For Continuing Damages Incurred After Filing That Arise From The Government's Continuing Partial Breach.

### A. The Text and Purpose of Rule 15(d) of the RCFC Allow Southern to Update Its Complaint.

To obviate any question of the operation of the statute of limitations, Southern moves to amend and supplement its First Amended Complaint pursuant to Rules 15(a) and (d). RCFC 15(d) expressly provides for the filing of supplemental pleadings to bring the original pleadings up to date:

> Upon **motion** of a party the court may . . . permit him to serve a **supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented**.

[3] Moreover, the Federal Circuit's explanation that the statute of limitations for Indiana Michigan's second lawsuit accrues on the date damages are incurred is simply a restatement of the general rules of application of 28 U.S.C. § 2501. *See Indiana Michigan*, No. 04-5122, at *13-*14. Because of the operation of the doctrine of relation back to supplemental and amended complaints, the statute of limitations does not bar Southern from claiming any of its damages incurred since it filed suit against the Government, giving notice of its claim. *See Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990).

> Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.

(Emphases added.)

Professor Wright has explained the general and long-standing practice under Rule 15(d): "A **supplemental pleading** . . . **may** set forth new facts in order to update the earlier pleading, or **change the amount** or nature **of the relief requested** in the original pleading." 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1504, at pp. 177-78 (2d ed. 1990) (emphases added).

The Court of Appeals for the Federal Circuit has applied similar principles in connection with a Rule 15(d) supplemental complaint in *Intrepid v. Pollock*, 907 F.2d 1125 (Fed. Cir. 1990). In *Intrepid*, Plaintiff supplemented its anti-dumping complaint to make new averments concerning an administrative decision that impacted the viability of its claim.. The Federal Circuit reversed the lower court's denial of Intrepid's motion to supplement, explaining that Rule 15(d) allows a party to supplement a complaint with post-filing facts that relate to the original complaint:

> Here, the motions to amend and supplement the pleadings pertain to an event . . . happening after suit. . . . [However,] [t]he relief now sought . . . is based on the same duty orders that prompted the complaint to be filed. . . . **[T]he supplemental and amended pleadings**, under the *Griffin* [*v. School Board*, 377 U.S. 218, 227 (1964)] analysis, are <u>**part of the same claim arising out of the government's acts**</u> . . . . Thus, **it is permitted under Rule 15(d)**.

*Intrepid*, 907 F.2d at 1129-30 (bold and underline emphases added). Indeed, the Federal Circuit has concluded that where the supplemental complaint "relates to the same cause of action originally pleaded, it would be an abuse of discretion to deny the amendment." *Intrepid*, 907 F.2d at 1129*; Griffin*, 377 U.S. at 227.

As in *Intrepid*, Southern's Amended and Supplemental Complaint simply alleges additional damages incurred by Southern from the same continuing partial breach of the same Contracts by the same party – the Government. The original Complaint, as amended, alleged: "As a direct result of the Government's breach, the Companies **have suffered and will continue to suffer substantial damages** in the form of costs associated with the management and storage of SNF which should have been removed." (First Amend. Compl. at ¶ 32) (emphasis added).

The Amended and Supplemental Complaint alleges, among other things, that Southern continues to pay fees to DOE pursuant to the Contracts (Amend. & Suppl. Compl. at ¶ 2) and:

> Since the filing of the original Complaint on July 29, 1998, Southern has incurred and continues to incur additional damages at Plants Hatch, Farley, and Vogtle arising from the same continuing partial breach of the same Standard Contracts by the same party – the Government.

(*Id.* at ¶ 3).

Southern's Amended and Supplemental Complaint directly "relates to the same cause of action originally pleaded." *Intrepid*, 907 F.2d at 1130. "Thus, it is permitted under Rule 15(d)." *Id.*

### B. Because Southern's Amended and Supplemental Complaint Will Relate Back to the Original Complaint, the Six-Year Statute of Limitations Does Not Bar Any of Southern's Post-Complaint Damages.

To avoid the necessity of filing additional complaints when a case is already pending in court, a Rule 15(d) supplemental complaint that bears a reasonable relationship with the original pleading relates back to the date of the original complaint and thus avoids statute of limitations

issues. Professor Wright has explained the application of the doctrine of relation back to Rule 15(d) as follows:

> Rule 15(d), of course, is subject to the basic test for relation back prescribed by Rule 15(c). But **if the original pleading gave defendant notice that the conduct, transaction, or occurrence is of a <u>continuing nature</u>, he should be prepared to defend against all claims arising out of it,** whether they arose before of after the original complaint was filed**.**

6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1508, pp. 204-05 (emphases added) (footnotes omitted). *See id. at* § 1508, p. 200 ("To date, **no court has suggested that the statute of limitations would bar a supplemental complaint that merely seeks additional damages** because of the aggravation of injuries originally recited or otherwise brings the earlier pleading up to date.") (Emphasis added); 3 James Wm. Moore, *Moore's Federal Practice* § 15.30, p. 15-112 (3d ed. 2005).

The Federal Circuit has adopted this general rule to allow supplemental pleadings to relate back to the date of the original complaint while capturing post-complaint occurrences:

> Similarly, **we do not agree that Intrepid's efforts to supplement the pleadings to cover the ITA's scope determination were too late**. . . . The deficiencies [in the original complaint] were corrected by the subsequent amendment which, under the provisions of Rule 15(c), **relate back** to the timely date of February 2, 1989. In *Tiller v. Atlantic Coast Line R.R.*, 323 U.S. 574, 581, 89 L. Ed. 465, 65 S. Ct. 421 (1945), the Supreme Court held that: "**There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it**. . . ." That statement recognizes the interrelationship between a statute of limitations and Rule 15(c).

