IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY, ALABAMA POWER COMPANY, and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OBJECTION TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY

Defendant respectfully files this response and objection to "Plaintiffs' Designations of Deposition and Trial Transcripts," filed on October 18, 2005.[1] Plaintiffs, Southern Nuclear Operating Company, Alabama Power Company, and Georgia Power Company (hereinafter "plaintiffs"), have proffered extensive deposition and previous trial testimony for use in lieu of live testimony of 15 past and present Government employees and contractor personnel. Plaintiffs, however, have not overcome the preference for live testimony and met their burden to "show cause" under RCFC App. A § 15(b) as to why these designations should be allowed. Moreover, because the designated testimony is irrelevant, incomplete or subject to extensive objections, plaintiffs should not be allowed to further burden the record with its admission. In addition, there is no independent basis for the admission of the testimony of four of the individuals, pursuant to Rule 801(d)(2) of the Federal Rules of Evidence, and plaintiffs have

[1] Pursuant to the Court's pre-trial order issued September 16, 2005, the parties were to provide their deposition designations seven calendar days prior to the commencement of the propounding party's case-in-chief and all counter-designations were to be provided after the conclusion of trial. To date, the Court has not set the deadline for the submission of counter-designations and counsel for the parties have not had any discussions regarding the filing of counter-designations.

failed to make the required showing as to why the designated deposition testimony of the other individuals should be admitted pursuant to this same rule. To the extent that the Court allows plaintiffs' designations to become part of the record, we respectfully request that the Court rule upon the objections that are contained in the testimony designated by plaintiffs, pursuant to RCFC 32(b), and consider the deposition testimony that the Government has counter-designated, pursuant to Fed. R. Evid. 106. The list of these objections and counter-designations are found in Attachment A to this response.

## DISCUSSION

### I. PLAINTIFFS HAVE NOT MADE THE PROPER SHOWING AS TO WHY THE DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD

Plaintiffs have designated the testimony of 15 individuals from 45 different days of deposition and five days of trial. Plaintiffs made no showing that any of the witnesses whose deposition testimony it has designated was unavailable to testify at the trial in this case. The testimony is irrelevant, incomplete and replete with objections, all of which need to be ruled upon before the Court considers its substance. Because plaintiffs have failed to meet their burden to show why this testimony should be admitted, the Court should exclude it from the record.

The preference that live testimony, when available, be presented at trial has been well-noted by the courts:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons

> for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("'[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.'") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person."). Live testimony is necessary to provide this Court with an opportunity to evaluate the witnesses' demeanor during their discussion of the events in which they were involved. Obviously, the reading of a deposition transcript would not serve as an adequate alternative to evaluating the witnesses' testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) (observing that "[t]he taking of a deposition is not equivalent to having 'live' testimony."); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) ("strong preference of Anglo-American courts for live testimony"); Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985)("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances."). The preference for live testimony is recognized in Rule 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court* . . ." RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition transcripts under RCFC 32 is further informed by the "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A Wright, Miller, & Marcus Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see FRE 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly favors production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination").

The fact that these extensive deposition designations are a poor substitute for live testimony is evidenced by the extensive counter-designations that the Government has been required to prepare. Because so many of plaintiffs' designations are themselves incomplete or fail to provide the proper context for the testimony, the Government has had to counter-designate numerous deposition excerpts. If this testimony was truly necessary to the Court's consideration, plaintiffs should have called these witnesses to testify. Merely designating snippets of substantive deposition testimony is not the time-honored or proper method for proving a case.

The designations are also replete with objections that must be ruled upon by the Court prior to the consideration of the substance of any of this testimony. The Government has also been required to counter-designate extensive excerpts to provide a context for the objections contained within the testimony designated by plaintiffs. The Court will have to rule on each of the objections made at the time of the deposition and those objections specifically not waived

during deposition. RCFC 32(d)(3)(A) ("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time"). The resultant presentation of evidence is of little value to the Court and is unnecessary and inefficient. FRE 403.

