**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **SOUTHERN NUCLEAR OPERATING CO., INC., ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **No. 98-614C**<br>**(Senior Judge Merow)** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION**
**TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY**

Plaintiffs, Southern Nuclear Operating Company, Alabama Power Company, and Georgia Power Company (collectively, "Southern"), respectfully submit this response to Defendant's objection to Plaintiffs' Designations of Deposition and Trial Testimony. The Government objects to the use of depositions and trial transcripts in lieu of live testimony for lack of an independent basis for admissibility and for prejudice. The objections fail because: (1) the Government agreed to the use of deposition and trial transcripts in lieu of live testimony and therefore has waived its right to object now, and (2) regardless of the Government's prior agreement, the deposition excerpts are clearly admissible as admissions by party opponents or depositions by persons located more than 100 miles from the Court.

## ARGUMENT

### I. The Government Agreed To The Admission Of Deposition Excerpts On The Record, And Thereby Waived Its General Objection To Plaintiffs' Designations By Waiting Until After Trial To Object To The Use Of Depositions And Trial Transcripts In Lieu Of Live Testimony.

The Court has already admitted Southern's deposition excerpts into evidence subject to the Government's objections made during the depositions and to the form of specific questions.

The Government's "objection" to Southern's use of deposition designations at all, which must be viewed as a post-admission motion to strike, is especially troubling given the Government's agreement, and in fact its encouragement, of the use of deposition transcripts before trial and their express acquiescence in the introduction of the transcripts during the trial.

Before trial, the Government argued in favor of its motion for a protective order as follows: "As demonstrated in the *Yankee* trial, the plaintiffs' attorneys in the SNF cases **have made liberal use of depositions and trial testimony conducted by other attorneys in other SNF cases. Southern Nuclear likewise is free to use such prior testimony as permitted by the Court's rules**." *See* Defendant's Motion for a Protective Order to Preclude Deposition of David Zabransky and Christopher Kouts at 3, 4 (Feb. 10, 2005), Dkt. 267 (emphasis added). Further, at the September 15, 2005, pre-trial hearing, the attorneys for the parties stated:

> EKMAN: The parties have agreed to exchange deposition designations . . . .
>
> . . . .
>
> BLANTON: I am suggesting that to the extent – especially to the extent that our discovery has been somewhat limited by what's in the Yankee record that we be allowed to use that trial transcript.
>
> COURT: Would it be appropriate to treat it like depositions and therefore include anything you want to use in the same time advance notice, or did you want to just be able to use it whenever?
>
> BLANTON: Its certainly acceptable to me to designate portions of the transcript that we want to use at the same time we designate deposition transcripts.
>
> COURT: Okay.
>
> EKMAN: And I think that's appropriate.

(Pre-Trial Tr. 5, 9 Sept. 15, 2005, Dkt. 304.)

To the extent the Government objected to the use of the transcripts of depositions or prior trial testimony as evidence, the foregoing exchange would have been a logical time to raise that

objection. Certainly, raising such an objection at the pre-trial conference would have given the Court an opportunity to rule in time for Southern to subpoena any witnesses whose testimony it intended to offer by deposition or from the *Yankee* trial.

Southern designated the challenged excerpts as provided in the above exchange and in the pre-trial order. During trial, the Government limited its objection to reservation of the objections made during the depositions and the Court admitted them into evidence subject only to those objections:

> BLANTON: . . . . We have identified and provided the government with excerpts of the testimony from government witnesses in depositions in this case, and in the joint coordinated discovery, as well as excerpts from the Yankee trial transcript as we discussed at the pretrial conference. And I think one designation from the TVA trial transcript. I'm going to be talking about some of that evidence in opening statement, and so I'd like to move that in now and know if the government is going to have any objection to any of that deposition or trial testimony coming in.
>
> EKMAN: Yeah, on this issue, you know, obviously there were objections that were asserted in those depositions. Our counterdesignations aren't due, by agreement, until the end of trial. Obviously, we would – we may pursue some of those objections, you know, at that point in time and reserve any objections that were made during those depositions.
>
> COURT: Okay. Well, subject to their reservation of objections that can be considered at a later point, **they are admitted in evidence**.

