# Exhibit C

# In the United States Court of Federal Claims

No. 98-488C

Filed: March 16, 2005

| | |
|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, | |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

## ORDER

Pursuant to the March 11, 2005 final pre-trial conference, the court enters the following orders with respect to the parties' various pretrial filings:

Sacramento Municipal Utility District's ("SMUD") Motion for Leave to File Designated Deposition and Trial Testimony as Substantive Evidence Pursuant to RCFC 32(a) and FRE 801(d), filed on February 17, 2005, is **GRANTED, IN PART, and DENIED, IN PART**, as follows:

1. The court grants the motion with respect to the following witnesses:

   A. Lake Barrett;
   B. Ronald Milner;
   C. Alan Brownstein;
   D. David Huizenga;
   E. Leroy Stewart;
   F. Keith Klein;
   G. Patrice Bubar;
   H. Robert M. Rosselli;
   I. Robert Campbell;
   J. Christopher Bajwa;
   K. Stephen O'Connor;
   L. Nancy Slater Thompson;
   M. Victor Trebules;
   N. Francis Young;
   O. Michael Lawrence;

P. Susan Klein;
Q. Robert Morgan;
R. Ben Rusche;
S. James Carlson;
T. S. David Freeman;
U. Rita Bowser;

Accordingly, the deposition testimony or trial testimony of the foregoing witnesses designated and submitted by SMUD is admitted as substantive evidence at the trial of this matter. The court will afford the Government an opportunity to submit counter-designations of such witnesses after the trial. Any objections made at the time the deposition testimony was taken are preserved.

2. The court denies the motion with respect to the following witnesses, as the Government has represented that the Government will call such witnesses live to testify:

A. Thomas Pollog;
B. David Zabransky;
C. William Knoll;
D. Christopher Kouts;
E. Jeffrey Williams;

On cross-examination of the foregoing witnesses, the court will not confine SMUD to the scope of direct examination and will give plaintiff latitude to explore matters that are contained in the deposition testimony, provided, however, that such testimony is relevant.

3. The court grants the motion with respect to the following witnesses, but reserves the right to change such admissibility ruling and not rely on such testimony:

A. Ed Benz;
B. Robert Burgoyne;
C. Billy Cole;

Accordingly, the deposition testimony or trial testimony of the foregoing witnesses designated and submitted by SMUD is admitted as substantive evidence at the trial of this matter. The court will afford the Government an opportunity to submit counter-designations of such witnesses after the trial. Any objections made at the time the deposition testimony was taken are preserved.

4. The court denies, in part, the motion with respect to the admissibility of the trial testimony of Edward Abbott from the trial proceedings of *Yankee Atomic Electric Co. v. United States*. SMUD, however, may call Edward Abbott as a live witness to testify at trial.

SMUD's Motion For Leave to File Designated Deposition Testimony of Salomon Levy and Roger Powers as Substantive Evidence Pursuant to Rule 32(a), filed on March 7, 2005, is **GRANTED**. Accordingly, the deposition testimony of Salomon Levy and Roger Powers designated and submitted by SMUD is admitted as substantive evidence at the trial of this matter. The court will afford the Government an opportunity to submit counter-designations of such witnesses after the trial. Further, any objections made at the time the deposition testimony was taken are preserved, as are objections that were not required to be raised at the deposition.

Based on the Government's representation that the Government may call Mr. Langstaff as a live witness, the court defers ruling on SMUD's Motion for Leave to File Designated Deposition Testimony of David Langstaff as Substantive Evidence Pursuant to FRE 801(d), filed on February 25, 2005, until the first day of trial. The Government will inform the court before the start of trial whether the Government intends to call Mr. Langstaff live.

The court also defers ruling on Defendant's Motion *In Limine* To Exclude Testimony and Evidence Regarding Plaintiff's Request for Pre-Breach Damages, filed on March 9, 2005.

The parties have agreed that Defendant's Motion in Opposition to Plaintiff's Expert Witness, Eileen M. Supko, filed on March 4, 2005, will be argued on March 21, 2005, at 10:00 a.m.

With respect to other pre-trial matters, the parties are not required to supply the court with exhibit binders. Rather, the parties will furnish to the court at the time a witness is called to the stand, a binder that contains the exhibits to be referenced during that witnesses' testimony. Further, expert direct testimony will be filed with the court and furnished to opposing counsel 72 hours before such witness is called to the stand.

**IT IS SO ORDERED.**

**s/SUSAN G. BRADEN**
**Judge**