**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SOUTHERN NUCLEAR OPERATING CO., INC., ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 98-614C (Senior Judge Merow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO FILE ITS POST-TRIAL BRIEF**

Plaintiffs Alabama Power Co., Georgia Power Co., and Southern Nuclear Operating Co. ("Plaintiffs") oppose the Government's Motion for an Enlargement of Time to File Its Post-Trial Brief in the above-styled action. The Government has provided no basis for its motion other than typical administrative requirements of which it was well aware when it agreed to the briefing schedule in this matter.

**ARGUMENT**

On the last day of trial, the Parties mutually agreed on a post-trial briefing schedule. According to this schedule, Plaintiffs would have approximately six weeks after trial to submit their post-trial brief. The Government would then have approximately six weeks after receipt of Plaintiffs' brief to respond. (Tr. 2417, Jan. 31, 2006.) The Parties also agreed that each would submit a single document containing both their contentions of fact and their legal arguments instead of submitting a separate proposed findings of fact. (*Id.*) Consequently, the Parties also agreed that no page limit would apply to the post-trial briefs. (*Id.* at 2418.)

Plaintiffs complied with the agreed upon briefing schedule, filing their post-trial brief on March 17, 2006. In accordance with the agreed upon post-trial briefing schedule, the Government's responsive brief was due on April 28, 2006. However, the Government filed the instant motion on April 24, 2006, and has yet to file its responsive brief.

In its motion, the Government has cited no legitimate basis for an exception to the schedule agreed upon by the Parties. Based on the agreement made on the last day of trial, neither the scope nor length of Plaintiffs' post-trial brief should have been a surprise to the Government. (*See* Def.'s Mot. 1.) Furthermore, the Government certainly knew of the need to obtain the necessary approvals within the Department of Justice when it agreed to the briefing schedule in this case. (*See id.* at 1-2.)

**CONCLUSION**

For the foregoing reasons, the Government's Motion for an Enlargement of Time to File Its Post-Trial Brief should be denied, and the Government should be ordered to file its post-trial brief immediately.

Respectfully submitted,

Dated: May 3, 2006

s/ M. Stanford Blanton
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 226-3417
Facsimile: (205) 226-8798

COUNSEL OF RECORD FOR PLAINTIFFS

**<u>Of Counsel</u>:**

Ed R. Haden
K. C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Telephone: (202) 942-5777
Facsimile: (202) 942-5999

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May, 2006, a copy of the foregoing "PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO FILE ITS POST-TRIAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ M. Stanford Blanton