**No. 98-614C**
**(Senior Judge Merow)**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Electronically Filed on December 18, 2006)**

---

**SOUTHERN NUCLEAR OPERATING COMPANY,**
**ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFFS' RESPONSE TO DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO NOVEMBER 1, 2006 ORDER

---

**M. Stanford Blanton**
**BALCH & BINGHAM LLP**
**1710 Sixth Avenue North**
**Birmingham, AL 35203-2015**
**Telephone: (205) 226-3417**
**Facsimile: (205) 226-8798**

***Of Counsel*:**

**Ed R. Haden**
**K. C. Hairston**
**BALCH & BINGHAM LLP**
**1710 Sixth Avenue North**
**Birmingham, AL 35203-2015**
**Telephone: (205) 251-8100**
**Facsimile: (205) 226-8798**

**Ronald A. Schechter**
**Jeffrey L. Handwerker**
**Matthew M. Shultz**
**ARNOLD & PORTER LLP**
**555 Twelfth Street, N.W.**
**Washington, D.C. 20004-1202**
**Telephone: (202) 942-5000**
**Facsimile: (202) 942-5999**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

ARGUMENT .......... 2

I. The Government Waived Any Challenge to the *Northern States I* Order By Not Making That Challenge Prior to the Conclusion of Trial. .......... 2

A. While the D.C. Circuit's Order Barred the Government from Asserting the Unavoidable Delays Argument, the Government has Not Refrained from Challenging the Validity of the *Northern States I* Order in Other Cases. .......... 2

B. The Government's Statements Regarding Unavoidable Delays Did Not Challenge the Validity of the *Northern States I* Order. .......... 3

II. The Supervening-Decision Doctrine Does Not Allow the Government to Challenge the *Northern States I* Order After Trial Because There Was No Precedent Making Such a Jurisdictional Challenge Futile During Trial. .......... 5

CONCLUSION .......... 7

CERTIFICATE OF SERVICE .......... 9

# TABLE OF AUTHORITIES

## CASES

*Administrative Committee v. Alexander*, No. 99 C 6943, 2001 WL 32874 (N.D. Ill. Jan. 12, 2001) .......... 5

*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) .......... 5

*Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 2004), *cert. denied*, 543 U.S. 1146 (2005) .......... 7

*Cinergy Corp. v. United States*, 55 Fed. Cl. 489 (2003) .......... 4

*Diversey Lever, Inc. v. Ecolab, Inc.*, 191 F.3d 1350 (Fed. Cir. 1999) .......... 4

*Forshey v. Principi*, 284 F.3d 1335, *cert. denied*, 537 U.S. 823 (2002) .......... 6

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982) .......... 5

*Knowles v. Iowa*, 525 U.S. 113 (1998) .......... 5

*Maintenance Engineers, Inc. v. United States*, 21 Cl. Ct. 553 (1990) .......... 4

*Moore v. United States*, 345 F.2d 97 (D.C. Cir. 1965) .......... 6

*Nebraska Public Power District v. United States*, No. 01-116 (Fed. Cl.) (Allegra, J.) .......... 3, 6, 7

*Northern States Power Co. v. DOE*, Nos. 97-1064, 98-1069, 98-1070, 97-1065, 97-1370, 97-1398, 1998 WL 276581 (D.C. Cir. May 5, 1998) (*Northern States II*), *cert. denied*, 525 U.S. 1015 & 1016 (1998) .......... 2, 6

*Northern States Power Co. v. United States Department of Energy*, 128 F.3d 754 (D.C. Cir. 1997) (*Northern States I*), *cert. denied*, 525 U.S. 1015 & 1016 (1998) .......... passim

