IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN NUCLEAR OPERATING, COMPANY, ALABAMA POWER COMPANY, and GEORGIA POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 98-614C (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S NOVEMBER 1, 2006 ORDER

Defendant, the United States, respectfully responds to "Plaintiffs' Supplemental Brief Addressing Whether The Government Waived The Issue of The Validity Of the D.C. Circuit's Writ of Mandamus In *Northern States I*" ("Plaintiffs' Supplemental Brief"), which plaintiffs Southern Nuclear Operating Company, Alabama Power Company, and Georgia Power Company (collectively, "Southern") filed on December 6, 2006. For the reasons set forth in greater detail below, as well as those contained in our December 5, 2006 "Memorandum Of Law In Response To November 1, 2006 Order" ("Defendant's Memorandum of Law"), Southern cannot meet its burden to establish the necessary requirements of waiver, and, contrary to the assertions in Plaintiffs' Supplemental Brief, the Government otherwise has not foregone the right to invoke the "Unavoidable Delays" clause in the Standard Contract by virtue of any procedural default.

## DISCUSSION

### I. BECAUSE PLAINTIFFS MAKE NO ATTEMPT TO DEMONSTRATE WHETHER THE NECESSARY ELEMENTS OF WAIVER ARE MET HERE, PLAINTIFFS HAVE FAILED TO OVERCOME THEIR BURDEN TO SHOW THAT THE GOVERNMENT WAIVED THE RIGHT TO INVOKE THE "UNAVOIDABLE DELAYS" CLAUSE AS A DEFENSE

In its brief, Southern asserts that "general rules of waiver" preclude the Government from asserting the "Unavoidable Delays" clause and the validity of the Northern States mandamus order. Plaintiffs Supplemental Brief, at 9 n.5. Tellingly, however, Southern fails to address the relevant legal elements for waiver and otherwise omits any discussion of the applicable standards and burden of proof for such a claim.

The burden of proving here that the Government somehow waived its right to invoke the "Unavoidable Delays" or the validity of the Northern States writ of mandamus falls upon plaintiffs, and "doubtful situations will not support waiver." Buder v. Fiske, 174 F.2d 260, 268 (8th Cir. 1949); see also In re Shady Grove Tech Ctr. Assoc. Ltd. P'Ship, 227 B.R. 422, 425 (Bankr. D. Md. 1998) (in Federal courts, "[w]aivers of rights are inherently suspect"). It is "a well established rule of law that '[w]aivers of rights must be voluntary, knowing and intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" Reliance Ins. Co. v. United States, 20 Cl. Ct. 715, 723 (1990), aff'd, 931 F.2d 863 (Fed. Cir. 1991). Therefore, in this Court, waivers require (1) a voluntary intention to relinquish a right, privilege, advantage or benefit; (2) the existence at the time of the waiver of such right, privilege, advantage, or benefit at issue; and (3) actual or constructive knowledge thereof. See Youngdale & Sons Contr. Co. v. United States, 22 Cl. Ct. 345, 346 (1991) (citing Matter of Garfinkle, 672 F.2d 1340, 1347 (11th Cir. 1982)). Further, if proof of waiver rests upon a party's acts, "the

conduct must be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of [one's] conduct is possible." Bechtel v. Liberty National Bank, 534 F.2d 1335, 1340 (9th Cir. 1976).

Here, as we established in our initial Memorandum of Law, none of these three requirements for waiver is satisfied – nor could they be, as a matter or law. See Defendant's Memorandum of Law, at 7-12. In fact, it is undisputed that the first element of the waiver analysis – the voluntary and intentional relinquishment of the subject right – cannot be satisfied in this instance, because the Government was compelled by the Northern States mandamus order from raising the "Unavoidable Delays" defense in this case. See Trial Transcript, October 28, 2005 ("Transcript") at 1795:9-15. Indeed, it is clear that a court's injunction, such as the Northern States writ of mandamus, "must be obeyed . . . however erroneous the action of the court may be." Walker v. City of Birmingham, 388 U.S. 307, 314 (1967) (citing Howat v. State of Kansas, 258 U.S. 181, 189 (1922)). Thus, although we believe that the D.C. Circuit lacked jurisdiction to issue its writ of mandamus, the Government, to the extent that it affirmatively asserted the defense of unavoidable delays, risked punishment by the D.C. Circuit for violating the Northern States writ of mandamus. Accordingly, because the Government's choice of action in this instance was in no sense voluntary, it may not operate as awaiver of the Government's right to challenge the validity of the Northern States mandamus order, and Southern thus fails to meet its burden to demonstrate the Government's waiver.[1] See Buder, 174 F.2d at 268.

