IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SOUTHERN NUCLEAR OPERATING COMPANY, ALABAMA POWER COMPANY, AND GEORGIA POWER COMPANY, | |
| Plaintiffs, | |
| v. | No. 98-614C (Senior Judge Merow) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

DEFENDANT'S MOTION TO CORRECT

Defendant, the United States, respectfully moves to correct a portion of its motion for reconsideration of certain portions of this Court's final order dated July 9, 2007, and final judgment dated July 10, 2007.

In our motion for reconsideration, we correctly quoted a portion of the Court's opinion in which it held that, under the acceptance rates contained in the 1991 ACR, plaintiffs would not have needed dry storage and would have tolerated impinging upon its full core reserve requirements:

> Even at the rates under the December 1991 ACR, absent DOE's announced failure to commence performance during the time frame relevant here, storage shortfalls would likely have been accommodated. The court credits testimony and evidence that these plants would not have built dry storage, but plaintiff would have installed a second bathtub rack (at Plant Hatch) and/or would have lived with, or tolerated less than FCR for a time pending pickups from DOE.

Slip Op. at 56.

However, we unintentionally misquoted another section of the Court's opinion, where the Court held that, "[r]ather than build expensive dry storage, any loss of FCR would have been

tolerated because DOE's continuing performance in the nonbreach world would have restored FCR in a relatively short time." Slip Op. at 41. In our motion, we inadvertently inserted the phrase "under the 1991 ACR rate" at the end of that quotation. However, that portion of the Court's opinion does not relate to the acceptance rates contained in the 1991 ACR, and we regret the inadvertent misquotation.

This misquotation does not substantively affect the Government's motion for reconsideration, as the correctly cited portion of the Court's opinion reflects its conclusion that, even under the acceptance rates contained in the 1991 ACR, plaintiffs would have been tolerated impinging upon their full core reserve until DOE accepted their spent nuclear fuel. For the reasons stated in our motion for reconsideration, that finding is unsupported by the record in this case. Nevertheless, we respectfully request leave to correct our inadvertent misquotation of the Court's language on page 41 of its opinion.

For the foregoing reasons, we respectfully request that the Court correct that portion of our motion for reconsideration in which we inadvertently misquoted language on page 41 of the Court's July 9, 2007 opinion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0365
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

STEPHEN FINN
JOSHUA E. GARDNER
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

August 17, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO CORRECT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joshua E. Gardner