*Intrepid*, 907 F.2d at 1130 (emphases added).

The Government has been on notice of the continuing nature of its partial breach and of Southern's claims for continuing damages since it received Southern's original Complaint on

July 29, 1998 – more than seven years ago. Further notice of the nature of Southern's damages was provided to the Government in Southern's Initial Damages Disclosures and expert report. The Government's own expert report examining the post-July 29, 1998 damages confirms that, in fact, the Government was on notice of Southern's claims. The Amended and Supplemental Complaint relate back, and the 28 U.S.C. § 2501 six-year statute of limitations cannot bar any of Southern's post-July 29, 1998 damages claims.

### C. The Doctrine of Relation Back May Not Be Applied to Create a "Gap" Between the Date of the Original Complaint and the Date of the Amended and Supplemental Complaint.

When a case has been pending for longer than the applicable limitations period, it is conceivable that a gap between the date of the complaint and the reach back of the limitations period applied from the date of a supplemental complaint could be viewed as existing. Such a gap could force a plaintiff into a "Catch-22" situation antithetical to the doctrine of relation back: the plaintiff filed the original complaint too early to claim post-complaint damages, and the plaintiff filed the supplemental complaint too late to avoid the statute of limitations. The Government suggested in the pre-trial conference that this alleged conundrum applied to Southern's 2002 Amended Complaint. Any such suggestion is a misinterpretation of the effect of relation back.

As Professor Wright has explained, the courts have rejected arguments to apply the doctrine of relation back in a manner that would bar recovery based on events between the date of the original and supplemental complaints. In *Security Insurance Company v. United States*, 338 F.2d 444 (9th Cir. 1964), the plaintiff in a Miller Act case moved to file a supplemental complaint to correct the premature filing of its complaint, but did so after the statute of

limitations under the Act had expired. *Id.* The court rejected the government's argument "[1] that relation back did not apply to supplemental pleadings and the claim therefore was time barred or [2] that if Rule 15(c) did apply, relation back required returning to the date of the original complaint at which time plaintiff's claim had not matured." 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1508, p. 203.[4]

Similarly, in *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1056-1057 (9th Cir. 1981), *cert. denied*, 459 U.S. 825 (1982), the court of appeals rejected the argument that the relation back doctrine as applied to a supplemental complaint "**left a gap between the two damage periods of one year for purposes of the federal claims** (February 2, 1972 – February 6, 1973) and four years for purposes of the pendent state claims (February 2, 1972 – February 6, 1976)." All post-complaint damages were recoverable. *Id.*

Under these principles, the relation back doctrine cannot be applied here to deny Southern recovery of damages from it suffered after its original Complaint but prior to either its First Amended Complaint or the Amended and Supplemental Complaint.

## III. An Order Acknowledging Southern's Right to Bring a Subsequent Action for Damages That It Incurs After December 31, 2004 Is Appropriate.

In its September 16, 2005 Order, this Court limited damages evidence for this trial to damages incurred through December 31, 2004. (Sept. 16, 2005 Order at 2.) Southern moves

---

[4] Because a supplemental complaint will capture all post-complaint damages "**regardless of whether** the supplement to the complaint filed in the present action be **considered an amendment to the complaint or a supplemental complaint**," *Security Insurance*, 338 F.2d at 449 (emphases added), Southern's First Amended Complaint, which alleged continuing damages and was filed on October 4, 2002, captures damages Southern incurred after July 29, 1998.

this Court to enter an order allowing Southern to claim post-December 31, 2004 damages arising from the same continuing breach in a subsequent action. Because Southern has incurred actual damages since December 31, 2004, that in accordance with the September 16, 2005 Order will not be presented in this case, Southern moves this Court to enter an order clarifying that Southern may claim all post-December 31, 2004 damages in a subsequent lawsuit.

Although the Federal Circuit, in *Indiana Michigan*, barred the adjudication of prospective damages for partial breach in a present action, it expressly recognized that such damages could be adjudicated in a future action after those damages have been incurred. *Indiana Michigan*, No. 04-5122, at *13 ("We agree with the exceptions to the rules of merger and bar set out in Restatement (Second) of Judgments, sections 26(1)(b) and (e).") Accordingly, Southern requests the Court to explicitly confirm, consistent with its September 16, 2005 Order, that Southern may claim damages incurred from December 31, 2004, including but not limited to those incurred between December 31, 2004, and the date of any judgment in this case, in a subsequent law suit under Section 26(b) of the Restatement.

## **Conclusion**

Wherefore premises considered, Southern respectfully requests that this Court grant Southern's Motion for Leave to File an Amended and Supplemental Complaint Under RCFC 15(a) and (d) to Update the First Amended Compliant for Post-Filing Damages and to Allow Post-2004 Damages to be Claimed in a Separate Complaint.

DATED: September 23, 2004

Respectfully submitted,

/s M. Stanford Blanton

BALCH & BINGHAM LLP
1710 Sixth Avenue South
Birmingham, AL 35203
(205) 251-8100

OF COUNSEL:

Ed R. Haden
KC Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue South
Birmingham, AL 35203
(205) 251-8100

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

**CERTIFICATE OF FILING**

I hereby certify that on this 23rd day of September, 2005, a copy of the foregoing "MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT UNDER RCFC 15(a) AND (d) TO UPDATE THE FIRST AMENDED COMPLAINT FOR POST-FILING DAMAGES AND TO ALLOW POST-2004 DAMAGES TO BE CLAIMED IN A SEPARATE COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s M. Stanford Blanton
OF COUNSEL