Finally, plaintiffs have designated the deposition testimony of three individuals, Messrs. Kouts, Pollog and Zabransky, from 12 different days of deposition as well as extensive excerpts of these individuals' testimony in Yankee Atomic Electric Co. v. United States, Fed. Cl. No. 98-126C. However, all three of these individuals testified at trial in this matter and were available to be questioned about the subjects about which plaintiffs have designated testimony. In fact, many of the subjects were raised during the cross-examination of these individuals. For example, Mr. Pollog was asked about paragraph 7(c) of the delivery commitment schedule instructions during cross-examination. Trial Transcript 1904:2-1906:5. Plaintiffs have also designated Mr. Pollog's testimony from numerous days of deposition about this paragraph. See April 11, 2002 deposition, pages 62-63, and May 16, 2002 deposition, pages 327-332. Plaintiffs should not be allowed to burden the record with deposition testimony on subjects that should have been and, often, were raised during cross-examination of these individuals. See Renda Marine, Inc. v. United States, 66 Fed. Cl. 639, 645 (2005) (citing United States v. Int'l Bus. Machs. Corp., 90 F.R.D. 377, 382 (S.D.N.Y. 1981) (disregarding designated deposition testimony of witnesses who testified at trial).

Recent decisions of this Court have waived the requirements to show cause pursuant to RCFC 32(a) if the Federal Rules of Evidence, in particular the rule concerning admissions of a

party opponent, Fed. R. Evid. 801(d), provide an independent basis for the admission of the deposition testimony. See Globe Savings Bank v. United States, 61 Fed. Cl. 91, 95 (2004); Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 163 (2004). However, the decision in Globe should be limited to its facts and should not trump the responsibility of the parties to properly present their cases.

The factual difference between the instant case and Globe provides a proper basis for limiting the application of the analysis in Globe. The plaintiff in Globe was successful in offering into evidence portions of the deposition testimony of a single individual as the admission of a party opponent. Globe, 61 Fed. Cl. at 95. However, in this case, plaintiffs seek to admit the deposition and trial testimony of up to 15 individuals as substantive evidence. Other courts have recognized that deposition testimony conceded to be an admission under Federal Rule of Evidence 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb, 109 F.R.D. at 127. Plaintiffs' wholesale designation of deposition testimony, rather than providing proper trial testimony, amounts to a "trial by deposition," which is disfavored in the Federal courts. Id.

Even if the Court in Globe is correct that deposition testimony satisfying the requirements of Federal Rule of Evidence 801(d)(2) is admissible even if the witness is available to testify, this Court retains the discretion to preclude wholesale introduction of the massive amounts of deposition testimony that SMUD proposes to introduce, which threaten to transform this case into a document review case without testimony. See RCFC 1. Even in criminal cases, "[t]he right to present relevant testimony" and evidence "is not without limitation." Michigan v. Lucas, 500 U.S. 145, 149 (1991). A party's right to present its case in the manner that it desires

"must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). "[J]udges are accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues' or evidence that is 'repetitive or only marginally relevant.'" Blum, 62 F.3d at 67 (quoting Van Arsdall, 475 U.S. at 679); see United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence").

Federal Rule of Evidence 403 "gives trial courts the discretion to exclude relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" Cortes v. Maxus Exploration Co., 977 F.2d 195, 201 (5th Cir. 1992) (quoting Fed. R. Evid. 403). The wholesale substitution of written testimony, in place of live witnesses, precludes the Court from evaluating the credibility of up to 15 witnesses or from questioning those witnesses about "holes" that might otherwise exist in the questions that were previously asked as they relate to matters as they develop during trial.

## II. PLAINTIFFS HAVE FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO RULE 801(d)(2)

Even assuming for the sake of argument that the reasoning in Globe is correct, FRE 801(d) does not provide any basis for admission of the deposition testimony of two former employees, Messrs. Rusche and Lawrence, and two former contractor personnel, Messrs. Cole and McDuffie. Because these individuals either were not employed by the Department of

Energy ("DOE") at the time of their depositions or were never employees of DOE, the statements of these individuals cannot be considered statements of party opponents. With regard to the designated depositions of the remainder of the individuals, plaintiffs have not made any showing that each of the numerous excerpts of testimony designated concerns matters within the scope of those individuals responsibilities.