(Trial Tr. vol. 1, 20-21, Oct. 17, 2005) (emphases added).

On the next day of trial, counsel and the Court discussed placing the pages of the designations and trial transcripts into evidence as an exhibit:

> COURT: . . . Well, I think probably the best thing to do would be to just introduce the pages as an exhibit.
>
> . . . .
>
> EKMAN: Your Honor, I would – **I don't think as a practical matter we have a problem to having some designation that can be used**

**later, whether it is a single exhibit. But, you know, obviously during the course of the depositions, there are objections that are raised. And to the extent that things are relied upon in post-trial briefing, and, again, our responses aren't even due yet to those, not due until after trial, we reserve the objections in there. So the exhibit, in terms of admitting it as an exhibit, you know, we think it would be proper certainly from an identification standpoint, but I'm not sure that the whole thing should just be admitted wholesale, since internally there may be issues that we have that the Court will need to resolve.**

BLANTON: I don't have [an] objection to them going in subject to whatever objections were made in the deposition, or if there is [an] objection – if there is an objection other than as to form you want to raise, you can raise that too. But I just want to make them part of the record.

EKMAN: That is a fine solution.

(Tr. at 236-38, Oct. 18, 2005) (emphasis added).

Given the above exchanges, there is no question that the Government's objections to the testimony were limited to evidentiary objections to specific questions, not to the admission of deposition testimony per se. The Government's request to strike that evidence simply on the grounds that it is deposition testimony, five months after Plaintiffs have rested their case, is highly irregular.

After trial, the Government states that while its designation of the deposition of Robert Morgan should be allowed because Southern had notice and did not object (Def.'s Resp. at 9), Southern should not be allowed to designate depositions and trial testimony. The Government had notice, through discussions of counsel and through Southern's mailing of written notice of the excerpts to be introduced (Exhibit A) in accordance with the Pre-trial Order that Plaintiffs were going to file designations of deposition and trial transcripts. *See* Pre-Trial Order (Sept. 15, 2005), Dkt. 304. Indeed, the Government had acknowledged that Plaintiffs could use deposition designations and trial testimony in lieu of live testimony at trial. *See* Defendant's Motion for a

Protective Order to Preclude Deposition of David Zabransky and Christopher Kouts, at 3, 4 (Feb. 10, 2005), Dkt. 267. Moreover, the Government's reference to its designation of pages from Mr. Morgan's testimony omits any reference to the Government's designation of the testimony of Mr. Ronald Milner, its own employee, from the trial in *Yankee Atomic Electric Co. v. United States*, No. 98-126 [hereinafter "*Yankee*"]. (Def.'s Testimony Designations, attachment, (Oct. 17, 2005), Dkt. 312.) The Government's designation of its own employee's testimony from another trial in which Southern did not participate further demonstrates the parties' agreement to use prior deposition and trial testimony in lieu of live testimony in this case where it dealt with issues that had been presented to the court in the *Yankee* trial and would be repetitive of that testimony.

In any event, had the Government wished to object to the general usage of depositions and trial transcripts it should have done so at trial, as it did with the objections that were made in the depositions themselves. (Tr. 20-21.) Had the Government made such a general objection at trial, and had the Court sustained it, Plaintiffs could have called the witnesses and procured testimony regarding the subjects to which the Government posed objections. *See* RCFC 32(b) ("[O]bjection may be made **at the trial** or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.") (Emphasis added.); 8A Charles A. Wright, et al., *Federal Practice and Procedure* § 2151, at 194 (2d ed. 1994) (discussing FRCP 32, and stating "[i]n the absence of an objection it will be presumed that one of the stated conditions existed.") Certainly, the reservation of the right to pursue objections made on the record or other evidentiary objections not required to be made on the record in the deposition does not reserve to the Government the

right to renege on prior agreements that deposition testimony can be used or allow the Government to cure a failure to object in a timely manner to the introduction of the excerpts.

## II. The Government's Assertion That The Depositions And Trial Transcripts Are Not Admissible Under Rule 32 And The Common Law Preference For Live Testimony Is Contradicted By Rule 32 And Multiple Decisions Of This Court.

The Government argues that the designated depositions and trial transcripts are inadmissible because RCFC 32 allows the use of deposition testimony only upon a showing of the unavailability of the witness and because the common law prefers live testimony to depositions. Gov. Resp. at 2-4 (citing *Kolb v. County of Suffolk*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985)). This argument ignores RCFC 32(a)(2), Federal Rule of Evidence 801(d)(2), the location of three of the witnesses, and this Court's express rejection of *Kolb*.[1]

With respect to current DOE employees, RCFC 32(a)(2) provides:

> At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> . . . .
>
> (2) The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

[1] In *Long Island Savings Bank v. United States*, 63 Fed. Cl. 157, 163 (2004), the Court held that "[n]one of the four cases involves Fed. R. Evid. 801(d)(2)(D); rather, each addresses rules or statutes that explicitly require a showing of the unavailability of the witness. . . . Thus, these cases are inapposite to the issue presented here." (Citing *Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1966); *United States v. Mathis*, 559 F.2d 294, 299 (5th Cir. 1977); *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939)); *compare* (Gov. Resp. at 3) (relying upon the same cases).

The designated deponents who were DOE employees were clearly "managing agents" of various operations of DOE's SNF program. For example, Lake Barrett was the Deputy Director of the Office of Civilian Radioactive Waste Management ("OCRWM"), David Zabransky is the DOE Contracting Officer responsible for administration of the Standard Contracts, Alan Brownstein was in charge of DOE's interface with the nuclear utilities, Robert Roselli was one of three individuals who drafted the Standard Contract, Christopher Kouts, was the director of OCRWM's Office of Systems Analysis and Strategy Development, and Thomas Pollog was DOE's Rule 30(b)(6) witness on the rate of SNF acceptance.

As this Court stated in granting plaintiff's motion to designate depositions in *Yankee*:

> Admission of these depositions is premised on their characterization as admissions by agents or servants of the government, testifying as to matters within the scope of their employment or agency. As such, they are non-hearsay party admissions under Fed. R. Evid. 801(d) . . . .

(*Yankee*, No. 98-126, Order at 5 (Sept. 21, 2004), Dkt. 860.)

The depositions of the witnesses who were DOE employees when they were deposed are admissible for "any purpose." RCFC 32(a)(2). There can be no serious argument to the contrary.

With respect to three of the four former DOE employees and contractors, RCFC 32(a)(3)(E)(ii) allows the use of their depositions because they are more the 100 miles away from the place of trial. Mr. Lawrence resides in Richland, Washington. (Lawrence Depo. 5-20-02 p. 1); Mr. Rusche resides in Columbia, South Carolina (Rusche Depo. 5-16-02 p. 1); and Mr. McDuffie resides in Carlsbad, California (McDuffie Depo. 3-18-02 p. 1.) [2]

[2] The fourth such witness, Mr. Cole, resided in McLean, Virginia. (Cole Depo. 3-12-02 p. 2-3.) The Government does not challenge Plaintiffs' designation of the deposition testimony of former DOE employee, Robert Morgan. (Gov. Resp. at 9.)

Moreover, this Court has held that "[t]he common law's preference for live testimony has no bearing on the use of party admissions as evidence." *Long Island Savings Bank v. United States*, 63 Fed. Cl. 157, 163 (2004) (citation omitted). This Court has stated:

> [T]his court disagrees with the decision in *Kolb* and adheres to the reasoning set out in *Globe Savings* [*Bank, F.S.B. v. United States*, 61 Fed. Cl. [91,] 94-96 [(2004)]. Notably, this court has been unable to locate any decision that has relied on *Kolb* for the propositions that Fed. R. Evid. 801(d)(2)(D) requires a showing of unavailability of the witness or that Fed. R. Evid. 801(d)(2)(D) is dependent upon RCFC 32(a). Those propositions contravene the plain and straightforward text of Fed. R. Evid. 801(d)(2)(D).

*Long Island Savings*, 63 Fed. Cl. at 163-64. *See Yankee*, No. 98-126 Order at 8, 9 (Sept. 21, 2004), Dkt. 860 ("Defendant's reliance on the preference for live testimony was recently rejected in *Globe Savings*. …")[3]

## III. Admission Of The Depositions And Trial Transcripts Will Not Be More Prejudicial Than Probative Under Federal Rule Of Evidence 403.

The Government also asserts that the admission of the deposition and trial testimony of the 15 witnesses should be barred as because any probative value is substantially outweighed by the danger of "misleading the jury," "confusion of the issues," or "cumulative evidence" under Federal Rule of Evidence 403. Gov. Resp. at 7. There was no jury. Because the DOE employees and contractors testified as to two related issues – the SNF acceptance rate and the role of delivery commitment schedules ("DCSs") – we are confident that the Court was not

---

[3] The Government also misconstrues the requirements of RCFC Appendix A, § 15(b) in asserting that RCFC Appendix A, § 15(b) provides, "Any party intending to present substantive evidence by way of deposition testimony, *other than as provided by Federal Rule of Evidence 801(d)*, shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted . . . ." RCFC Appendix A, § 15(b) (emphasis added). Because the statements of the DOE deponents are non-hearsay admissions by party opponents under FRE 801(d)(2), Appendix A, § 15(b), does not require Plaintiffs to file a motion or show cause. *Globe Sav. Bank*, 61 Fed. Cl. at 96; *Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474, 482-83 (1990).

confused. The fact that the DOE employees' testimony contradicts the Government's position does not make it confusing.

Plaintiffs argued that DOE always relied on a 3000 MTU rate of SNF acceptance, and the Government argued that DOE shifted for a period of time to a 900 MTU rate that should be binding now. To determine who was right, Plaintiffs put on evidence of 15 witnesses out of thousands of DOE employees and contractors involved in the SNF acceptance program from the inception of the Standard Contract to the present day – over 22 years. That these witnesses were consistent in their contradiction of the Government's trial theories on the rate and on the significance of the DCSs does not mean that their testimony should be excluded as cumulative under FRE 403. Indeed, the breadth of experience in the designated DOE witnesses and contractors, and their contradiction of the Government's litigation positions, is the reason why admission of this testimony is necessary and appropriate.[4]

## **CONCLUSION**

This Court should overrule the Government's post-trial, general objection to the admission of Plaintiffs' Designations of Deposition and Trial Transcript that were admitted as substantive evidence at trial. This Court should overrule those specific objections that the Government made in the depositions for the reasons set forth in Exhibit B.

[4] Plaintiffs note that the Government filed a similar motion in *Sacramento Municipal Utility District v. United States*, No. 98-488, Dkt. 288, prior to that trial. In an order dated March 16, 2005, Dkt. 306 (copy attached as Exhibit C), Judge Braden, in large part, granted the plaintiff's motion to admit the depositions of DOE employees and contractors.

Respectfully submitted,

Dated: March 27, 2006

s/ M. Stanford Blanton
M. Stanford Blanton
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 226-3417
Facsimile: (205) 226-8798

*COUNSEL OF RECORD FOR PLAINTIFFS*

**Of Counsel:**

Ed R. Haden
K. C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
Matthew Shultz
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2006, a copy of the foregoing "PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ M. Stanford Blanton