*Rush v. United States*, 33 Ct. Cl. 417 (1898) .......... 3

*Rutledge v. United States*, 72 Fed. Cl. 396 (2006) .......... 4

*St. Pierre v. Dyer*, 208 F.3d 394 (2d Cir. 2000) .......... 5

*Stearn v. Dep't of the Navy*, 280 F.3d 1376 (Fed. Cir. 2002) .......... 5

*United States v. Merlos*, 984 F.2d 1239 (D.C. Cir. 1993) .......... 6

*United States v. Washington*, 12 F.3d 1128 (D.C. Cir. 1994) .......... 5, 6, 7

**OTHER AUTHORITIES**

10 C.F.R. § 961.11 .......... 2

S. Ct. Rule 15.2 .......... 5

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Electronically Filed on December 18, 2006)**

| | | |
|---|---|---|
| **SOUTHERN NUCLEAR OPERATING COMPANY, ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY,** | ) | |
| **Plaintiffs,** | ) | **No. 98-614C** |
| **v.** | ) | **(Senior Judge Merow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MEMORANDUM OF LAW**
**IN RESPONSE TO NOVEMBER 1, 2006 ORDER**

Plaintiffs Alabama Power Company, Georgia Power Company, and Southern Nuclear Operating Company, Inc. (collectively, "Southern") respectfully submit this Response to the Defendant's Memorandum of Law in Response to November 1, 2006 Order. The Government's memorandum does not answer the specific issue posed by this Court's November 1, 2006 Order: "whether, at this stage of the proceeding, the issue of the validity of the D.C. Circuit's writ of mandamus [issued in *Northern States Power Co. v. United States Department of Energy*, 128 F.3d 754 (D.C. Cir. 1997) (*Northern States I*), *cert. denied*, 525 U.S. 1015 & 1016 (1998)] may be raised for consideration by the court, or whether the issue has been waived." (Order, at 1-2, Dkt. 349.) Instead, the Government contends that it did not waive the unavoidable delays argument because it was barred by the *Northern States I* mandamus order from raising that argument. As demonstrated by the Government's actions in other cases, however, the mandamus order did not bar the Government from challenging the validity of the *Northern States I* order.

Because the Government failed to make that argument prior to the conclusion of trial, the Government has waived the issue of the validity of the *Northern States I* order.

## ARGUMENT

### I. THE GOVERNMENT WAIVED ANY CHALLENGE TO THE *NORTHERN STATES I* ORDER BY NOT MAKING THAT CHALLENGE PRIOR TO THE CONCLUSION OF TRIAL.

#### A. While the D.C. Circuit's Order Barred the Government from Asserting the Unavoidable Delays Argument, the Government has Not Refrained from Challenging the Validity of the *Northern States I* Order in Other Cases.

The *Northern States I* mandamus order stated:

> [W]e preclude DOE from concluding that its delay is unavoidable on the ground that it has not yet prepared a permanent repository or that it has no authority to provide storage in the interim. This necessarily means, of course, that DOE not implement any interpretation of the Standard Contract that excuses its failure to perform on the grounds of "acts of Government in either its sovereign or contractual capacity." 10 C.F.R. § 961.11, Art. IX.A. . . . We therefore issue a writ of mandamus **precluding DOE from excusing its own delay on the grounds that it has not yet prepared a permanent repository or interim storage facility**.

*Northern States I*, 128 F.3d at 760-61 (emphasis added).

The Government obviously has never believed that the order precluded it from challenging the jurisdiction of the D.C. Circuit in *Northern States I* to issue the writ of mandamus. The Government repeatedly challenged, albeit unsuccessfully, the jurisdiction of the Court of Appeals immediately after the ruling:

- The Government in 1997 challenged in its petition for rehearing that the D.C. Circuit lacked jurisdiction to issue that order. *See Northern States Power Co. v. DOE*, Nos. 97-1064, 98-1069, 98-1070, 97-1065, 97-1370, 97-1398, 1998 WL 276581, at *1-*2 (D.C. Cir. May 5, 1998) (*Northern States II*), *cert. denied*, 525 U.S. 1015 & 1016 (1998).

- The Government in 1998 argued to the Supreme Court on petition for the writ of certiorari that the D.C. Circuit lacked jurisdiction in *Northern States I*. *See* Gov. Reply Br. on petition for writ of certiorari, No. 98-384, at pp. 5-10, available at http://www.usdoj.gov/osg/briefs/1998/2pet/7pet/98-0384.pet.rep.pdf.

Notwithstanding the rejection of the jurisdictional challenge by the court of appeals and the Supreme Court, the Government on March 14, 2005, again challenged the validity of the *Northern States I* order in *Nebraska Public Power District v. United States*, No. 01-116C (Fed. Cl.) (*NPPD*) (Allegra, J.). (No. 01-116C, Def.'s Response to Pls.' Mot. for Recons., at 5-7, Dkt. 168.) On May 4, 2005, Judge Allegra in *NPPD* directed the Government to brief the validity of the *Northern States I* order. (No. 01-116C, Order, Dkt. 173.) Nevertheless, the Government never raised the issue in this case before the beginning of trial on October 17, 2005, or before the close of trial and the record on January 31, 2006, despite having had ample opportunity to do so. Thus, the Government's failure to raise its challenge to the *Northern States I* order in this case was a "voluntary relinquishment of a known right." *Rush v. United States*, 33 Ct. Cl. 417 (1898).

**B. The Government's Statements Regarding Unavoidable Delays Did Not Challenge the Validity of the *Northern States I* Order.**

The Government's reliance on its oblique references to the unavoidable delays issue in its pre-trial brief and during trial is misplaced. (Gov.'s Mem. of Contentions of Fact and Law, at 14 n.7); (Gov.'s Waiver Mem. at 14.) First, the vague references to the issue in the Government's pre-trial brief did not raise the issue of the validity of the writ of mandamus. Moreover, the Court admitted the testimony from Mr. Christopher Kouts dealing with the history of congressional funding of the spent nuclear fuel program "just to complete the historical part of the matter," and acknowledged that it "may not be directly related to the Southern case . . . ." (Trial Tr. at 1795-96.) Therefore, this evidence was not admitted for purpose of proving that the

Government's delay was unavoidable and thus the Government was not liable for breach of contract.[1]

The failure of the Government to challenge the validity of the *Northern States I* order in this case -- not the merits of the unavoidable delay argument -- is the key to the waiver of that issue. Because the Government failed to challenge the validity of the order in this case, it is binding in this case, and any unavoidable delays evidence is irrelevant for the purpose of relieving the Government of liability for breach of contract. By not challenging the validity of the *Northern States I* order in its Joint Preliminary Status Report, at summary judgment, or in its pre-trial Memorandum of Contentions of Fact and Law, the Government waived the argument under the Rules of the Court of Federal Claims and settled precedent of this Court. *See Maintenance Engineers, Inc. v. United States*, 21 Cl. Ct. 553, 565 n.10 (1990) (holding that a party's failure to place the opposing party and the court on notice of an issue in its pre-trial statement of the issues or its in pre-trial brief waived the issue); *see also Cinergy Corp. v. United States*, 55 Fed. Cl. 489, 499 n.12 (2003) ("In this court's view, by failing to raise this issue earlier so as to allow for its proper development at trial, plaintiff has waived . . . .").[2]

---

[1] The Government did not raise the unavoidable delays affirmative defense in its answers, in opposition to Southern's motion for summary judgment, in its pre-trial briefs, or prior to the end of trial. Further, the Government did not move to amend its pleadings to conform to the evidence and could not have done so because the congressional funding evidence was not admitted for purposes of proving that unavoidable delays relieved the Government of liability for breach of contract damages. (Trial Tr. at 1795-96.) The underlying affirmative defense is waived. *See Diversey Lever, Inc. v. Ecolab, Inc.*, 191 F.3d 1350, 1353 (Fed. Cir. 1999) ("an affirmative defense must be raised in response to a summary judgment motion, or it is waived").

[2] While challenges to the subject matter jurisdiction of this Court can be raised at any time, *see Rutledge v. United States*, 72 Fed. Cl. 396, 399 (2006) ("subject matter jurisdiction may be challenged at any time by the parties"), the Government's collateral attack on the *Northern States I* order is a challenge to the jurisdiction of the D.C. Circuit over that court's order, not the jurisdiction of this Court. Thus, the general rules of waiver apply. For example, to establish res judicata arising from a prior judgment in another court, a party must establish that the other court was a court of competent subject matter jurisdiction. *See St. Pierre v. Dyer*, 208 F.3d 394, 400

## II. THE SUPERVENING-DECISION DOCTRINE DOES NOT ALLOW THE GOVERNMENT TO CHALLENGE THE *NORTHERN STATES I* ORDER AFTER TRIAL BECAUSE THERE WAS NO PRECEDENT MAKING SUCH A JURISDICTIONAL CHALLENGE FUTILE DURING TRIAL.

The Government also contends that even if it did not raise the *Northern States I* argument prior to the conclusion of trial, it can nonetheless raise it now under supervening-decision cases such as *United States v. Washington*, 12 F.3d 1128, 1139 (D.C. Cir.), *cert. denied*, 513 U.S. 828 (1994). (Gov.'s Waiver Mem. at 11.) As the court of appeals explained in *Washington*, however, the supervening-decision doctrine applies only where there was settled precedent against an argument such that raising it at trial would have been futile:

> Under the **supervening-decision doctrine**, we may consider issues not raised at trial where a supervening decision has changed the law in appellant's favor and **the law was so well-settled at the time of trial that any attempt to challenge it would have appeared pointless**. . . . The supervening-decision doctrine reflects the principle that it would be unfair, and even contrary to the efficient administration of justice, to expect a defendant to object at trial where existing

---

(2d Cir. 2000) ("[D]ismissal for lack of subject matter jurisdiction is not an adjudication on the merits, and hence has no res judicata effect."). Res judicata arguments, which are inherently based, in part, for or against the subject matter jurisdiction of another court, have regularly been held to be subject to the general rules of waiver. *See, e.g.*, *Knowles v. Iowa*, 525 U.S. 113, 116 (1998) (rejecting State's argument that "principles of res judicata, bar[] [Knowles's] present challenge," and stating: "Even if Knowles' failure to seek certiorari review of this decision could preclude his present challenge, Iowa waived this argument by failing to raise it in its brief in opposition to the petition for certiorari. *See* this Court's Rule 15.2"); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations-both subject matter and personal."); *Stearn v. Dep't of the Navy*, 280 F.3d 1376, 1381 (Fed. Cir. 2002) ("[T]he Navy failed to affirmatively plead, and thus waived, the res judicata defense . . . ." ); *Administrative Committee v. Alexander*, No. 99 C 6943, 2001 WL 32874, *5 (N.D. Ill. Jan. 12, 2001) (holding that "not only have defendants waived their res judicata argument by not raising it in their answer to the complaint, they waived their collateral estoppel argument by not raising it in their opening brief"). Similarly, other types of attacks on jurisdiction have been waived. *See, e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 309 n.7 (1995) (holding that judgment creditors waived any claim that bankruptcy court lacked jurisdiction over "noncore" proceeding by arguing that injunction was not "related to" bankruptcy case and conceding that bankruptcy court had subject matter jurisdiction).

> law appears so clear as to foreclose any possibility of success. Unless the appellate court reaches out on its own to consider the effect of a supervening decision in such a situation, the defendant, through no fault of her own, would not receive the benefit of the change in law.

12 F.3d at 1139 (emphases added).

The court of appeals further explained that it is not futile to raise an argument where there is no appellate decision rejecting that specific argument and the party is on notice that such argument was available:

> In this case, however, the supervening-decision doctrine does not apply to provide relief to the defendants. **At the time of trial**, the constitutionality of the "strong belief" jury instruction was **not so well-established that any objection would have seemed futile**. **No court of appeals had** upheld a jury instruction which equated "strong belief" with "beyond a reasonable doubt." In addition, the **defendants had been put on notice** that a plausible objection to a reasonable doubt instruction might have an especial advantage because of our previous insistence that "an instruction central to the determination of guilt or innocence may be fatally tainted by even a minor variation which tends to create ambiguity." . . . Indeed, **one of the two defendants in [*United States v. Merlos*, 984 F.2d 1239, 1240 (D.C. Cir. 1993)] *Merlos I* objected to an instruction identical to the one given in this case** on the grounds that the instruction was "somewhat prejudicial." . . . Moreover, the rationale relied on by this court to invalidate the "strong belief" jury instruction in *Merlos I* was equally accessible to the defendants in this case. *Merlos I* cited dictionary and common-sense definitions to distinguish "strong belief" from the phrase "abiding conviction" characterized as "exemplary" in *Moore v. United States*, 345 F.2d 97, 98 (D.C. Cir. 1965). . . . **In the totality of circumstances, Early's and Washington's failure to object to the "strong belief" instruction cannot be excused on grounds of apparent futility, and we do not find it appropriate to invoke the supervening-decision doctrine to invalidate their convictions**.

*Washington*, 12 F.3d at 1139. *See Forshey v. Principi*, 284 F.3d 1335, 1356 (Fed. Cir.) (embracing the supervening-decision doctrine in a civil case and citing *Washington*, 12 F.3d at 1139), *cert. denied*, 537 U.S. 823 (2002).

The Government's assertion of the invalidity of the mandamus order in the *NPPD* case while this case was still in pre-trial proceedings refutes any notion that the Government believed that either the D.C. Circuit's decision in *Northern States II* or the denial of certiorari by the

Supreme Court in that case rendered the argument futile. (No. 01-116C, Def.'s Response to Pls.' Mot. for Recons. at 5-7, Dkt. 168.) Further, the Government's reliance (*Id.* at 5), on the Federal Circuit's 2004 decision in *Christopher Village, L.P. v. United States*, 360 F.3d 1319, 1329-30, 1333 (Fed. Cir. 2004), *cert. denied*, 543 U.S. 1146 (2005), for the proposition that the order of another court of appeals could, under appropriate circumstances, be challenged on jurisdictional grounds further establishes that all of the bases for the Government's argument in *NPPD* existed in time for the argument to have been raised here, had the Government chosen to do so. Thus, the Government was "on notice" prior to the October 17, 2005 trial in this case that the D.C. Circuit's *Northern States I* order could be challenged on jurisdictional grounds because it had done so in *NPPD*. "In the totality of circumstances, [the Government's] failure to object to the [validity of the *Northern States I* order] cannot be excused on grounds of apparent futility, and [this Court should] not find it appropriate to invoke the supervening-decision doctrine to invalidate the [D.C. Circuit's mandamus order]." *Washington*, 12 F. 3d at 1139.

## **CONCLUSION**

By not raising a challenge to the validity of the *Northern States I* order prior to the conclusion of trial in this case, as it did in the *NPPD* case, the Government waived that challenge. Were this Court to hold that the *Northern States I* order was invalid and place the unavoidable delays defense at issue at this stage of the proceeding, Southern would be prejudiced by being forced to incur substantial costs in litigating the unavoidable delays issue and by having its remedy delayed even further.

Respectfully submitted,

Dated: December 18, 2006

s/ M. Stanford Blanton

M. Stanford Blanton
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203-2015
Telephone: (205) 226-3417
Facsimile: (205) 226-8798

*COUNSEL OF RECORD FOR PLAINTIFFS*

***Of Counsel*:**

Ed R. Haden
K. C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203-2015
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
Matthew M. Shultz
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2006, a copy of the foregoing "PLAINTIFFS' RESPONSE TO DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO NOVEMBER 1, 2006 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ M. Stanford Blanton