---

[1] For the reasons set forth in our initial brief, Southern also is unable to establish the second ("the existence at the time of the waiver of such right, privilege, advantage, or benefit at issue") and the third ("actual or constructive knowledge thereof") elements for waiver. See Defendant's Memorandum of Law, at 7-11; Youngdale, 22 Cl. Ct. at 346.

## II. CONTRARY TO PLAINTIFFS' ASSERTIONS, THE GOVERNMENT DID NOT WAIVE ITS RIGHT TO INVOKE THE "UNAVOIDABLE DELAYS" CLAUSE BY VIRTUE OF A PROCEDURAL DEFAULT PURSUANT TO RULE 8 OF THE RULES OF THE COURT OF FEDERAL CLAIMS OR OTHERWISE BY FAILING TO RAISE THE DEFENSE IN THE GOVERNMENT'S PRETRIAL FILINGS OR DURING TRIAL

### A. RFCF 8 Does Not Preclude The Government From Asserting The "Unavoidable Delays" Clause Of The Standard Contract Or Challenging The Validity Of The *Northern States* Mandamus Writ

Notwithstanding Southern's failure to address the proper legal elements for waiver, plaintiffs nevertheless attempt to argue that the Government otherwise relinquished the right to invoke the "Unavoidable Delays" clause of the Standard Contract or to challenge the validity of the Northern States writ of mandamus by virtue of a procedural default. Specifically, plaintiffs assert that the Government has abandoned the right to invoke the "Unavoidable Delays" clause and the validity of the Northern States mandamus writ pursuant to RCFC 8 by not raising such an "affirmative defense" in its pretrial filings or at any time "prior to the end of trial." Plaintiffs Supplemental Brief, at 11. Similarly, plaintiffs assert that the Government abandoned the right to assert the invalidity of the Northern States mandamus order by not including such arguments in the Government's pre-trial briefing or during the course of trial. Plaintiffs Supplemental Brief at 12-15. For the reasons that follow, however, Southern's arguments are unfounded as a matter of fact and law, and neither RCFC 8 nor the Government's conduct in this litigation precludes the Government from invoking the "Unavoidable Delays" Clause or from challenging the validity of the Northern States mandamus order.

Plaintiffs do not provide any support for the proposition that the "Unavoidable Delays" clause of the Standard Contract and the validity of the Northern States mandamus writ are

"affirmative defenses" that could, in fact, be foreclosed pursuant to RCFC 8. Contrary to plaintiffs' assertions, where, as here, "a defense is bound up in the respective rights of the parties in light of the contract as a whole, a party lodging a general denial of contractual liability need not identify a specific contractual provision in its answer or responsive pleading to avoid waiver," and, thus, RCFC 8 cannot prevent a defendant in a contract claim thus cannot be "from invoking a part of the contract to defend against [plaintiffs'] claims." PYCA Industries, Inc. v. Harrison County Waste Water Mgmt. Dist., 177 F.3d 351, 363 (5th Cir. 1999). Accordingly, as courts widely recognize, a specific article in a contract, such as one that excuses or limits performance because of "acts of Government" or "other causes or contingencies clearly beyond the control of the contracting parties, is not an "affirmative defense" that must be specifically asserted in a defendant's answer pursuant to RCFC 8. PYCA Industries, 177 F.3d at 361 (a "no damage for delay clause" excusing performance for, among other things, "acts of Government" is not waived if not raised specifically as an "affirmative defense"); United States ex rel. H & S Indus., Inc. v. F. D. Rich Co., Inc., 525 F.2d 760, 767 (7th Cir. 1975) (availability of a particular contract clause as a defense for breach is not waived for failure to affirmatively plead the defense, as such a matter is to be resolved by interpreting the provisions of the contract as a whole); cf. Bull v. United States, 68 Fed. Cl. 212, 272, n.66 (2005) (an affirmative defense is viewed as encompassing "two types of pleadings: ones that admit the allegations of the complaint but suggest some other reason why there is no right to recovery, and ones that concern allegations outside of the plaintiff's prima facie case that defendant cannot raise by a simple denial in the answer.") (citation omitted). Hence, a party's assertion of a contractual right is not

an affirmative defense for purposes of RCFC 8.[2] See, e.g., Elliott & Frantz, Inc. v. Ingersoll-Rand Co., 457, F.3d 312, 321 (3d Cir. 2006) (a party's assertion of a contractual right "is not an affirmative defense").

Here, the Government's right to invoke the "Unavoidable Delays" defense is a contractually secured right for which the parties in this case bargained in the Standard Contract.[3] In that regard, the clause is not "a separate agreement reached by the parties after breach," but, rather, it is an integral contract provision that must be "read as a whole" along with the other articles of the Standard Contract. H & S Industries, 525 F.2d at 767. Hence, the "Unavoidable Delays" clause of the Standard Contract is not an "affirmative defense" that can be waived procedurally pursuant to RCFC 8. Elliott & Frantz, Inc., 457, F.3d at 321. Accordingly, the

---

[2] Plaintiffs mistakenly assert that, pursuant to the Court's holding in Stockton East Water Dist. v. United States, 70 Fed. Cl. 515, 528 (2006), the "Unavoidable Delays" clause of the Standard Contract should be regarded as a waivable "affirmative defense." Plaintiffs' reliance upon Stockton here is misguided. In Stockton, the Court treated as an "affirmative defense" the Government's argument that performance was excused pursuant to the doctrine of impossibility of performance arising from the Government's own "sovereign acts." The Government's argument was not based upon the invocation of a particular contractual provision, and the contract at issue in Stockton did not contain the specific "Unavoidable Delays" clause that is contained in the Standard Contract; here, the "Unavoidable Delays" provision is a substantive provision of the Standard Contract for which the parties bargained, and thus it cannot be waived pursuant to RCFC 8. See, e.g., PYCA Industries, Inc. v. Harrison County Waste Water Mgmt. Dist., 177 F.3d 351, 363 (5th Cir. 1999).

[3] In a footnote, plaintiffs erroneously assert that the "Unavoidable Delays" clause is not enforceable on the grounds that a clause that may "excuse the Government's own performance would make the [Standard Contract] illusory and violative of the Nuclear Waste Policy Act. Plaintiffs Supplemental Brief, at 10 n.8. Plaintiffs, however, cite no authority for this position. Although this issue is well beyond the scope of the Court's November 1, 2006 order, we note in response to plaintiffs' assertion that similar clauses have been found enforceable in Government contracts at the Federal level. See, e.g., Wood v. United States, 258 U.S. 120 (1922) (holding that no-damages-for-delay clause barred contractors from recovering damages for delays caused by Government).

Government cannot be deemed to have foregone the right to invoke the "Unavoidable Delays" clause simply because the Government does not expressly cite that clause of the Standard Contract in its answer to plaintiffs' complaint.

B. Because The Government Repeatedly Identified The "Unavoidable Delays" Defense During the Pre-Trial And Trial Phases Of This Litigation, The Government Did Not Otherwise Procedurally Waive The Right To Assert These Defenses

Plaintiffs also erroneously assert that the Government is precluded from invoking the Unavoidable Delays clause of the Standard Contract in light of the Government's failure to assert the defense in its pretrial filings or "at trial," while the "underlying affirmative defense was still viable." Plaintiffs' Supplemental Brief, at 11. In particular, plaintiffs rely upon Maintenance Engineers, Inc. v. United States, 21 Cl. Ct. 553, 565 n.10 (1990), in which the Court found that a party had foregone the opportunity to raise a particular legal argument where no relevant factual issues were identified in the party's pretrial briefing and "no evidence was introduced" at trial that was "relevant" to the argument.

Maintenance Engineers does not support a waiver here. As we discussed in our initial Memorandum of Law, during the course of this litigation, the Government expressly indicated its intention to preserve the right to argue the "Unavoidable Delays" defense in the event that the Northern States mandamus order were lifted. For example, in our pre-trial brief, filed on September 28, 2005, we stated that Mr. Kouts and perhaps other witnesses would testify at trial regarding "the reasons for DOE's delay in beginning SNF acceptance and its excusability." Defendant's Memorandum Of Contentions Of Fact And Law, at 14 n.7. During trial, the Government introduced evidence relevant to an "Unavoidable Delays" defense and otherwise

consistently asserted that the Government would seek to invoke Article IX.A. of the Standard Contract as a defense if the Northern States writ of mandamus were lifted. At trial, we called Mr. Kouts to testify as our first witness. Transcript at 1743:1 – 1861:5. Among other relevant topics, Mr. Kouts testified at trial for over a half-day concerning DOE's appropriations history for the SNF program from its inception in 1983 through 2005. Id. at 1793:1. In this regard, Mr. Kouts testified that DOE historically did not receive the appropriations from Congress that the agency requested – a matter outside of DOE's control – and that such funding shortfalls affected DOE's ability to perform in a timely manner pursuant to the Standard Contract. Id. at 1794:1 – 1797:18.

In fact, as mentioned previously, Mr. Kouts's testimony caused Southern to object upon the grounds that the "D.C. Circuit has ordered the Justice Department not to raise excusable delay as a defense." Id. at 1795: 9-15. Plaintiffs' objection, as articulated by Southern's counsel at trial, reveals the fallacy of the notion that the Government meant to waive its rights to raise an unavoidable delays defense. Again, Southern noted in court, this evidence would be directly relevant to any unavoidable delay defense. Id. In response to Southern's evidentiary objection, which the Court denied, the Government's trial counsel expressly stated that, notwithstanding the Northern States mandamus order, the Government sought to "preserve the record," as the Government's ability to raise the unavoidable delays defense "is still a matter to be decided." Id. at 1795:16-22. Because the Government asserted this defense during the pre-trial, trial, and post-trial phases of this litigation, the Government's conduct does not demonstrate a voluntary waiver of the right to invoke the Unavoidable Delays clause of the Standard Contract. See Defendant's Memorandum of Law at 12-16.

In light of the parties' course of conduct in this proceeding, Southern's claims that it will be prejudiced if the record is "re-opened" in order for the Court to consider the availability of the "Unavoidable Delays" and the validity of the Northern States mandamus writ as a defense in this case ring hollow. See Plaintiffs' Supplemental Brief at 12-16. Although the Government's pretrial brief put Southern on notice of the Government's intention to introduce at trial evidence relating to the "Unavoidable Delays" clause defense, Southern did not object to any of the positions taken in our pre-trial brief. Southern waited until trial to object to the introduction of such evidence, and, when the Court overruled Southern's objection, Southern had the opportunity to introduce its own evidence to rebut the testimony of Mr. Kouts. Given that the Government repeatedly raised the issue and allowed Southern with sufficient time to introduce rebuttal evidence at trial, Southern cannot now claim that it would be prejudiced if the Court were to consider the "Unavoidable Delays" defense and the validity of the Northern States mandamus order at this stage of the proceedings. See, e.g., Allianz AG v. Profrieght Brokers, Inc., 99 Fed. Appx. 10, 11 (5th Cir. 2004) (defendant's failure to plead contractual limitation in its answer did not result in a waiver of defense even if plaintiff incurred more legal fees than it would have incurred if defense had been raised earlier, where issue was identified in pretrial briefs and again at trial).

## CONCLUSION

For the above reasons, we respectfully request that the Court find that the Government has not somehow waived its rights to invoke the "Unavoidable Delays" clause as a defense.[4]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/John C. Ekman by s/ Patrick B. Bryan
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 307-6288
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

STEPHEN FINN
JOSHUA E. GARDNER
MARIAN E. SULLIVAN
Trial Attorneys
Department of Justice
Commercial Litigation Branch
Civil Division
Washington, D.C. 20530

December 18, 2006



[4] We note that, on November 13, 2006, the plaintiff in Nebraska Public Power District v. United States, No. 01-116C, filed a motion to certify for interlocutory appeal the Court's October 31, 2006 decision invalidating the Northern States writ of mandamus. Depending upon the outcome of that proceeding, the Government may be permitted to invoke the "Unavoidable Delays" clause of the Standard Contract before this Court.