Rule 801(d)(2) provides, in pertinent part:

> Admission by a party-opponent. The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . .

Fed. R. Evid. 801(d)(2). This rule does not provide the basis for admission of deposition testimony as a party admission if the deponent was no longer employed by the agency at the time of the deposition. Long Island, 63 Fed. Cl. at 165. Further, the rule requires a showing by the party proffering the deposition testimony that each of the statements designated concern matters within the scope of the agency or employment of the individual. Id. at 164; Globe, 61 Fed. Cl. at 97.

Messrs. Rusche and Lawrence were not employees of DOE at the time of their depositions. Mr. Lawrence was employed by a contractor for DOE at the time of his deposition, but the matters for which he was responsible for the contractor did not involve the Office of Civilian Radioactive Waste Management ("OCRWM"). Messrs. Cole and McDuffie were never employees of DOE, having worked at various times for contractors supporting the work of OCRWM, and they were retired from these contractor positions at the time of their depositions. Because Rule 801(d)(2) does not provide an independent basis for the admission of the testimony of Messrs. Rusche, Lawrence, Cole and McDuffie, plaintiffs are required to show

cause as to why these individuals were unavailable for trial or provide some other basis for the admission of their deposition testimony in lieu of live testimony. Having failed to make such a showing, the designated deposition testimony of these individuals should be excluded from the record.

While this analysis would also support the exclusion of the designated deposition testimony of Mr. Robert Morgan, who had long since retired from the Federal Government at the time of his deposition, the Government does not seek to exclude his testimony on this basis. The Government designated the testimony of Mr. Morgan from the trials held in Yankee Atomic Electric Co. v. United States, Fed. Cl. No. 98-126C, and Tennessee Valley Authority v. United States, Fed. Cl. No. 01-115C, because of the anticipated difficulty for Mr. Morgan to travel to Washington, D.C., to attend trial in this matter because of his age and the fact that he had already been required to testify in two trials. The Government notified counsel for plaintiffs of this concern for Mr. Morgan and that Mr. Morgan's previous testimony could be designated in lieu of live testimony when the Government served its witness list on August 12, 2005. The Government considers this notice, and plaintiffs' lack of objection to it, to satisfy the show cause requirements pursuant to RCFC 32(a). However, because Mr. Morgan was unavailable for trial, the Government does not object to the counter-designation of other portions of Mr. Morgan's previous deposition and trial testimony by plaintiffs.

With regard to the remaining ten individuals for whom plaintiffs have designated testimony, plaintiffs have provided no explanation as to how each of the numerous deposition excerpts should be considered admissions of a party opponent, pursuant to Rule 801(d)(2), and therefore admissible. At a minimum, plaintiffs should be required to explain how each of the

statements are statements concerning matters within the scope of the individuals' employment. Long Island, 63 Fed. Cl. at 165; Globe, 61 Fed. Cl. at 97. Absent such a showing, plaintiffs have not established that the designated testimony is properly admissible.

## III. NOTWITHSTANDING PLAINTIFFS' FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS

If the Court allows the testimony designated by plaintiffs to become part of the record in this case, the Government respectfully requests that the Court first rule upon the objections to that testimony indicated in the portions of the testimony designated. RCFC 32(b). In addition, the Government requests that the Court consider the Government's counter-designations of testimony from these same depositions. Fed. R. Evid. 106. These objections and counter-designations are identified in Attachment A to this motion. The Government will provide paper copies of the testimony it has counter-designated to the clerk of the Court and to counsel for plaintiffs.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the admission of the deposition and trial testimony designated by plaintiffs or, in the alternative, that the Court also rule upon the objections and admit the Government's counter-designations.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

STEPHEN FINN
JOSHUA E. GARDNER
HEIDE L. HERRMANN
MARIAN E. SULLIVAN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

March 16, 2006

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 16th day of March 2006, a copy of foregoing "DEFENDANT'S OBJECTION TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan